ORIGINAL

FILED
DEC 22 2006
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**E.I. DUPONT DE NEMOURS AND COMPANY, INC., AND AFFILIATED CORPORATIONS,** :

**Plaintiffs,** :

**v.** : **File No.** 06-879 T

:

**UNITED STATES OF AMERICA,** :

**Defendant.** :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**COMPLAINT**

1. This is an action arising under the internal revenue laws of the United States for the recovery of federal income taxes and related interest erroneously assessed against and collected from Plaintiffs by Defendant. The taxable periods involved are Plaintiffs' taxable years ended December 31, 1990; December 31, 1991; and December 31, 1992.

2. Jurisdiction is conferred on this Court by Title 28, United States Code, Section 1491, and Title 26, United States Code, Section 7422, and all conditions precedent to the jurisdiction of the Court have been satisfied.

3. Plaintiff E.I. DuPont de Nemours and Company, Inc. ("DuPont"), is a corporation organized under the laws of Delaware.

4. DuPont was the common parent of an affiliated group of corporations (the "DuPont Group") that filed consolidated federal income tax returns for the years in issue. The Affiliations Schedule, Form 851, filed with the DuPont Group's federal income tax return for each of the years in issue sets forth the names, addresses, and taxpayer identification numbers of the corporations that were members of the DuPont Group during any part of such year. A copy of the Affiliations Schedule for the 1990 year is attached hereto as Exhibit A and incorporated herein by reference. A copy of the Affiliations Schedule for the 1991 year is attached hereto as Exhibit B and incorporated herein by reference. A copy of the Affiliations Schedule for the 1992 year is attached hereto as Exhibit C and incorporated herein by reference.

5. Defendant is the United States of America.

COUNT ONE
(1990)

6. Pursuant to RCFC 9(h)(6), Plaintiffs state as follows:

(a) Plaintiffs seek a refund of $1,713,135 of the federal income taxes paid by the DuPont Group with respect to its 1990 taxable year. Such payments were made to the Internal Revenue Service Center, Philadelphia, Pennsylvania, in the following amounts and on or about the following dates:

| DATE PAID OR REFUNDED | AMOUNT PAID (REFUNDED) |
|---|---|
| April 16, 1990 | $133,600,000.00 |
| June 15, 1990 | 215,000,000.00 |
| September 17, 1990 | 80,000,000.00 |
| October 21, 1990 | 47,424,032.15 |
| March 15, 1991 | 86,000,000.00 |
| April 28, 1991 | (8,300,000.00) |

| | |
|---|---|
| October 27, 1991 | 303,523.00 |
| October 27, 1991 | (24,984,124.15) |
| November 1, 1994 | 19,730,958.00 |
| June 15, 1995 | 19,021,818.00 |
| October 25, 1998 | 12,295.00 |
| November 1, 1998 | 664,007.00 |
| November 1, 1998 | 4,130,208.09 |
| February 14, 1999 | 1,018,586.00 |
| May 19, 2002 | 6,120,064.00 |
| March 9, 2003 | (888,834.02) |
| November 21, 2006 | (4,056,039.00) |

Additional debits and credits may appear on DuPont's account with respect to the 1990 taxable year after the filing of this Complaint.

(b) The DuPont Group's federal income tax return for the 1990 year was timely filed with the Internal Revenue Service, Wilmington, DE 19801, on September 13, 1991.

(c) The name, address, and identification number of the taxpayer appearing on the DuPont Group's federal income tax return for the 1990 year were as follows:

E.I. DuPont de Nemours and Company, Inc.
1007 Market Street
Wilmington, DE 19898
51-0014090

7. DuPont executed a series of Forms 872 (Consent to Extend the Time to Assess Tax), the latest of which extended to April 30, 2003, the period within which the Internal Revenue Service (the "IRS") could assess an income tax deficiency against the DuPont Group for the 1990 year. Such consent also extended for an additional six months thereafter the period within which the DuPont Group could timely file a claim for refund of taxes paid with respect to the 1990 year.

8. The IRS made audit adjustments to the income, deductions, and other items affecting the DuPont Group's tax liability for the 1990 year. On February 4, 2003, the IRS accepted the DuPont Group's executed Form 870-AD (Offer to Waive Restrictions on Assessment and Collection of Tax Deficiency and to Accept Overassessment), a copy of which is attached hereto as Exhibit D and incorporated herein by reference. In the Form 870-AD, the DuPont Group expressly reserved several items, including "the right to file claims for refund or credit (amended returns) or prosecute, settle with the Commissioner or litigate in any forum any matters with respect to claims for refund or credit (amended returns) for the taxable years that are the subject of this Form 870-AD . . . based on the following grounds: . . . that it is entitled to [a] deduction[] of $8,524,756 in 1990 . . . for a lawsuit settlement related to its Ponca City Refinery" (the "1990 Lawsuit Settlement").

9. The DuPont Group filed a timely claim for refund of $5,037,143 for the 1990 year with the Internal Revenue Service, Wilmington, DE 19801, on October 27, 2003 (the "1990 Refund Claim"). A copy of the 1990 Refund Claim is attached hereto as Exhibit E and incorporated herein by reference. The relevant portion of the memorandum accompanying the 1990 Refund Claim is attached hereto as Exhibit F and incorporated herein by reference.

10. A portion of the 1990 Refund Claim not at issue in this case, which was reserved in the Form 870-AD referred to in paragraph 8 above, was allowed by the IRS and reflected in a subsequently executed Form 870-AD for 1990, accepted by the IRS on September 25, 2006, a copy of which is attached hereto as Exhibit G.

11. $1,713,135 of federal income taxes associated with the 1990 Lawsuit Settlement and reflected in the 1990 Refund Claim has not been allowed by the IRS, and more than six months have elapsed since the filing of the claim.

COUNT TWO
(1991)

12. Plaintiffs repeat the allegations of paragraphs 1 through 5 above.

13. Pursuant to RCFC 9(h)(6), Plaintiffs state as follows:

(a) Plaintiffs seek a refund of $2,708,658 of the federal income taxes paid by the DuPont Group with respect to its 1991 taxable year. Such payments were made to the Internal Revenue Service Center, Philadelphia, Pennsylvania, in the following amounts and on or about the following dates:

| DATE PAID OR REFUNDED | AMOUNT PAID (REFUNDED) |
|---|---|
| April 15, 1991 | $141,000,000.00 |
| June 17, 1991 | 30,000,000.00 |
| September 16, 1991 | 67,000,000.00 |
| October 27, 1991 | 24,981,695.18 |
| November 17, 1991 | 2,428.97 |
| December 16, 1991 | 99,000,000.00 |
| January 19, 1992 | 6,540.85 |
| March 16, 1992 | 98,000,000.00 |
| October 25, 1992 | 408,877.00 |
| October 25, 1992 | (34,198,847.00) |
| November 1, 1994 | 8,551,133.00 |
| June 15, 1995 | 24,117,014.00 |
| July 19, 1998 | 3,205.00 |
| July 19, 1998 | 1,795.72 |
| August 30, 1998 | (5,000.72) |
| October 25, 1998 | 598,282.00 |
| November 1, 1998 | 2,154,791.91 |
| November 8, 1998 | 3,937,054.64 |

| | |
|---|---|
| May 19, 2000 | 6,993,198.00 |
| March 9, 2003 | (422,120.54) |
| November 21, 2006 | (4,053,558.00) |

Additional debits and credits may appear on DuPont's account with respect to the 1991 taxable year after the filing of this Complaint.

(b) The DuPont Group's federal income tax return for the 1991 year was timely filed with the Internal Revenue Service, Wilmington, DE 19801, on September 11, 1992.

(c) The name, address, and identification number of the taxpayer appearing on the DuPont Group's federal income tax return for the 1991 year were as follows:

E.I. DuPont de Nemours and Company, Inc.
1007 Market Street
Wilmington, DE 19898
51-0014090

14. DuPont executed a series of Forms 872 (Consent to Extend the Time to Assess Tax), the latest of which extended to April 30, 2003, the period within which the IRS could assess an income tax deficiency against the DuPont Group for the 1991 year. Such consent also extended for an additional six months thereafter the period within which the DuPont Group could timely file a claim for refund of taxes paid with respect to the 1991 year.

15. The IRS made audit adjustments to the income, deductions, and other items affecting the DuPont Group's tax liability for the 1991 year. On February 4, 2003, the IRS accepted the DuPont Group's executed Form 870-AD (Offer to Waive Restrictions on Assessment and Collection of Tax Deficiency and to Accept Overassessment) (Exhibit D), which is incorporated herein by reference. In the Form 870-AD, the DuPont Group expressly reserved several items, including "the right to file claims for refund or credit (amended returns) or

prosecute, settle with the Commissioner or litigate in any forum any matters with respect to claims for refund or credit (amended returns) for the taxable years that are the subject of this Form 870-AD . . . based on the following grounds: . . . that it is entitled to [a] deduction[] . . . of $13,478,594 in 1991 . . . for a lawsuit settlement related to its Ponca City Refinery" (the "1991 Lawsuit Settlement").

16. The DuPont Group filed a timely claim for refund of $5,990,581 for the 1991 year with the Internal Revenue Service, Wilmington, DE 19801, on October 27, 2003 (the "1991 Refund Claim"). A copy of the 1991 Refund Claim is attached hereto as Exhibit H and incorporated herein by reference. The relevant portion of the memorandum accompanying the 1991 Refund Claim (Exhibit F) is incorporated herein by reference.

17. A portion of the 1991 Refund Claim not at issue in this case, which was reserved in the Form 870-AD referred to in paragraph 15 above, was allowed by the IRS and reflected in a subsequently executed Form 870-AD for 1991, accepted by the IRS on September 25, 2006 (Exhibit G).

18. $2,708,658 of federal income taxes associated with the 1991 Lawsuit Settlement and reflected in the 1991 Refund Claim has not been allowed by the IRS, and more than six months have elapsed since the filing of the claim.

## COUNT THREE
(1992)

19. Plaintiffs repeat the allegations of paragraphs 1 through 5 above.

20. Pursuant to RCFC 9(h)(6), Plaintiffs state as follows:

(a) Plaintiffs seek a refund of $375,673 of the federal income taxes paid by the DuPont Group with respect to its 1992 taxable year. Such payments were made to the Internal Revenue Service Center, Philadelphia, Pennsylvania, in the following amounts and on or about the following dates:

| DATE PAID OR REFUNDED | AMOUNT PAID (REFUNDED) |
|---|---|
| April 15, 1992 | $115,000,000.00 |
| September 15, 1992 | 50,000,000.00 |
| October 25, 1992 | 34,198,847.00 |
| December 15, 1992 | 30,000,000.00 |
| February 26, 1993 | (59,980,921.30) |
| March 7, 1993 | (4,303.19) |
| March 7, 1993 | (14,363.51) |
| October 3, 1993 | 325,796.00 |
| October 3, 1993 | (5.40) |
| October 3, 1993 | (64,040,917.60) |
| November 1, 1994 | 10,876,676.00 |
| November 20,1994 | (64,470.82) |
| November 20, 1994 | .11 |
| November 8, 1998 | 451,269.00 |
| May 19, 2000 | 13,147,253.00 |
| February 25, 2001 | 9.12 |
| April 1, 2001 | 7,082.67 |
| March 9, 2003 | 422,120.54 |
| March 9, 2003 | 888,834.02 |
| June 15, 2003 | 783.59 |
| June 15, 2003 | 10.04 |
| June 15, 2003 | 19,264.28 |
| June 15, 2003 | 5.28 |
| July 13, 2003 | 786.39 |
| July 13, 2003 | 200,353.34 |
| November 21, 2006 | 3,623,386.00 |

Additional credits and debits may appear on DuPont's account with respect to the 1992 taxable year after the filing of this Complaint.

(b) The DuPont Group's federal income tax return for the 1992 year was timely filed with the Internal Revenue Service, Wilmington, DE 19801, on September 10, 1993.

(c) The name, address, and identification number of the taxpayer appearing on the DuPont Group's federal income tax return for the 1992 year were as follows:

E.I. DuPont de Nemours and Company, Inc.
1007 Market Street
Wilmington, DE 19898
51-0014090

21. DuPont executed a series of Forms 872 (Consent to Extend the Time to Assess Tax), the latest of which extended to April 30, 2003, the period within which the IRS could assess an income tax deficiency against the DuPont Group for the 1992 year. Such consent also extended for an additional six months thereafter the period within which the DuPont Group could timely file a claim for refund of taxes paid with respect to the 1992 year.

22. The IRS made audit adjustments to the income, deductions, and other items affecting the DuPont Group's tax liability for the 1992 year. On February 4, 2003, the IRS accepted the DuPont Group's executed Form 870-AD (Offer to Waive Restrictions on Assessment and Collection of Tax Deficiency and to Accept Overassessment) (Exhibit D), which is incorporated herein by reference. In the Form 870-AD, the DuPont Group expressly reserved several items, including "the right to file claims for refund or credit (amended returns) or prosecute, settle with the Commissioner or litigate in any forum any matters with respect to claims for refund or credit (amended returns) for the taxable years that are the subject of this Form 870-AD . . . based on the following grounds: . . . that it is entitled to [a] deduction[] of . . . $1,869,391 in 1992 for a lawsuit settlement related to its Ponca City Refinery" (the "1992 Lawsuit Settlement").

23. The DuPont Group filed a timely claim for refund of $3,543,867 for the 1992 year with the Internal Revenue Service, Wilmington, DE 19801, on October 27, 2003 (the "1992 Refund Claim"). A copy of the 1992 Refund Claim is attached hereto as Exhibit I and incorporated herein by reference. The relevant portion of the memorandum accompanying the 1992 Refund Claim (Exhibit F) is incorporated herein by reference.

24. A portion of the 1992 Refund Claim not at issue in this case, which was reserved in the Form 870-AD referred to in paragraph 22 above, was allowed by the IRS and reflected in a subsequently executed Form 870-AD for 1992, accepted by the IRS on September 25, 2006 (Exhibit G).

25. $375,673 of federal income taxes associated with the 1992 Lawsuit Settlement and reflected in the 1992 Refund Claim has not been allowed by the IRS, and more than six months have elapsed since the filing of the claim.

Deductions Related to Lawsuit Settlement

26. Conoco Inc. ("Conoco"), a corporation organized under the laws of Delaware, was a member of the DuPont Group during the years in issue.

27. In August 1989, a class action lawsuit alleging that toxic emissions and discharges from Conoco's Ponca City, Oklahoma, refinery had damaged the plaintiffs' health, property, and business interests (the "Class Action") was filed against Conoco in the United States District Court for the Western District of Oklahoma. The plaintiffs were people who had

lived or owned property in the Circle Drive area along the east boundary of the refinery at any time since August 1966.

28. The plaintiffs in the Class Action sought compensatory and punitive monetary damages based on injury to property and property interests, including business interests. The plaintiffs also asserted claims for nuisance damages and health damages, including the threat of future health problems to be suffered as a result of exposure to toxic chemical emissions.

29. Conoco and the plaintiffs in the Class Action agreed to settle the litigation before trial. The settlement agreement, which divided the plaintiffs into various categories, was approved by the District Court in March 1990.

30. Pursuant to the settlement agreement, Conoco paid $4,850,000 into a settlement fund to be shared among all the plaintiffs (the "Settlement Fund"). A total of 8,606 people established their eligibility to share in the Settlement Fund. To participate, the plaintiffs had to release all claims they might have had against Conoco, other than for actual future medical expenses or lost wages.

31. In addition, those plaintiffs who owned property in the Circle Drive area at the time of the settlement could choose to sell their properties to Conoco, provided they released all property-damage claims they might have had against Conoco. The settlement agreement required Conoco to pay the appraised value of the properties, which was to be what the fair market value for residential use would have been assuming the presence of no hydrocarbons or hydrocarbon constituents in the ground or groundwater or on the surface from any source.

32. The price Conoco was required to pay for the properties under the settlement agreement exceeded the actual fair market value of the properties.

33. A property owner could choose to sell his property but not to participate in the Settlement Fund. In that event, the property owner would retain his personal-injury claims against Conoco but would receive only the appraised value of his property. He would not receive any of the additional amounts available only to those participating in the Settlement Fund.

34. Owner-occupants or lessees of properties sold to Conoco could receive a payment of $6,000 per property to cover moving costs and "household disruption." In addition, property owners who had owned their properties continuously from November 21, 1989, to the date of the settlement and who participated in the Settlement Fund could generally receive the following additional amounts (subject to a $50,000 cap): a 45% premium over the appraised value of their properties; a $5,000 payment for participating in the settlement; a payment of $5,500 for early sign-up for the settlement; and a payment of $750 to cover miscellaneous costs. A payment of up to $15,000 for business interruption was also available where applicable.

35. There were 371 properties in the Circle Drive area owned by people who chose to participate in the Settlement Fund. Of these, 365 were sold to Conoco. No property owner elected to sell his property but not participate in the Settlement Fund.

36. Conoco incurred the following costs related to the settlement of the Class Action in the period 1990 through 1992:

| | 1990 | 1991 | 1992 |
|---|---|---|---|
| Payments to Settlement Fund | $4,850,000 | | |
| Payments to property owners in excess of properties' actual fair market value * | 1,574,423 | $11,356,530 | $846,254 |
| Land clearance costs | 22,633 | 577,803 | 729,888 |
| Legal and other costs | 2,077,700 | 1,544,261 | 293,249 |
| Total | $8,524,756 | $13,478,594 | $1,869,391 |

37. All of the amounts described in paragraph 36 were deductible in the year incurred as ordinary and necessary business expenses under Title 26, United States Code, Section 162. The DuPont Group deducted such amounts on its federal income tax returns in the year incurred.

38. On audit of the DuPont Group's federal income tax returns for 1990, 1991, and 1992, the IRS erroneously determined that the amounts described in paragraph 36 were not deductible as ordinary and necessary business expenses but had to be capitalized. As a result, the IRS assessed and collected additional income taxes attributable thereto.

39. As a result of the denial of deductions for the amounts described in paragraph 36, Plaintiffs have overpaid their income tax for 1990, 1991, and 1992 and are entitled to a refund of such overpayments plus interest as provided by law.

* * *

* These amounts were paid in settlement of the property owners' claims against Conoco, not for the properties themselves. The amount paid for the properties was equal to their actual fair market value, $200,000.

40. Plaintiffs have made no transfer or assignment of the claims herein presented or any part thereof and are the sole and absolute owners of these claims. No action on these claims has been taken by the Congress of the United States, or by any of the departments of the government, other than the actions by the Treasury Department hereinbefore described. No other suit or process by Plaintiffs is pending in any other court with respect to these claims.

**WHEREFORE,** Plaintiffs pray for judgment in their favor against Defendant:

(1) In the amount of $4,797,466, or such greater amount as the Court should determine, plus any amounts to which Plaintiffs may be entitled due to any computational adjustments resulting from any change to the DuPont Group's income, deductions, or other items, plus statutory interest paid with respect to such amounts plus interest thereon according to law, as follows:

(a) In the amount of $1,713,135 for the taxable year ended December 31, 1990;

(b) In the amount of $2,708,658 for the taxable year ended December 31, 1991; and

(c) In the amount of $375,673 for the taxable year ended December 31, 1992.

(2) For Plaintiffs' costs, attorneys' fees, and such other further relief as the Court deems just.

Dated:

Respectfully submitted,

STEPHEN D. GARDNER

Cooley Godward Kronish LLP
1114 Avenue of the Americas
New York, NY 10036
(212) 479-6130
Attorney for Plaintiffs

Of Counsel:

Harold J. Heltzer
Robert L. Willmore
Crowell & Moring LLP
1001 Pennsylvania Avenue N.W.
Washington, DC 20004

Wm. Lesse Castleberry
Franny Wang
Cooley Godward Kronish LLP
1114 Avenue of the Americas
New York, NY 10036

# List of Exhibits

| | |
|---|---|
| Affiliations Schedule (Form 851) For Taxable Year 1990 | Exhibit A |
| Affiliations Schedule (Form 851) For Taxable Year 1991 | Exhibit B |
| Affiliations Schedule (Form 851) For Taxable Year 1992 | Exhibit C |
| Form 870-AD Accepted by the Internal Revenue Service on February 4, 2003 | Exhibit D |
| 1990 Refund Claim | Exhibit E |
| Relevant Portion of the Memorandum Accompanying the 1990, 1991 and 1992 Refund Claims | Exhibit F |
| Form 870-AD Accepted by the Internal Revenue Service on September 25, 2006 | Exhibit G |
| 1991 Refund Claim | Exhibit H |
| 1992 Refund Claim | Exhibit I |

09/05/91

Form **851** (Rev. March 1988)
Department of the Treasury Internal Revenue Service

# Affiliations Schedule

(To be filed with each consolidated income tax return)

Tax Year Ended 12/31/90

OMB No. 1545-0025
Expires 2-29-92

Common parent corporation: E. I. DU PONT DE NEMOURS AND COMPANY - CONSOLIDATED

Employer identification number: 51-0014090

Number and street (or P.O. box number if mail is not delivered to street address): 1007 MARKET STREET, M-11610

City or town, state, and ZIP code: WILMINGTON, DE 19898

## Part I Prepayment Credits

| No. | Name and address of corporation | Employer identification number | Prepayment Credits: Portion of Form 7004 tax deposits | Prepayment Credits: Portion of estimated tax credits and deposits |
|---|---|---|---|---|
| 1 | Common parent corporation | | 86,000,000. | 467,730,882. |
| | Subsidiary corporations: | | | |
| | SEE ATTACHED SUPPLEMENTAL | | | |
| | SCHEDULE, PART I, FOR COS. 2 | | | |
| | THROUGH 129 (PAGES 5-8) | | | 103. |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | Totals (Must equal amounts shown on the consolidated tax return) ▶ | | 86,000,000. | 467,730,985. |

## Part II Voting Stock Information, etc.

| No. | Principal business activity | Did the subsidiary make any nondividend distributions? (See instructions.) Yes | No | Capital stock outstanding at beginning of year — Number of shares: Voting | Nonvoting | Stock holdings at beginning of year — Voting: Number of shares | Percent voting power | Nonvoting: Number of shares | Percent | Owned by corporation number – |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Common parent corporation | | | | | | | | | |
| | Subsidiary corporations: | | | | | | | | | |
| | SEE ATTACHED SUPPLEMENTAL | | | | | | % | | % | |
| | SCHEDULE, PART II, FOR | | | | | | % | | % | |
| | COMPANIES 2 THROUGH 129 | | | | | | % | | % | |
| | (PAGES 9-13) | | | | | | % | | % | |
| | | | | | | | % | | % | |
| | | | | | | | % | | % | |
| | | | | | | | % | | % | |
| | | | | | | | % | | % | |
| | | | | | | | % | | % | |

Form 851 (Rev. 3-89) Page 2

**Part III** Changes in Stock Holdings During the Year

| Corporation | | Stockholder (Corporation No.)* | Change in stock holdings during the year | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | Changes | | | | Shares held at end of year | |
| | | | | Shares acquired | | Shares disposed of | | Voting | Nonvoting |
| No.* | Name | | Date | Voting | Nonvoting | Voting | Nonvoting | Percent voting power | Percent of shares |
| | SEE ATTACHED SUPPLEMENTAL SCHEDULE, PART III, FOR COMPANIES WITH | | | | | | | % | % |
| | CHANGES IN STOCK HOLDINGS DURING THE YEAR (PAGES 14-15) | | | | | | | % | % |
| | | | | | | | | % | % |
| | | | | | | | | % | % |
| | | | | | | | | % | % |
| | | | | | | | | % | % |
| | | | | | | | | % | % |
| | | | | | | | | % | % |

*The numbers used must agree with the corporation numbers in Part I, page 1.

If additional stock was issued, or if any stock was retired during the year, show the dates and amounts for these transactions.

**If the equitable owners of any capital stock shown above were other than the holders of record, give full details.**

Remarks:

Attachment 1
Page 2

Form 851 (Rev. 3-89) Page 3

**Part IV** Additional Information (See Instructions for Part IV for Questions 1 through 4.)

| No.* | Name | Answer to Question 1: Yes | No | If yes, list and describe each class of stock: |
|---|---|---|---|---|
| | SEE ATTACHED SUPPLEMENTAL SCHEDULE, PART IV, FOR COMPANIES 2 THROUGH 129 (PAGES 16-19) | | | |
| | | | | |
| | | | | |
| | | | | |

| No.* | Name | Answer to Question 2: Yes | No | If yes, but such stock was not owned for the entire tax year, provide dates to show period of ownership: |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| No.* | Name | Answer to Question 3: Yes | No | If yes, but such stock was not owned for the entire tax year, provide dates to show period of ownership: |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| No.* | Name | Answer to Question 4(a) Yes | No | If yes, enter the percentage asked for in Item 4(b): | If yes, enter the percentage asked for in Item 4(c): | If yes, enter the percentage asked for in Item 4(d): |
|---|---|---|---|---|---|---|
| | | | | % | % | % |
| | | | | % | % | % |
| | | | | % | % | % |
| | | | | % | % | % |

| No.* | Item 4(e)—Description of arrangements: (* The numbers used must agree with the corporation numbers in Part I, page 1.) |
|---|---|
| | |
| | |
| | |
| | |

**Signature**

Under penalties of perjury, I declare that I have examined this form, including accompanying statements, and to the best of my knowledge and belief, it is true, correct, and complete for the tax year as stated.

Signature of officer William Resnick Date

Title Vice President - Taxes

Attachment I
Page 3

# Instructions

*(References are to the Internal Revenue Code unless otherwise noted.)*

**Paperwork Reduction Act Notice.**—We ask for this information to carry out the Internal Revenue laws of the United States. We need it to ensure that taxpayers are complying with these laws and to allow us to figure and collect the right amount of tax. You are required to give us this information.

The time needed to complete and file this form will vary depending on individual circumstances. The average time is:

**Recordkeeping** . . . . 11 hrs., 58 min.

**Learning about the law or form** . . . . . . . . . 24 min.

**Preparing and sending the form to IRS** . . . . . . . 37 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making this form more simple, we would be happy to hear from you. You can write to either IRS or the Office of Management and Budget, at the addresses listed in the instructions for the tax return with which this form is filed.

**Purpose of Form.**—Form 851, Affiliations Schedule, is filed by the parent corporation for itself and for affiliated corporations in the affiliated group. File Form 851 by attaching it to the consolidated tax return for the group.

## Definitions

**1. Affiliated Group.**— Generally, a corporation is required to own 80% or more of the voting power and 80% or more of the total value of the stock of another corporation before the two are considered an affiliated group.

**2. Nondividend Distributions.**—Nondividend distributions referred to in Part II, third column, are any distributions (other than stock dividends and distributions in exchange for stock) paid during the tax year for which the consolidated tax return is filed that were in excess of the corporation's current and accumulated earnings and profits. See sections 301 and 316.

## Part IV.—Additional Information

Answer questions 1 through 4 by checking "Yes" or "No" in Part IV, and provide the other information requested based on the following questions and items:

**Question 1.**—During the tax year, did the corporation have more than one class of stock outstanding? For purposes of this question only, disregard section 1504(a)(4).

**Question 2.**—During the tax year, did the purported members of the affiliated group own stock (as the term is used in section 1504(a)) possessing at least 80% of the value of the total outstanding stock of the corporation?

**Question 3.**—During the tax year, did purported members of the affiliated group own stock (as the term is used in section 1504(a)) possessing at least 80% of the voting power of outstanding stock of the corporation?

**Question 4(a).**—During the tax year, was there any arrangement in existence by which one or more persons that were not members of the affiliated group could acquire any stock, or acquire any voting power without acquiring stock, in the corporation, other than a de minimis amount, from the corporation or another purported member of the affiliated group? (Such an arrangement may include an option, warrant, conversion feature, or similar arrangement, but is not limited to these arrangements.) If the answer to question 4(a) is "Yes," complete items 4(b), 4(c), 4(d), and 4(e) in Part IV.

**Item 4(b).**—If the answer to question 4(a) is "Yes," indicate the percentage of the value of the outstanding stock that the person(s) could acquire.

**Item 4(c).**—If the answer to question 4(a) is "Yes," and the arrangement was associated with voting stock, indicate the percentage of voting stock that the person(s) could acquire.

**Item 4(d).**—If the arrangement was associated with the acquisition of voting power without the acquisition of the related stock, indicate the percentage of voting power that the persons could so acquire.

**Item 4(e).**—In item 4(e) give a brief description of any arrangement by which a person that is not a member of the affiliated group could acquire any stock, or acquire any voting power without acquiring stock, in the corporation. (Such an arrangement may include an option, warrant, conversion feature, or similar arrangement, but is not limited to these types of arrangements.)

*U.S. Government Printing Office: 1989-240-471/80

E. I. DU PONT DE NEMOURS AND COMPANY
51-0014090
1990
AFFILIATIONS SCHEDULE (FORM 851) - SUPPLEMENTAL SCHEDULE

PART I - Prepayment Credits

| Number | Subsidiary Corporation* | Employer Identification Number | Prepayment Credits: Portion of Form 7004 tax deposits | Prepayment Credits: Portion of estimated tax credits and deposits |
|---|---|---|---|---|
| 1 | E. I. du Pont de Nemours and Company - Common Parent Corp. | | 86,000,000 | 476,030,882 |
| 2 | Christiana Securities Company ("CSC") | 51-0255262 | | |
| 3 | Conoco Coal Development Company ("CCDC") | 73-0970301 | | |
| 4 | Du Pont Asia Pacific Ltd. ("DAP") | 51-0122490 | | |
| 5 | Du Pont Chemical and Energy Operations, Inc. ("DCEO") | 51-0313062 | | |
| 6 | Camex, Inc. ("Camex") | 04-2583886 | | |
| 7 | DPGP, Inc. ("DPGP") | 51-0318580 | | |
| 8 | DPMG, Inc. ("DPMG") | 51-0320288 | | |
| 9 | Du Pont Electronic Imaging Systems, Inc.("DEIS")(1) | 22-2783191 | | |
| 10 | Du Pont Environmental Remediation Services Inc. ("DERS") | 51-0320842 | | |
| 11 | Du Pont NDT Systems, Inc. ("NDT") | 51-0313063 | | |
| 12 | Du Pont Specialty Imaging Media, Inc. ("DSIMI") | 51-0308921 | | |
| 13 | Du Pont Supercomputer, Inc. ("DSI") | 51-0324098 | | |
| 14 | Howson-Algraphy, Inc. ("Howson") | 22-2027746 | | |
| 15 | ImagiTex, Inc. ("ImagiTex") | 04-2751239 | | |
| 16 | Imperial Metal and Chemical Company (Howson) ("IM&C") | 23-1989886 | | |
| 17 | Pitt-Consol Chemical Company ("Pitt-Consol") | 22-1570965 | | |
| 18 | Remington Arms Company, Inc. ("RAC") | 51-0246028 | | |
| 19 | The Peters Cartridge Company ("PCC") | 06-1098629 | | |
| 20 | The Union Metallic Cartridge Company ("UMCC") | 52-1218054 | | |
| 21 | Safer Emergency Systems, Inc. ("Safer") | 95-3862077 | | |
| 22 | Du Pont China Limited ("DCL") | 51-0280207 | | |
| 23 | Du Pont Delaware, Inc. ("DDI") | 51-0300285 | | |
| 24 | Du Pont Chlorine, Inc. ("DCI") | 51-0303480 | | |
| 25 | Du Pont Gulf Coast, Inc. ("DGC") | 51-0300281 | | |
| 26 | Du Pont Energy Company ("DEC") | 51-0325363 | | |
| 27 | Du Pont Far East Inc. ("DUFE") | 51-0095634 | | |
| 28 | Du Pont Feedstocks Company ("DFC") | 51-0250342 | | |
| 29 | Du Pont India Ltd. ("India") | 51-0324127 | | |
| 30 | Du Pont Inter-America Chemical Company, Inc. ("DIAC") | 51-0099616 | | |
| 31 | Du Pont Japan, Ltd. ("DJL") | 51-0271804 | | |
| 32 | Du Pont Optical Storage Holding, Inc. ("DOSH") | 51-0291669 | | |
| 33 | Du Pont Pharmaceuticals Pan American, Inc. ("DPA") | 11-1511253 | | |
| 34 | Du Pont Photomasks Inc. ("DPI") | 74-2238819 | | |
| 35 | Du Pont Semiconductor Products, Inc. ("Semiconduct") | 51-0295333 | | |
| 36 | Du Pont Senegal, Inc. ("Senegal") | 51-0315957 | | |
| 37 | Solid State Dielectrics, Inc. ("SSD") | 51-0265412 | | |
| 38 | Southern Mississippi Transportation Company ("SMTC") | 51-0196433 | | |
| 39 | Conoco Inc. ("Conoco") | 73-0196000 | | |
| 40 | Brandywine Industrial Gas, Inc. ("Brandywine") | 73-1222973 | | |

103

*Footnotes and addresses are at page 20.

Attachment 1
Page 5

E. I. DU PONT DE NEMOURS AND COMPANY
51-0014090
1990
AFFILIATIONS SCHEDULE (FORM 851) - SUPPLEMENTAL SCHEDULE

PART I - Prepayment Credits

| Number | Subsidiary Corporation* | Employer Identification Number | Prepayment Credits: Portion of Form 7004 tax deposits | Prepayment Credits: Portion of estimated tax credits and deposits |
|---|---|---|---|---|
| 41 | Calcasieu Shipping Corp. ("CALCASIEU") | 73-1339313 | | |
| 42 | Comap, Inc. ("Comap") | 73-0797425 | | |
| 43 | Compania Continental De Colombia S.A. ("Com Colombia") | 73-6109886 | | |
| 44 | Cono-Services Inc. ("Cono-Ser") | 73-1143039 | | |
| 45 | Conoco Asia Pacific Ltd. ("Asiapacific") | 73-1348086 | | |
| 46 | Conoco Australia, Limited ("Australia") | 73-6091776 | | |
| 47 | Conoco Bardawil Inc. ("Bardawil") | 73-0794072 | | |
| 48 | Conoco Carbon & Minerals Incorporated ("CONOCOCARMIN") | 73-6091774 | | |
| 49 | Conoco Chile Inc. ("Chile") | 73-1107063 | | |
| 50 | Conoco Communications, Inc. ("Conoco Comm") | 73-6091772 | | |
| 51 | Conoco Coral Inc. ("Coral") | 73-1115403 | | |
| 52 | Conoco Credit Corporation ("Credit Corp") | 73-0801473 | | |
| 53 | Conoco Egypt Inc. ("Egypt Inc.") | 73-1256262 | | |
| 54 | Conoco Petcoke Far East Ltd. ("PETFAREAST")(2) | 73-6107393 | | |
| 55 | Conoco Geisum Inc. ("Geisum") | 73-0927507 | | |
| 56 | Conoco Hurghada, Inc. ("Hurghada") | 73-0957006 | | |
| 57 | Conoco Indonesia Inc. ("Indonesia") | 73-6091779 | | |
| 58 | Conoco International Inc. ("CII") | 73-6091773 | | |
| 59 | Conoco Ireland Limited ("Ireland") | 73-0752372 | | |
| 60 | Conoco Irian Jaya Company ("Irian Jaya") | 73-0775452 | | |
| 61 | Conoco Java Sea, Inc. ("Java Sea") | 73-6091781 | | |
| 62 | Conoco Lagia Offshore, Inc. ("Lagia") | 73-0957008 | | |
| 63 | Conoco Methanation Company ("Methanation") | 73-0935424 | | |
| 64 | Conoco Middle East Ltd. ("Middle East") | 76-0273970 | | |
| 65 | Conoco Mont Belview Holdings, Inc. ("Mont Belview") | 73-1275522 | | |
| 66 | Conoco Nauka Inc. ("Nauka") | 73-6091787 | | |
| 67 | Conoco Norway, Inc. ("Norway") | 73-0794173 | | |
| 68 | Conoco Orient, Inc. ("Orient") | 73-6091785 | | |
| 69 | Conoco Pipe Line Company ("CPL") | 73-0196220 | | |
| 70 | Antelope Pipe Line Company ("Antelope") | 73-1314162 | | |
| 71 | Continental Alaska Pipe Line Company ("Alaska PL") | 73-1191787 | | |
| 72 | Conoco Shale Oil Inc. ("Shale Oil") | 73-1136738 | | |
| 73 | Conoco Specialty Products, Inc. ("Spec Prod") | 73-6091775 | | |
| 74 | Conoco Suez Limited ("Suez Ltd") | 73-6091661 | | |
| 75 | Conoco Texas Inc. ("Texas") | 73-6091789 | | |
| 76 | Conoco Trading Company ("Trading") | 73-1322507 | | |
| 77 | Conoco Trinidad Inc. ("CONTRINIDAD") | 76-0286506 | | |
| 78 | Conoco West Firan, Inc. ("West Firan") | 73-1115404 | | |
| 79 | Consolidation Coal Sales Company ("CCSC") | 25-1385259 | | |
| 80 | Consol Transportation Company ("Consol Trans") | 25-1385260 | | |

*Footnotes and addresses are at page 20.

E. I. DU PONT DE NEMOURS AND COMPANY
51-0014090
1990
AFFILIATIONS SCHEDULE (FORM 851) - SUPPLEMENTAL SCHEDULE

PART I - Prepayment Credits

| Number | Subsidiary Corporation* | Employer Identification Number | Prepayment Credits: Portion of Form 7004 tax deposits | Prepayment Credits: Portion of estimated tax credits and deposits |
|---|---|---|---|---|
| 81 | Navajo Railroad Company ("Navajo RR") | 25-1402384 | | |
| 82 | Otter Creek Transportation Company ("Otter Creek") | 25-1402383 | | |
| 83 | Value Coal Sales, Inc. ("VALUE") | 25-1411492 | | |
| 84 | Continental Mid Delta Petroleum Company ("Mid Delta") | 73-6091784 | | |
| 85 | Continental Netherlands Oil Company ("Netherlands") | 73-0739559 | | |
| 86 | Continental Oil Company ("COC") | 73-0788910 | | |
| 87 | Continental Oil Company of Iran ("Iran") | 73-6091780 | | |
| 88 | Continental Oil Company of Italy ("Italy") | 73-6091782 | | |
| 89 | Continental Oil Company of Libya ("Libya") | 73-6091783 | | |
| 90 | Continental Oil Company of Niger ("Niger") | 73-0794161 | | |
| 91 | Continental Oil Company of Nigeria ("Nigeria") | 73-6109887 | | |
| 92 | Continental Oil Company of Spain ("Spain") | 73-6091788 | | |
| 93 | Continental Oil Company of Tunisia ("Tunisia") | 73-6091790 | | |
| 94 | Continental Overseas Oil Company ("Overseas Oil") | 73-6093237 | | |
| 95 | Continental Pipe Line Company ("Cont. PL Co") | 73-1300809 | | |
| 96 | Douglas Oil Company of California ("Douglas") | 95-2124734 | | |
| 97 | Douglas Stations, Inc. ("Douglas Sta") | 95-2371340 | | |
| 98 | Dubai Exploration Company ("Dubai Expl") | 73-1103126 | | |
| 99 | Dubai Marketing Company, Ltd. ("Dubai Mkt") | 73-0775457 | | |
| 100 | Dubai Petroleum Company ("Dubai Pet") | 73-6098501 | | |
| 101 | Du Pont Conid S.p.A. ("Du Pont Conid") | 73-0942166 | | |
| 102 | Kayo Oil Company ("Kayo") | 62-0609963 | | |
| 103 | Fas-Gas Retail Services of Texas ("Fas-Gas") | 73-0959144 | | |
| 104 | Longhorn Pipeline Company ("Longhorn") | 73-1222981 | | |
| 105 | Louisiana Gas System Inc. ("La Gas Sys") | 73-1095713 | | |
| 106 | Lake Shore Pipeline Company ("Lake Shore") | 73-1207151 | | |
| 107 | Onco Oil Company ("Onco") | 73-0784039 | | |
| 108 | San Jacinto Eastern Corporation ("San Jac East") | 13-1857133 | | |
| 109 | San Jacinto Service Company ("San Jac Ser") | 73-6091660 | | |
| 110 | West Africa Service Corporation ("West Africa") | 73-1313570 | | |
| 111 | Consolidation Coal Company ("Consol") | 13-2566594 | | |
| 112 | Consolidation Coal Company, Inc. (Nevada) ("Nevada") | 25-1358178 | | |
| 113 | Consolidation Coal Company of Canada ("Canada") | 98-0013773 | | |
| 114 | Consolidation Coal Company of Kentucky ("Kentucky") | 94-2524120 | | |
| 115 | Fremont Coal Company ("Fremont") | 94-2740438 | | |
| 116 | Consolidation Coal Operating Company ("CCOC") | 25-1411502 | | |
| 117 | Consol Pennsylvania Coal Company ("CPC") | 25-1402386 | | |
| 118 | Fairmont Supply Company ("Fairmont") | 55-0339685 | | |
| 119 | Caun-Co., Inc. ("Caun-Co") | 84-0570291 | | |
| 120 | Itmann Coal Company ("Itmann") | 54-0720291 | | |

*Footnotes and addresses are at page 20.

E. I. DU PONT DE NEMOURS AND COMPANY
51-0014090
1990
AFFILIATIONS SCHEDULE (FORM 851) - SUPPLEMENTAL SCHEDULE

PART I - Prepayment Credits

| Number | Subsidiary Corporation* | Employer Identi-fication Number | Prepayment Credits: Portion of Form 7004 tax deposits | Prepayment Credits: Portion of estimated tax credits and deposits |
|---|---|---|---|---|
| 121 | McElroy Coal Company ("McElroy") | 25-1553551 | | |
| 122 | Quarto Mining Company ("Quarto") | 34-1048622 | | |
| 123 | Renton Investment Company ("Renton") | 25-0752960 | | |
| 124 | Reserve Coal Properties Company ("RCPC") | 25-1582519 | | |
| 125 | Twin Rivers Towing Company ("Twin Rivers") | 25-1181155 | | |
| 126 | Wolfpen Knob Development Company ("Wolfpen") | 25-1391218 | | |
| 127 | Du Pont Energy Coal Holdings, Inc. ("DUPECH") | 25-1564841 | | |
| 128 | Enlow Fork Coal Company | 25-1622896 | | |
| 129 | Nineveh Coal Company | 25-1623007 | | |
| | TOTAL PREPAYMENT CREDITS | | 86,000,000 | 476,030,985 |

*Footnotes and addresses are at page 20.

E. I. DU PONT DE NEMOURS AND COMPANY
51-0014090
1990
AFFILIATIONS SCHEDULE (FORM 851) - SUPPLEMENTAL SCHEDULE

PART II - Voting Stock Information, etc.

| No. | Subsidiary Corporation* | Did the subsidiary make any nondividend distributions? (See Instructions) Yes | No | Outstanding at Beginning of Year — Number of shares — Voting | Non-voting | Stock holdings at beginning of year — Voting — Number of shares | Percent voting power | Nonvoting — Number of shares | Per-cent | Owned by Corp. No. |
|---|---|---|---|---|---|---|---|---|---|---|
| 2 | Christiana Securities Company ("CSC") | | x | 10 | 0 | 10 | 100% | 0 | 0% | 1 |
| 3 | Conoco Coal Development Company ("CCDC") | | x | 10 | 0 | 10 | 100% | 0 | 0% | 1 |
| 4 | Du Pont Asia Pacific Ltd. ("DAP") | | x | 59,399 | 0 | 59,399 | 100% | 0 | 0% | 1 |
| 5 | Du Pont Chemical and Energy Operations, Inc. ("DCEO") | | x | 100 | 80 | 100 | 100% | 80 | 100% | 1 |
| 6 | Camex, Inc. ("Camex") | | x | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 5 |
| 7 | DPGP, Inc. ("DPGP") | | x | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 5 |
| 8 | DPMG, Inc. ("DPMG") | | x | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 5 |
| 9 | Du Pont Electronic Imaging Systems, Inc. ("DEIS")(1) | | x | 2,500 | 0 | 2,500 | 100% | 0 | 0% | 5 |
| 10 | Du Pont Environmental Remediation Services Inc. ("DERS") | | x | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 5 |
| 11 | Du Pont NDT Systems, Inc. ("NDT") | | x | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 5 |
| 12 | Du Pont Specialty Imaging Media, Inc. ("DSIMI") | | x | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 5 |
| 13 | Du Pont Supercomputer, Inc. ("DSI") | | x | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 5 |
| 14 | Howson-Algraphy, Inc. ("Howson") | | x | 30,000 | 0 | 30,000 | 100% | 0 | 0% | 5 |
| 15 | ImagiTex, Inc. ("ImagiTex") | | x | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 5 |
| 16 | Imperial Metal and Chemical Company (Howson) ("IM&C") | | x | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 5 |
| 17 | Pitt-Consol Chemical Company ("Pitt-Consol") | | x | 3,500 | 0 | 3,500 | 100% | 0 | 0% | 5 |
| 18 | Remington Arms Company, Inc. ("RAC") | | x | 12,500 | 0 | 12,500 | 100% | 0 | 0% | 5 |
| 19 | The Peters Cartridge Company ("PCC") | | x | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 5 |
| 20 | The Union Metallic Cartridge Company ("UMCC") | | x | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 18 |
| 21 | Safer Emergency Systems, Inc. ("Safer") | | x | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 18 |
| 22 | Du Pont China Limited ("DCL") | | x | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 5 |
| 23 | Du Pont Delaware, Inc. ("DDI") | | x | 100,000 | 0 | 100,000 | 100% | 0 | 0% | 1 |
| 24 | Du Pont Chlorine, Inc. ("DCI") | | x | 1,200 | 40 | 1,200 | 100% | 40 | 100% | 1 |
| 25 | Du Pont Gulf Coast, Inc. ("DGC") | | x | 1,100 | 0 | 1,100 | 100% | 0 | 0% | 23 |
| 26 | Du Pont Energy Company ("DEC") | | x | 1,100 | 0 | 1,100 | 100% | 0 | 0% | 23 |
| 27 | Du Pont Far East Inc. ("DUFE") | | x | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 1 |
| 28 | Du Pont Feedstocks Company ("DFC") | | x | 3,000 | 0 | 3,000 | 100% | 0 | 0% | 1 |
| | | | x | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 1 |

*Footnotes and addresses are at page 20.

E. I. DU PONT DE NEMOURS AND COMPANY
51-0014090
1990
AFFILIATIONS SCHEDULE (FORM 851) - SUPPLEMENTAL SCHEDULE

PART II - Voting Stock Information, etc.

| No. | Subsidiary Corporation* | Did the subsidiary make any nondividend distributions? (See Instructions) | | Outstanding at Beginning of Year: Number of shares | | Stock holdings at beginning of year: Voting | | Nonvoting | | Owned by Corp. No. |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Yes | No | Voting | Non-voting | Number of shares | Percent voting power | Number of shares | Per-cent | |
| 29 | Du Pont India Ltd. ("India") | | x | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 1 |
| 30 | Du Pont Inter-America Chemical Company, Inc. ("DIAC") | | x | 5,000 | 0 | 5,000 | 100% | 0 | 0% | 1 |
| 31 | Du Pont Japan, Ltd. ("DJL") | | x | 1,700 | 0 | 1,700 | 100% | 0 | 0% | 1 |
| 32 | Du Pont Optical Storage Holding, Inc. ("DOSH") | | x | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 1 |
| 33 | Du Pont Pharmaceuticals Pan American, Inc. ("DPA") | | x | 100 | 0 | 100 | 100% | 0 | 0% | 1 |
| 34 | Du Pont Photomasks Inc. ("DPI") | | x | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 1 |
| 35 | Du Pont Semiconductor Products, Inc. ("Semiconduct") | | x | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 1 |
| 36 | Du Pont Senegal, Inc. ("Senegal") | | x | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 1 |
| 37 | Solid State Dielectrics, Inc. ("SSD") | | x | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 1 |
| 38 | Southern Mississippi Transportation Company ("SMTC") | | x | 10 | 0 | 10 | 100% | 0 | 0% | 1 |
| 39 | Conoco Inc. ("Conoco") | | x | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 26 |
| 40 | Brandywine Industrial Gas, Inc. ("Brandywine") | x | | 10 | 0 | 10 | 100% | 0 | 0% | 39 |
| 41 | Calcasieu Shipping Corp. ("CALCASIEU") | | x | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 39 |
| 42 | Comap, Inc. ("Comap") | | x | 100 | 0 | 100 | 100% | 0 | 0% | 39 |
| 43 | Compania Continental De Colombia S.A. ("Com Colombia") | | x | 1,010 | 0 | 1,010 | 100% | 0 | 0% | 39 |
| 44 | Cono-Services Inc. ("Cono-Ser") | | x | 10 | 0 | 10 | 100% | 0 | 0% | 39 |
| 45 | Conoco Asia Pacific Ltd. ("Asiapacific") | | x | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 39 |
| 46 | Conoco Australia, Limited ("Australia") | | x | 10 | 0 | 10 | 100% | 0 | 0% | 39 |
| 47 | Conoco Bardawil Inc. ("Bardawil") | | x | 10 | 0 | 10 | 100% | 0 | 0% | 39 |
| 48 | Conoco Carbon & Minerals Incorporated ("CONOCOCARMIN") | | x | 130 | 0 | 130 | 100% | 0 | 0% | 39 |
| 49 | Conoco Chile Inc. ("Chile") | | x | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 39 |
| 50 | Conoco Communications, Inc. ("Conoco Comm") | | x | 10 | 0 | 10 | 100% | 0 | 0% | 39 |
| 51 | Conoco Coral Inc. ("Coral") | | x | 10 | 0 | 10 | 100% | 0 | 0% | 39 |
| 52 | Conoco Credit Corporation ("Credit Corp") | | x | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 39 |
| 53 | Conoco Egypt Inc. ("Egypt Inc.") | | x | 10 | 0 | 10 | 100% | 0 | 0% | 39 |
| 54 | Conoco Petcoke Far East Ltd. ("PETFAREAST")(2) | | x | 100 | 0 | 100 | 100% | 0 | 0% | 39 |
| 55 | Conoco Geisum Inc. ("Geisum") | | x | 100 | 0 | 100 | 100% | 0 | 0% | 39 |

*Footnotes and addresses are at page 20.

E. I. DU PONT DE NEMOURS AND COMPANY
51-0014090
1990
AFFILIATIONS SCHEDULE (FORM 851) - SUPPLEMENTAL SCHEDULE

PART II - Voting Stock Information, etc.

| | | Did the subsidiary make any nondividend distributions? (See Instructions) | | Outstanding at Beginning of Year Number of shares | | Stock holdings at beginning of year | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Voting | | Nonvoting | | Owned by Corp. |
| No. | Subsidiary Corporation* | Yes | No | Voting | Non-voting | Number of shares | Percent voting power | Number of shares | Per-cent | No. |
| 56 | Conoco Hurghada, Inc. ("Hurghada") | | x | 10 | 0 | 10 | 100% | 0 | 0% | 39 |
| 57 | Conoco Indonesia Inc. ("Indonesia") | | x | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 39 |
| 58 | Conoco International Inc. ("CII") | | x | 100 | 0 | 100 | 100% | 0 | 0% | 39 |
| 59 | Conoco Ireland Limited ("Ireland") | | x | 20 | 0 | 20 | 100% | 0 | 0% | 39 |
| 60 | Conoco Irian Jaya Company ("Irian Jaya") | | x | 10 | 0 | 10 | 100% | 0 | 0% | 39 |
| 61 | Conoco Java Sea, Inc. ("Java Sea") | | x | 10 | 0 | 10 | 100% | 0 | 0% | 39 |
| 62 | Conoco Lagia Offshore, Inc. ("Lagia") | | x | 10 | 0 | 10 | 100% | 0 | 0% | 39 |
| 63 | Conoco Methanation Company ("Methanation") | | x | 10 | 0 | 10 | 100% | 0 | 0% | 39 |
| 64 | Conoco Middle East Ltd. ("Middle East") | | x | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 39 |
| 65 | Conoco Mont Belview Holdings, Inc. ("Mont Belview") | | x | 10 | 0 | 10 | 100% | 0 | 0% | 39 |
| 66 | Conoco Nauka Inc. ("Nauka") | | x | 10 | 0 | 10 | 100% | 0 | 0% | 39 |
| 67 | Conoco Norway, Inc. ("Norway") | | x | 100 | 0 | 100 | 100% | 0 | 0% | 39 |
| 68 | Conoco Orient, Inc. ("Orient") | | x | 10 | 0 | 10 | 100% | 0 | 0% | 39 |
| 69 | Conoco Pipe Line Company ("CPL") | | x | 5,000 | 0 | 5,000 | 100% | 0 | 0% | 39 |
| 70 | Antelope Pipe Line Company ("Antelope") | | x | 5,000 | 0 | 5,000 | 100% | 0 | 0% | 69 |
| 71 | Continental Alaska Pipe Line Company ("Alaska PL") | x | | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 69 |
| 72 | Conoco Shale Oil Inc. ("Shale Oil") | | x | 10 | 0 | 10 | 100% | 0 | 0% | 39 |
| 73 | Conoco Specialty Products, Inc. ("Spec Prod") | | x | 10 | 0 | 10 | 100% | 0 | 0% | 39 |
| 74 | Conoco Suez Limited ("Suez Ltd") | | x | 10,000 | 0 | 10,000 | 100% | 0 | 0% | 39 |
| 75 | Conoco Texas Inc. ("Texas") | | x | 960 | 0 | 960 | 100% | 0 | 0% | 39 |
| 76 | Conoco Trading Company ("Trading") | | x | 100 | 0 | 100 | 100% | 0 | 0% | 39 |
| 77 | Conoco Trinidad Inc. ("CONTRINIDAD") | | x | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 39 |
| 78 | Conoco West Firan, Inc. ("West Firan") | | x | 10 | 0 | 10 | 100% | 0 | 0% | 39 |
| 79 | Consolidation Coal Sales Company ("CCSC") | | x | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 39 |
| 80 | Consol Transportation Company ("Consol Trans") | | x | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 79 |
| 81 | Navajo Railroad Company ("Navajo RR") | | x | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 80 |
| 82 | Otter Creek Transportation Company ("Otter Creek") | | x | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 80 |

*Footnotes and addresses are at page 20.

E. I. DU PONT DE NEMOURS AND COMPANY
51-0014090
1990
AFFILIATIONS SCHEDULE (FORM 851) - SUPPLEMENTAL SCHEDULE

PART II - Voting Stock Information, etc.

| No. | Subsidiary Corporation* | Did the subsidiary make any nondividend distributions? (See Instructions) Yes | No | Outstanding at Beginning of Year Number of shares Voting | Non-voting | Stock holdings at beginning of year Voting Number of shares | Percent voting power | Nonvoting Number of shares | Per-cent | Owned by Corp. No. |
|---|---|---|---|---|---|---|---|---|---|---|
| 83 | Value Coal Sales, Inc. ("VALUE") | | x | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 79 |
| 84 | Continental Mid Delta Petroleum Company ("Mid Delta") | | x | 10 | 0 | 10 | 100% | 0 | 0% | 39 |
| 85 | Continental Netherlands Oil Company ("Netherlands") | | x | 10 | 0 | 10 | 100% | 0 | 0% | 39 |
| 86 | Continental Oil Company ("COC") | | x | 10 | 0 | 10 | 100% | 0 | 0% | 39 |
| 87 | Continental Oil Company of Iran ("Iran") | | x | 10 | 0 | 10 | 100% | 0 | 0% | 39 |
| 88 | Continental Oil Company of Italy ("Italy") | | x | 750,000 | 0 | 750,000 | 100% | 0 | 0% | 39 |
| 89 | Continental Oil Company of Libya ("Libya") | | x | 4,000 | 0 | 4,000 | 100% | 0 | 0% | 39 |
| 90 | Continental Oil Company of Niger ("Niger") | | x | 10 | 0 | 10 | 100% | 0 | 0% | 39 |
| 91 | Continental Oil Company of Nigeria ("Nigeria") | | x | 10 | 0 | 10 | 100% | 0 | 0% | 39 |
| 92 | Continental Oil Company of Spain ("Spain") | | x | 10 | 0 | 10 | 100% | 0 | 0% | 39 |
| 93 | Continental Oil Company of Tunisia ("Tunisia") | | x | 10 | 0 | 10 | 100% | 0 | 0% | 39 |
| 94 | Continental Overseas Oil Company ("Overseas Oil") | | x | 10 | 0 | 10 | 100% | 0 | 0% | 39 |
| 95 | Continental Pipe Line Company ("Cont. PL Co") | | x | 5,000 | 0 | 5,000 | 100% | 0 | 0% | 39 |
| 96 | Douglas Oil Company of California ("Douglas") | | x | 10 | 0 | 10 | 100% | 0 | 0% | 39 |
| 97 | Douglas Stations, Inc. ("Douglas Sta") | | x | 10 | 0 | 10 | 100% | 0 | 0% | 96 |
| 98 | Dubai Exploration Company ("Dubai Expl") | | x | 10 | 0 | 10 | 100% | 0 | 0% | 39 |
| 99 | Dubai Marketing Company, Ltd. ("Dubai Mkt") | | x | 10 | 0 | 10 | 100% | 0 | 0% | 39 |
| 100 | Dubai Petroleum Company ("Dubai Pet") | | x | 10 | 0 | 10 | 100% | 0 | 0% | 39 |
| 101 | Du Pont Conid S.p.A. ("Du Pont Conid") | | x | 3,930 | 0 | 3,930 | 100% | 0 | 0% | 39 |
| 102 | Kayo Oil Company ("Kayo") | | x | 10 | 0 | 10 | 100% | 0 | 0% | 39 |
| 103 | Fas-Gas Retail Services of Texas ("Fas-Gas") | | x | 5,000 | 0 | 5,000 | 100% | 0 | 0% | 102 |
| 104 | Longhorn Pipeline Company ("Longhorn") | x | | 10 | 0 | 10 | 100% | 0 | 0% | 39 |
| 105 | Louisiana Gas System Inc. ("La Gas Sys") | | x | 10 | 0 | 10 | 100% | 0 | 0% | 39 |
| 106 | Lake Shore Pipeline Company ("Lake Shore") | | x | 10 | 0 | 10 | 100% | 0 | 0% | 105 |
| 107 | Onco Oil Company ("Onco") | | x | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 39 |
| 108 | San Jacinto Eastern Corporation ("San Jac East") | | x | 250 | 0 | 250 | 100% | 0 | 0% | 39 |
| 109 | San Jacinto Service Company ("San Jac Ser") | | x | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 108 |

*Footnotes and addresses are at page 20.

E. I. DU PONT DE NEMOURS AND COMPANY
51-0014090
1990
AFFILIATIONS SCHEDULE (FORM 851) - SUPPLEMENTAL SCHEDULE

PART II - Voting Stock Information, etc.

| No. | Subsidiary Corporation* | Did the subsidiary make any nondividend distributions? (See Instructions) Yes | No | Outstanding at Beginning of Year, Number of shares: Voting | Non-voting | Stock holdings at beginning of year, Voting: Number of shares | Percent voting power | Nonvoting: Number of shares | Per-cent | Owned by Corp. No. |
|---|---|---|---|---|---|---|---|---|---|---|
| 110 | West Africa Service Corporation ("West Africa") | | x | 10 | 0 | 10 | 100% | 0 | 0% | 39 |
| 111 | Consolidation Coal Company ("Consol") | x | | 75,000 | 0 | 75,000 | 100% | 0 | 0% | 26 |
| 112 | Consolidation Coal Company, Inc. (Nevada) ("Nevada") | | x | 10 | 0 | 10 | 100% | 0 | 0% | 111 |
| 113 | Consolidation Coal Company of Canada ("Canada") | | x | 7,000 | 0 | 7,000 | 100% | 0 | 0% | 111 |
| 114 | Consolidation Coal Company of Kentucky ("Kentucky") | | x | 500 | 0 | 500 | 100% | 0 | 0% | 111 |
| 115 | Fremont Coal Company ("Fremont") | | x | 200 | 0 | 200 | 100% | 0 | 0% | 114 |
| 116 | Consolidation Coal Operating Company ("CCOC") | | x | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 111 |
| 117 | Consol Pennsylvania Coal Company ("CPC") | | x | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 111 |
| 118 | Fairmont Supply Company ("Fairmont") | | x | 5,500 | 0 | 5,500 | 100% | 0 | 0% | 111 |
| 119 | Caun-Co., Inc. ("Caun-Co") | | x | 301 | 0 | 301 | 100% | 0 | 0% | 118 |
| 120 | Itmann Coal Company ("Itmann") | | x | 30,000 | 0 | 30,000 | 100% | 0 | 0% | 111 |
| 121 | McElroy Coal Company ("McElroy") | | x | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 111 |
| 122 | Quarto Mining Company ("Quarto") | | x | 500 | 0 | 500 | 100% | 0 | 0% | 111 |
| 123 | Renton Investment Company ("Renton") | | x | 100 | 0 | 100 | 100% | 0 | 0% | 111 |
| 124 | Reserve Coal Properties Company ("RCPC") | | x | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 111 |
| 125 | Twin Rivers Towing Company ("Twin Rivers") | | x | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 111 |
| 126 | Wolfpen Knob Development Company ("Wolfpen") | | x | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 111 |
| 127 | Du Pont Energy Coal Holdings, Inc. ("DUPECH") | x | | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 26 |
| 128 | Enlow Fork Coal Company | | x | None | 0 | None | 0% | 0 | 0% | 26 |
| 129 | Nineveh Coal Company | | x | None | 0 | None | 0% | 0 | 0% | 26 |

*Footnotes and addresses are at page 20.

E. I. DU PONT DE NEMOURS AND COMPANY
51-0014090
1990
AFFILIATIONS SCHEDULE (FORM 851) - SUPPLEMENTAL SCHEDULE

PART III - Changes in Stock Holdings During the Year

| | | | | Changes in Stock Holdings During the Year | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | Changes | | | | Shares Held at End of Year | |
| | | | | Shares Acquired | | Shares Disposed Of | | Voting | Nonvoting |
| No. | Subsidiary Corporation* | Stock-holder (Corp. No.) | Trans-action Date | Voting | Non-voting | Voting | Non-Voting | Percent of Voting Power | Percent of Shares |
| 5 | Du Pont Chemical and Energy Operations, Inc. ("DCEO") | 1 | 12-20-90 | | 80 | | | | 100% |
| 5 | Du Pont Chemical and Energy Operations, Inc. ("DCEO") | 1 | 12-31-90 | | 20 | | | | 100% |
| 7 | DPGP, Inc. ("DPGP") | 1 | 10-22-90 | | | 1,000 | | 0% | |
| 7 | DPGP, Inc. ("DPGP") | 5 | 10-22-90 | 1,000 | | | | 100% | |
| 8 | DPMG, Inc. ("DPMG") | 1 | 10-22-90 | | | 1,000 | | 0% | |
| 8 | DPMG, Inc. ("DPMG") | 5 | 10-22-90 | 1,000 | | | | 100% | |
| 11 | Du Pont NDT Systems, Inc. ("NDT") | 1 | 10-22-90 | | | 1,000 | | 0% | |
| 11 | Du Pont NDT Systems, Inc. ("NDT") | 5 | 10-22-90 | 1,000 | | | | 100% | |
| 12 | Du Pont Specialty Imaging Media, Inc. ("DSIMI") | 1 | 10-22-90 | | | 1,000 | | 0% | |
| 12 | Du Pont Specialty Imaging Media, Inc. ("DSIMI") | 5 | 10-22-90 | 1,000 | | | | 100% | |
| 13 | Du Pont Supercomputer, Inc. ("DSI") | 1 | 10-22-90 | | | 1,000 | | 0% | |
| 13 | Du Pont Supercomputer, Inc. ("DSI") | 5 | 10-22-90 | 1,000 | | | | 100% | |
| 14 | Howson-Algraphy, Inc. ("Howson") | 1 | 10-22-90 | | | 30,000 | | 0% | |
| 14 | Howson-Algraphy, Inc. ("Howson") | 5 | 10-22-90 | 30,000 | | | | 100% | |
| 16 | Imperial Metal and Chemical Company, Inc. (Howson)("IMAC") | 1 | 10-22-90 | | | 3,500 | | 0% | |
| 16 | Imperial Metal and Chemical Company, Inc. (Howson)("IMAC") | 5 | 10-22-90 | 3,500 | | | | 100% | |
| 17 | Pitt-Consol Chemical Company ("Pitt-Consol") | 1 | 10-22-90 | | | 12,500 | | 0% | |
| 17 | Pitt-Consol Chemical Company ("Pitt-Consol") | 5 | 10-22-90 | 12,500 | | | | 100% | |
| 18 | Remington Arms Company, Inc. ("RAC") | 1 | 10-22-90 | | | 1,000 | | 0% | |
| 18 | Remington Arms Company, Inc. ("RAC") | 5 | 10-22-90 | 1,000 | | | | 100% | |
| 21 | Safer Emergency Systems, Inc. ("Safer") | 1 | 10-22-90 | | | 1,000 | | 0% | |
| 21 | Safer Emergency Systems, Inc. ("Safer") | 5 | 10-22-90 | 1,000 | | | | 100% | |

*Footnotes and addresses are at page 20.

E. I. DU PONT DE NEMOURS AND COMPANY
51-0014090
1990
AFFILIATIONS SCHEDULE (FORM 851) - SUPPLEMENTAL SCHEDULE

PART III - Changes in Stock Holdings During the Year

| | | | | Changes in Stock Holdings During the Year | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | Changes | | | | Shares Held at End of Year | |
| | | Stock-holder | Trans-action | Shares Acquired | | Shares Disposed Of | | Voting | Nonvoting |
| No. | Subsidiary Corporation* | (Corp. No.) | Date | Voting | Non-voting | Voting | Non-Voting | Percent of Voting Power | Percent of Shares |
| 31 | Du Pont Japan, Ltd. ("DJL") | 1 | 01-02-90 | | 200 | | | 0% | 100% |
| 34 | Du Pont Photomasks Inc. ("DPI") | 1 | 08-01-90 | 1,000 | | | | 100% | |
| 35 | Du Pont Semiconductor Products, Inc. ("Semiconduct") | 1 | 12-19-90 | | | 1,000 | | 0% | |
| 34 | Du Pont Photomasks Inc. ("DPI") | 1 | 12-19-90 | 1,000 | | | | 100% | |
| 42 | Comap, Inc. | 39 | 06-04-90 | | | 100 | | 0% | |
| 43 | Compania Continental De Colombia S.A. ("Com Colombia") | 39 | 06-04-90 | | | 1,010 | | 0% | |
| 52 | Conoco Credit Corporation ("Credit Corp") | 39 | 06-04-90 | | | 1,000 | | 0% | |
| 56 | Conoco Hurghada, Inc. ("Hurghada") | 39 | 10-25-90 | | | 10 | | 0% | |
| 61 | Conoco Java Sea, Inc. ("Java Sea") | 39 | 06-04-90 | | | 10 | | 0% | |
| 63 | Conoco Methanation Company ("Methanation") | 39 | 06-04-90 | | | 10 | | 0% | |
| 68 | Conoco Orient, Inc. ("Orient") | 39 | 06-04-90 | | | 10 | | 0% | |
| 74 | Conoco Suez Limited ("Suez Ltd.") | 39 | 06-04-90 | | | 10,000 | | 0% | |
| 81 | Navajo Railroad Company ("Navajo RR") | 80 | 06-11-90 | | | 1,000 | | 0% | |
| 93 | Continental Oil Company of Tunisia ("Tunisia") | 39 | 06-04-90 | | | 10 | | 0% | |
| 98 | Dubai Exploration Company ("Dubai Expl") | 39 | 06-04-90 | | | 10 | | 0% | |
| 106 | Lake Shore Pipeline Company | 105 | 01-01-90 | | | 10 | | 0% | |
| 107 | Onco Oil Company | 39 | 06-04-90 | | | 1,000 | | 0% | |
| 123 | Renton Investment Company ("Renton") | 111 | 07-01-90 | | | 100 | | 0% | |
| 128 | Enlow Fork Coal Company | 26 | 01-30-90 | 1,000 | | | | 100% | |
| 129 | Nineveh Coal Company ("Nineveh") | 26 | 01-30-90 | 1,000 | | | | 100% | |

*Footnotes and addresses are at page 20.

E. I. DU PONT DE NEMOURS AND COMPANY
51-0014090
1990
AFFILIATIONS SCHEDULE (FORM 851) - SUPPLEMENTAL SCHEDULE

PART IV - Additional Information

| No. | Subsidiary Corporation* | Answer to Question 1: Yes/No | If yes, list and describe each class of stock: | Answer to Question 2: Yes/No | Answer to Question 3: Yes/No | Answer to Question 4: Yes/No |
|---|---|---|---|---|---|---|
| 2 | Christiana Securities Company ("CSC") | N | | Y | Y | N |
| 3 | Conoco Coal Development Company ("CCDC") | N | | Y | Y | N |
| 4 | Du Pont Asia Pacific Ltd. ("DAP") | N | | Y | Y | N |
| 5 | Du Pont Chemical and Energy Operations, Inc. ("DCEO") | Y | Com. & Series A Pref. | Y | Y | N |
| 6 | Camex, Inc. ("Camex") | N | | Y | Y | N |
| 7 | DPGP, Inc. ("DPGP") | N | | Y | Y | N |
| 8 | DPMG, Inc. ("DPMG") | N | | Y | Y | N |
| 9 | Du Pont Electronic Imaging Systems, Inc. ("DEIS")(1) | N | | Y | Y | N |
| 10 | Du Pont Environmental Remediation Services Inc. ("DERS") | N | | Y | Y | N |
| 11 | Du Pont NDT Systems, Inc. ("NDT") | N | | Y | Y | N |
| 12 | Du Pont Specialty Imaging Media, Inc. ("DSIMI") | N | | Y | Y | N |
| 13 | Du Pont Supercomputer, Inc. ("DSI") | N | | Y | Y | N |
| 14 | Howson-Algraphy, Inc. ("Howson") | N | | Y | Y | N |
| 15 | ImagiTex, Inc. ("ImagiTex") | N | | Y | Y | N |
| 16 | Imperial Metal and Chemical Company (Howson) ("IM&C") | N | | Y | Y | N |
| 17 | Pitt-Consol Chemical Company ("Pitt-Consol") | N | | Y | Y | N |
| 18 | Remington Arms Company, Inc. ("RAC") | N | | Y | Y | N |
| 19 | The Peters Cartridge Company ("PCC") | N | | Y | Y | N |
| 20 | The Union Metallic Cartridge Company ("UMCC") | N | | Y | Y | N |
| 21 | Safer Emergency Systems, Inc. ("Safer") | N | | Y | Y | N |
| 22 | Du Pont China Limited ("DCL") | N | | Y | Y | N |
| 23 | Du Pont Delaware, Inc. ("DDI") | Y | Com. & Series A Pref. | Y | Y | N |
| 24 | Du Pont Chlorine, Inc. ("DCI") | N | | Y | Y | N |
| 25 | Du Pont Gulf Coast, Inc. ("DGC") | N | | Y | Y | N |
| 26 | Du Pont Energy Company ("DEC") | N | | Y | Y | N |
| 27 | Du Pont Far East Inc. ("DUFE") | N | | Y | Y | N |
| 28 | Du Pont Feedstocks Company ("DFC") | N | | Y | Y | N |
| 29 | Du Pont India Ltd. ("India") | N | | Y | Y | N |
| 30 | Du Pont Inter-America Chemical Company, Inc. ("DIAC") | N | | Y | Y | N |
| 31 | Du Pont Japan, Ltd. ("DJL") | Y | Com. & Series A Pref. | Y | Y | N |
| 32 | Du Pont Optical Storage Holding, Inc. ("DOSH") | N | | Y | Y | N |
| 33 | Du Pont Pharmaceuticals Pan American, Inc. ("DPA") | N | | Y | Y | N |
| 34 | Du Pont Photomasks Inc. ("DPI") | N | | Y | Y | N |
| 35 | Du Pont Semiconductor Products, Inc. ("Semiconduct") | N | | Y | Y | N |
| 36 | Du Pont Senegal, Inc. ("Senegal") | N | | Y | Y | N |
| 37 | Solid State Dielectrics, Inc. ("SSD") | N | | Y | Y | N |
| 38 | Southern Mississippi Transportation Company ("SMTC") | N | | Y | Y | N |
| 39 | Conoco Inc. ("Conoco") | N | | Y | Y | N |
| 40 | Brandywine Industrial Gas, Inc. ("Brandywine") | N | | Y | Y | N |
| 41 | Calcasieu Shipping Corp. ("CALCASIEU") | N | | Y | Y | N |

*Footnotes and addresses are at page 20.

E. I. DU PONT DE NEMOURS AND COMPANY
51-0014090
1990
AFFILIATIONS SCHEDULE (FORM 851) - SUPPLEMENTAL SCHEDULE

PART IV - Additional Information

| No. | Subsidiary Corporation* | Answer to Question 1: Yes/No | If yes, list and describe each class of stock: | Answer to Question 2: Yes/No | Answer to Question 3: Yes/No | Answer to Question 4: Yes/No |
|---|---|---|---|---|---|---|
| 42 | Comap, Inc. ("Comap") | N | | Y | Y | N |
| 43 | Compania Continental De Colombia S.A. ("Com Colombia") | N | | Y | Y | N |
| 44 | Cono-Services Inc. ("Cono-Ser") | N | | Y | Y | N |
| 45 | Conoco Asia Pacific Ltd. ("Asiapacific") | N | | Y | Y | N |
| 46 | Conoco Australia, Limited ("Australia") | N | | Y | Y | N |
| 47 | Conoco Bardawil Inc. ("Bardawil") | N | | Y | Y | N |
| 48 | Conoco Carbon & Minerals Incorporated ("CONOCOCARMIN") | N | | Y | Y | N |
| 49 | Conoco Chile Inc. ("Chile") | N | | Y | Y | N |
| 50 | Conoco Communications, Inc. ("Conoco Comm") | N | | Y | Y | N |
| 51 | Conoco Coral Inc. ("Coral") | N | | Y | Y | N |
| 52 | Conoco Credit Corporation ("Credit Corp") | N | | Y | Y | N |
| 53 | Conoco Egypt Inc. ("Egypt Inc.") | N | | Y | Y | N |
| 54 | Conoco Petcoke Far East Ltd. ("PETFAREAST")(2) | N | | Y | Y | N |
| 55 | Conoco Geisum Inc. ("Geisum") | N | | Y | Y | N |
| 56 | Conoco Hurghada, Inc. ("Hurghada") | N | | Y | Y | N |
| 57 | Conoco Indonesia Inc. ("Indonesia") | N | | Y | Y | N |
| 58 | Conoco International Inc. ("CII") | N | | Y | Y | N |
| 59 | Conoco Ireland Limited ("Ireland") | N | | Y | Y | N |
| 60 | Conoco Irian Jaya Company ("Irian Jaya") | N | | Y | Y | N |
| 61 | Conoco Java Sea, Inc. ("Java Sea") | N | | Y | Y | N |
| 62 | Conoco Lagia Offshore, Inc. ("Lagia") | N | | Y | Y | N |
| 63 | Conoco Methanation Company ("Methanation") | N | | Y | Y | N |
| 64 | Conoco Middle East Ltd. ("Middle East") | N | | Y | Y | N |
| 65 | Conoco Mont Belview Holdings, Inc. ("Mont Belview") | N | | Y | Y | N |
| 66 | Conoco Nauka Inc. ("Nauka") | N | | Y | Y | N |
| 67 | Conoco Norway, Inc. ("Norway") | N | | Y | Y | N |
| 68 | Conoco Orient, Inc. ("Orient") | N | | Y | Y | N |
| 69 | Conoco Pipe Line Company ("CPL") | N | | Y | Y | N |
| 70 | Antelope Pipe Line Company ("Antelope") | N | | Y | Y | N |
| 71 | Continental Alaska Pipe Line Company ("Alaska PL") | N | | Y | Y | N |
| 72 | Conoco Shale Oil Inc. ("Shale Oil") | N | | Y | Y | N |
| 73 | Conoco Specialty Products, Inc. ("Spec Prod") | N | | Y | Y | N |
| 74 | Conoco Suez Limited ("Suez Ltd") | N | | Y | Y | N |
| 75 | Conoco Texas Inc. ("Texas") | N | | Y | Y | N |
| 76 | Conoco Trading Company ("Trading") | N | | Y | Y | N |
| 77 | Conoco Trinidad Inc. ("CONTRINIDAD") | N | | Y | Y | N |
| 78 | Conoco West Firan, Inc. ("West Firan") | N | | Y | Y | N |
| 79 | Consolidation Coal Sales Company ("CCSC") | N | | Y | Y | N |
| 80 | Consol Transportation Company ("Consol Trans") | N | | Y | Y | N |
| 81 | Navajo Railroad Company ("Navajo RR") | N | | Y | Y | N |

*Footnotes and addresses are at page 20.

E. I. DU PONT DE NEMOURS AND COMPANY
51-0014090
1990
AFFILIATIONS SCHEDULE (FORM 851) - SUPPLEMENTAL SCHEDULE

PART IV - Additional Information

| No. | Subsidiary Corporation* | Answer to Question 1: Yes/No | If yes, list and describe each class of stock: | Answer to Question 2: Yes/No | Answer to Question 3: Yes/No | Answer to Question 4: Yes/No |
|---|---|---|---|---|---|---|
| 82 | Otter Creek Transportation Company ("Otter Creek") | N | | Y | Y | N |
| 83 | Value Coal Sales, Inc. ("VALUE") | N | | Y | Y | N |
| 84 | Continental Mid Delta Petroleum Company ("Mid Delta") | N | | Y | Y | N |
| 85 | Continental Netherlands Oil Company ("Netherlands") | N | | Y | Y | N |
| 86 | Continental Oil Company ("COC") | N | | Y | Y | N |
| 87 | Continental Oil Company of Iran ("Iran") | N | | Y | Y | N |
| 88 | Continental Oil Company of Italy ("Italy") | N | | Y | Y | N |
| 89 | Continental Oil Company of Libya ("Libya") | N | | Y | Y | N |
| 90 | Continental Oil Company of Niger ("Niger") | N | | Y | Y | N |
| 91 | Continental Oil Company of Nigeria ("Nigeria") | N | | Y | Y | N |
| 92 | Continental Oil Company of Spain ("Spain") | N | | Y | Y | N |
| 93 | Continental Oil Company of Tunisia ("Tunisia") | N | | Y | Y | N |
| 94 | Continental Overseas Oil Company ("Overseas Oil") | N | | Y | Y | N |
| 95 | Continental Pipe Line Company ("Cont. PL Co") | N | | Y | Y | N |
| 96 | Douglas Oil Company of California ("Douglas") | N | | Y | Y | N |
| 97 | Douglas Stations, Inc. ("Douglas Sta") | N | | Y | Y | N |
| 98 | Dubai Exploration Company ("Dubai Expl") | N | | Y | Y | N |
| 99 | Dubai Marketing Company, Ltd. ("Dubai Mkt") | N | | Y | Y | N |
| 100 | Dubai Petroleum Company ("Dubai Pet") | N | | Y | Y | N |
| 101 | Du Pont Conid S.p.A. ("Du Pont Conid") | N | | Y | Y | N |
| 102 | Kayo Oil Company ("Kayo") | N | | Y | Y | N |
| 103 | Fas-Gas Retail Services of Texas ("Fas-Gas") | N | | Y | Y | N |
| 104 | Longhorn Pipeline Company ("Longhorn") | N | | Y | Y | N |
| 105 | Louisiana Gas System Inc. ("La Gas Sys") | N | | Y | Y | N |
| 106 | Lake Shore Pipeline Company ("Lake Shore") | N | | Y | Y | N |
| 107 | Onco Oil Company ("Onco") | N | | Y | Y | N |
| 108 | San Jacinto Eastern Corporation ("San Jac East") | N | | Y | Y | N |
| 109 | San Jacinto Service Company ("San Jac Ser") | N | | Y | Y | N |
| 110 | West Africa Service Corporation ("West Africa") | N | | Y | Y | N |
| 111 | Consolidation Coal Company ("Consol") | N | | Y | Y | N |
| 112 | Consolidation Coal Company, Inc. (Nevada) ("Nevada") | N | | Y | Y | N |
| 113 | Consolidation Coal Company of Canada ("Canada") | N | | Y | Y | N |
| 114 | Consolidation Coal Company of Kentucky ("Kentucky") | N | | Y | Y | N |
| 115 | Fremont Coal Company ("Fremont") | N | | Y | Y | N |
| 116 | Consolidation Coal Operating Company ("CCOC") | N | | Y | Y | N |
| 117 | Consol Pennsylvania Coal Company ("CPC") | N | | Y | Y | N |
| 118 | Fairmont Supply Company ("Fairmont") | N | | Y | Y | N |
| 119 | Caun-Co., Inc. ("Caun-Co") | N | | Y | Y | N |
| 120 | Itmann Coal Company ("Itmann") | N | | Y | Y | N |
| 121 | McElroy Coal Company ("McElroy") | N | | Y | Y | N |

*Footnotes and addresses are at page 20.

E. I. DU PONT DE NEMOURS AND COMPANY
51-0014090
1990
AFFILIATIONS SCHEDULE (FORM 851) - SUPPLEMENTAL SCHEDULE

PART IV - Additional Information

| No. | Subsidiary Corporation* | Answer to Question 1: Yes/No | If yes, list and describe each class of stock: | Answer to Question 2: Yes/No | Answer to Question 3: Yes/No | Answer to Question 4: Yes/No |
|---|---|---|---|---|---|---|
| 122 | Quarto Mining Company ("Quarto") | N | | Y | Y | N |
| 123 | Renton Investment Company ("Renton") | N | | Y | Y | N |
| 124 | Reserve Coal Properties Company ("RCPC") | N | | Y | Y | N |
| 125 | Twin Rivers Towing Company ("Twin Rivers") | N | | Y | Y | N |
| 126 | Wolfpen Knob Development Company ("Wolfpen") | N | | Y | Y | N |
| 127 | Du Pont Energy Coal Holdings, Inc. ("DUPECH") | N | | Y | Y | N |
| 128 | Enlow Fork Coal Company | N | | Y | Y | N |
| 129 | Nineveh Coal Company | N | | Y | Y | N |

*Footnotes and addresses are at page 20.

E. I. DU PONT DE NEMOURS AND COMPANY
51-0014090

AFFILIATIONS SCHEDULE (FORM 851) - SUPPLEMENTAL SCHEDULE

FOOTNOTES

(1)Name changed from Crosfield Electronics, Inc. 7/19/90.

(2)Name changed from Conoco Far East Ltd. 8/15/90.

ADDRESSES

| Corporation Number | Address |
|---|---|
| 2-13, 15, 17-38 | 1007 Market Street, Montchanin Bldg., Rm. 11720, Wilmington, DE 19898 |
| 14 | 100 Demarest Dr., Wayne, NJ 07470 |
| 16 | 2050 Byberry Road, Philadelphia, PA 19116 |
| 39-78, 84-110 | Box 1267, Ponca City, Oklahoma 74603. |
| 79-83, 111-129 | 1800 Washington Road, Pittsburgh, PA 15241 |

Form **851** (Rev. March 1989) Department of the Treasury Internal Revenue Service

# Affiliations Schedule

**(To be filed with each consolidated income tax return)**

**Tax Year Ended** December 31, 1991

OMB No. 1545-0025 Expires 2-29-92

Common parent corporation: E. I. DU PONT DE NEMOURS AND COMPANY ("DU PONT")

Employer identification number: 51-0014090

Number and street (or P.O. box number if mail is not delivered to street address): 1007 MARKET STREET, MONTCHANIN BLDG., RM. 11720

City or town, state, and ZIP code: WILMINGTON, DELAWARE 19898

## Part I Prepayment Credits

| No. | Name and address of corporation | Employer identification number | Prepayment Credits: Portion of Form 7004 tax deposits | Prepayment Credits: Portion of estimated tax credits and deposits |
|---|---|---|---|---|
| 1 | Common parent corporation | | | |
| 2 | Subsidiary corporations: SEE ATTACHED SUPPLEMENTAL SCHEDULE, PART I, FOR COMPANIES 1 THROUGH 125 | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |
| 6 | | | | |
| 7 | | | | |
| 8 | | | | |
| 9 | | | | |
| 10 | | | | |
| | **Totals** (Must equal amounts shown on the consolidated tax return) ▶ | | | |

## Part II Voting Stock Information, etc.

| No. | Principal business activity | Did the subsidiary make any nondividend distributions? (See instructions.) Yes | No | Capital stock outstanding at beginning of year — Number of shares: Voting | Nonvoting | Stock holdings at beginning of year — Voting: Number of shares | Percent voting power | Nonvoting: Number of shares | Percent | Owned by corporation number — |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Common parent corporation | | | | | | | | | |
| 2 | Subsidiary corporations: SEE ATTACHED SUPPLEMENTAL | | | | | | % | | % | |
| 3 | SCHEDULE, PART II, FOR COMPANIES 2 THROUGH 125 | | | | | | % | | % | |
| 4 | | | | | | | % | | % | |
| 5 | | | | | | | % | | % | |
| 6 | | | | | | | % | | % | |
| 7 | | | | | | | % | | % | |
| 8 | | | | | | | % | | % | |
| 9 | | | | | | | % | | % | |
| 10 | | | | | | | % | | % | |

**For Paperwork Reduction Act Notice, see instructions.** Form 851 (Rev. 3-89)

Attachment 1

Form 851 (Rev. 3-89) Page 2

**Part III** **Changes in Stock Holdings During the Year**

| Corporation | | Stockholder (Corporation No.)* | Change in stock holdings during the year | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | Changes | | | | Shares held at end of year | |
| | | | | Shares acquired | | Shares disposed of | | Voting | Nonvoting |
| No.* | Name | | Date | Voting | Nonvoting | Voting | Nonvoting | Percent voting power | Percent of shares |
| | SEE ATTACHED SUPPLEMENTAL SCHEDULE PART III, FOR COMPANIES WITH | | | | | | | % | % |
| | CHANGES IN STOCK HOLDINGS DURING THE YEAR | | | | | | | % | % |
| | | | | | | | | % | % |
| | | | | | | | | % | % |
| | | | | | | | | % | % |
| | | | | | | | | % | % |
| | | | | | | | | % | % |
| | | | | | | | | % | % |

*The numbers used must agree with the corporation numbers in Part I, page 1.

If additional stock was issued, or if any stock was retired during the year, show the dates and amounts for these transactions.

**If the equitable owners of any capital stock shown above were other than the holders of record, give full details.**

Remarks: ..........

Attachment 1
Page 2

Form 851 (Rev. 3-89) Page

**Part IV** Additional Information (See instructions for Part IV for Questions 1 through 4.)

| No.* | Name | Answer to Question 1: Yes | No | If yes, list and describe each class of stock: |
|---|---|---|---|---|
| | SEE ATTACHED SUPPLEMENTAL SCHEDULE, PART IV, FOR COMPANIES 2 THROUGH 125 | | | |
| | | | | |
| | | | | |

| No.* | Name | Answer to Question 2: Yes | No | If yes, but such stock was not owned for the entire tax year, provide dates to show period of ownership: |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| No.* | Name | Answer to Question 3: Yes | No | If yes, but such stock was not owned for the entire tax year, provide dates to show period of ownership: |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| No.* | Name | Answer to Question 4(a): Yes | No | If yes, enter the percentage asked for in item 4(b): | If yes, enter the percentage asked for in item 4(c): | If yes, enter the percentage asked for in item 4(c): |
|---|---|---|---|---|---|---|
| | | | | % | % | % |
| | | | | % | % | % |
| | | | | % | % | % |
| | | | | % | % | % |

| No.* | Item 4(a)—Description of arrangements: (* The numbers used must agree with the corporation numbers in Part I, page 1.) |
|---|---|
| | |
| | |
| | |
| | |

## Signature

Under penalties of perjury, I declare that I have examined this form, including accompanying statements, and to the best of my knowledge and belief, it is true, correct, and complete for the tax year as stated.

Harvey Minton — Signature of officer — H. D. Minton

9-11-92 — Date

Vice President - Taxes — Title

Attachment I
Page 3

## Instructions

*(References are to the Internal Revenue Code unless otherwise noted.)*

**Paperwork Reduction Act Notice.**—We ask for this information to carry out the Internal Revenue laws of the United States. We need it to ensure that taxpayers are complying with these laws and to allow us to figure and collect the right amount of tax. You are required to give us this information.

The time needed to complete and file this form will vary depending on individual circumstances. The average time is:

| | |
|---|---|
| **Recordkeeping** | 11 hrs., 58 min. |
| **Learning about the law or form** | 24 min. |
| **Preparing and sending the form to IRS** | 37 min. |

If you have comments concerning the accuracy of these time estimates or suggestions for making this form more simple, we would be happy to hear from you. You can write to either IRS or the Office of Management and Budget, at the addresses listed in the instructions for the tax return with which this form is filed.

**Purpose of Form.**—Form 851, Affiliations Schedule, is filed by the parent corporation for itself and for affiliated corporations in the affiliated group. File Form 851 by attaching it to the consolidated tax return for the group.

### Definitions

**1. Affiliated Group.**— Generally, a corporation is required to own 80% or more of the voting power and 80% or more of the total value of the stock of another corporation before the two are considered an affiliated group.

**2. Nondividend Distributions.**—Nondividend distributions referred to in Part II, third column, are any distributions (other than stock dividends and distributions in exchange for stock) paid during the tax year for which the consolidated tax return is filed that were in excess of the corporation's current and accumulated earnings and profits. See sections 301 and 316.

### Part IV.—Additional Information

Answer questions 1 through 4 by checking "Yes" or "No" in Part IV, and provide the other information requested based on the following questions and items:

**Question 1.**—During the tax year, did the corporation have more than one class of stock outstanding? For purposes of this question only, disregard section 1504(a)(4).

**Question 2.**—During the tax year, did the purported members of the affiliated group own stock (as the term is used in section 1504(a)) possessing at least 80% of the value of the total outstanding stock of the corporation?

**Question 3.**—During the tax year, did purported members of the affiliated group own stock (as the term is used in section 1504(a)) possessing at least 80% of the voting power of outstanding stock of the corporation?

**Question 4(a).**—During the tax year, was there any arrangement in existence by which one or more persons that were not members of the affiliated group could acquire any stock, or acquire any voting power without acquiring stock, in the corporation, other than a de minimis amount, from the corporation or another purported member of the affiliated group? (Such an arrangement may include an option, warrant, conversion feature, or similar arrangement, but is not limited to these arrangements.) If the answer to question 4(a) is "Yes," complete items 4(b), 4(c), 4(d), and 4(e) in Part IV.

**Item 4(b).**—If the answer to question 4(a) is "Yes," indicate the percentage of the value of the outstanding stock that the person(s) could acquire.

**Item 4(c).**—If the answer to question 4(a) is "Yes," and the arrangement was associated with voting stock, indicate the percentage of voting stock that the person(s) could acquire.

**Item 4(d).**—If the arrangement was associated with the acquisition of voting power without the acquisition of the related stock, indicate the percentage of voting power that the persons could so acquire.

**Item 4(e).**—In item 4(e) give a brief description of any arrangement by which a person that is not a member of the affiliated group could acquire any stock, or acquire any voting power without acquiring stock, in the corporation. (Such an arrangement may include an option, warrant, conversion feature, or similar arrangement, but is not limited to these types of arrangements.)

E. I. DU PONT DE NEMOURS AND COMPANY
51-0014090
1991
AFFILIATIONS SCHEDULE (FORM 851) - SUPPLEMENTAL SCHEDULE

PART I - Prepayment Credits

| Number | Subsidiary Corporation* | Employer Identification Number | Prepayment Credits: Portion of Form 7004 tax deposits | Portion of estimated tax credits and deposits |
|---|---|---|---|---|
| 1 | E. I. du Pont de Nemours and Company - Common Parent Corp. | 51-0014090 | 98,000,000 | 361,991,077 |
| 2 | Christiana Securities Company ("CSC") | 51-0255262 | | |
| 3 | Conoco Coal Development Company ("CCDC") | 73-0970301 | | |
| 4 | D C Vision, Inc. ("DCV, Inc.") | 51-0335742 | | |
| 5 | Du Pont Asia Pacific Ltd. ("DAP") | 51-0122490 | | |
| 6 | Du Pont Chemical and Energy Operations, Inc. ("DCEO") | 51-0313062 | | |
| 7 | Camex, Inc. ("Camex") | 04-2583886 | | |
| 8 | DPGP, Inc. ("DPGP") | 51-0318580 | | |
| 9 | Destination Realty Inc. ("Realty") | 51-0336010 | | |
| 10 | Du Pont Electronic Imaging Systems, Inc. ("DEIS") | 22-2783191 | | |
| 11 | Du Pont Environmental Remediation Services Inc. ("DERS") | 51-0320842 | | |
| 12 | Du Pont NDT Systems, Inc. ("NDT") | 51-0313063 | | |
| 13 | Du Pont Separation Systems, Inc. ("DSS") | 51-0338127 | | |
| 14 | Du Pont Specialty Imaging Media, Inc. ("DSIMI") | 51-0308921 | | |
| 15 | Du Pont Supercomputer, Inc. ("DSI") | 51-0324098 | | |
| 16 | Du Pont Tribon Composites, Inc. ("Tribon") | 51-0338475 | | |
| 17 | Howson-Algraphy, Inc. ("Howson") | 22-2027746 | | |
| 18 | ImagiTex, Inc. ("ImagiTex") | 04-2751239 | | |
| 19 | Imperial Metal and Chemical Company (Howson) ("IM&C") | 23-1989886 | | |
| 20 | Pitt-Consol Chemical Company ("Pitt-Consol") | 22-1570965 | | |
| 21 | Plastic Recycling Alliance, Inc. ("PRA")(1) | 51-0320288 | | |
| 22 | Remington Arms Company, Inc. ("RAC") | 51-0246028 | | |
| 23 | The Peters Cartridge Company ("PCC") | 06-1098629 | | |
| 24 | The Union Metallic Cartridge Company ("UMCC") | 52-1218054 | | |
| 25 | Safer Emergency Systems, Inc. ("Safer") | 95-3862077 | | |
| 26 | Du Pont China Limited ("DCL") | 51-0280207 | | |
| 27 | Du Pont Delaware, Inc. ("DDI") | 51-0300285 | | |
| 28 | Ceramic Dielectrics, Inc. ("CDI") | 51-0336353 | | |
| 29 | Du Pont Chlorine, Inc. ("DCI") | 51-0303480 | | |
| 30 | Du Pont Gulf Coast, Inc. ("DGC") | 51-0300281 | | |
| 31 | Du Pont Methanol Company ("Methanol") | 51-0337282 | | |
| 32 | Du Pont Energy Company ("DEC") | 51-0325363 | | |
| 33 | Conoco Inc. ("Conoco") | 73-0196000 | | 10,085 |
| 34 | Brandywine Industrial Gas, Inc. ("Brandywine") | 73-1222973 | | |
| 35 | Calcasieu Shipping Corp. ("CALCASIEU") | 73-1339313 | | |
| 36 | Cono-Services Inc. ("Cono-Ser") | 73-1143039 | | |
| 37 | Conoco Asia Pacific Ltd. ("Asiapacific") | 73-1348086 | | |
| 38 | Conoco Australia, Limited ("Australia") | 73-6091776 | | |
| 39 | Conoco Bardawil Inc. ("Bardawil") | 73-0796072 | | |
| 40 | Conoco Carbon & Minerals Incorporated ("CONOCOCARMIN") | 73-6091774 | | |

*Footnotes and addresses are at page 19.

E. I. DU PONT DE NEMOURS AND COMPANY
51-0014090
1991
AFFILIATIONS SCHEDULE (FORM 851) - SUPPLEMENTAL SCHEDULE

PART I - Prepayment Credits

| Number | Subsidiary Corporation* | Employer Identi-fication Number | Prepayment Credits: Portion of Form 7004 tax deposits | Prepayment Credits: Portion of estimated tax credits and deposits |
|---|---|---|---|---|
| 41 | Conoco Chile Inc. ("Chile") | 73-1107063 | | |
| 42 | Conoco Communications, Inc. ("Conoco Comm") | 73-6091772 | | |
| 43 | Conoco Coral Inc. ("Coral") | 73-1115403 | | |
| 44 | Conoco Egypt Inc. ("Egypt Inc.") | 73-1256262 | | |
| 45 | Conoco Este Pipeline Company ("Con. Este P/L") | 73-1400149 | | |
| 46 | Conoco Europe Gas Company ("Europe Gas") | 73-1386402 | | |
| 47 | Conoco Geisum Inc. ("Geisum") | 73-0927507 | | |
| 48 | Conoco Indonesia Inc. ("Indonesia") | 73-6091779 | | |
| 49 | Conoco International Inc. ("CII") | 73-6091773 | | |
| 50 | Conoco Ireland Limited ("Ireland") | 73-0752372 | | |
| 51 | Conoco Irian Jaya Company ("Irian Jaya") | 73-0775452 | | |
| 52 | Conoco Lagia Offshore, Inc. ("Lagia") | 73-0957008 | | |
| 53 | Conoco Middle East Ltd. ("Middle East") | 76-0273970 | | |
| 54 | Conoco Mont Belview Holdings, Inc. ("Mont Belview") | 73-1273522 | | |
| 55 | Conoco Nauka Inc. ("Nauka") | 73-6091787 | | |
| 56 | Conoco Norway, Inc. ("Norway") | 73-0794173 | | |
| 57 | Conoco Overseas Oil Company ("Overseas Oil")(2) | 73-6093237 | | |
| 58 | Conoco Petcoke Far East Ltd. ("PETFAREAST") | 73-6107393 | | |
| 59 | Conoco Pipe Line Company ("CPL") | 73-0196220 | | |
| 60 | Antelope Pipe Line Company ("Antelope") | 73-1314162 | | |
| 61 | Continental Alaska Pipe Line Company ("Alaska PL") | 73-1191787 | | |
| 62 | Conoco Shale Oil Inc. ("Shale Oil") | 73-1136738 | | |
| 63 | Conoco Specialty Products, Inc. ("Spec Prod") | 73-6091775 | | |
| 64 | Conoco Texas Inc. ("Texas") | 73-6091789 | | |
| 65 | Conoco Trading Company ("Trading") | 73-1322507 | | |
| 66 | Conoco Trinidad Inc. ("CONTRINIDAD") | 76-0286506 | | |
| 67 | Conoco West Firan, Inc. ("West Firan") | 73-1115404 | | |
| 68 | Consolidation Coal Sales Company ("CCSC") | 25-1385259 | | |
| 69 | Consol Transportation Company ("Consol Trans") | 25-1385260 | | |
| 70 | Otter Creek Transportation Company ("Otter Creek") | 25-1402383 | | |
| 71 | Value Coal Sales, Inc. ("VALUE") | 25-1411492 | | |
| 72 | Continental Mid Delta Petroleum Company ("Mid Delta") | 73-6091784 | | |
| 73 | Continental Netherlands Oil Company ("Netherlands") | 73-0739559 | | |
| 74 | Continental Oil Company ("COC") | 73-0788910 | | |
| 75 | Continental Oil Company of Iran ("Iran") | 73-6091780 | | |
| 76 | Continental Oil Company of Italy ("Italy") | 73-6091782 | | |
| 77 | Continental Oil Company of Libya ("Libya") | 73-6091783 | | |
| 78 | Continental Oil Company of Niger ("Niger") | 73-0794161 | | |
| 79 | Continental Oil Company of Nigeria ("Nigeria") | 73-6109887 | | |
| 80 | Continental Oil Company of Spain ("Spain") | 73-6091788 | | |

*Footnotes and addresses are at page 19.

E. I. DU PONT DE NEMOURS AND COMPANY
51-0014090
1991
AFFILIATIONS SCHEDULE (FORM 851) - SUPPLEMENTAL SCHEDULE

PART I - Prepayment Credits

| Number | Subsidiary Corporation* | Employer Identi-fication Number | Prepayment Credits: Portion of Form 7004 tax deposits | Prepayment Credits: Portion of estimated tax credits and deposits |
|---|---|---|---|---|
| 81 | Continental Pipe Line Company ("Cont. PL Co") | 73-1300809 | | |
| 82 | Douglas Oil Company of California ("Douglas") | 95-2124734 | | |
| 83 | Douglas Stations, Inc. ("Douglas Sta") | 95-2371340 | | |
| 84 | Du Pont Conid S.p.A. ("Du Pont Conid") | 73-0942166 | | |
| 85 | Dubai Marketing Company, Ltd. ("Dubai Mkt") | 73-0775457 | | |
| 86 | Dubai Petroleum Company ("Dubai Pet") | 73-6098501 | | |
| 87 | Kayo Oil Company ("Kayo") | 62-0609963 | | |
| 88 | Fas-Gas Retail Services of Texas ("Fas-Gas") | 73-0959144 | | |
| 89 | Longhorn Pipeline Company ("Longhorn") | 73-1222981 | | |
| 90 | Louisiana Gas System Inc. ("La Gas Sys") | 73-1095713 | | |
| 91 | San Jacinto Eastern Corporation ("San Jac East") | 13-1857133 | | |
| 92 | San Jacinto Service Company ("San Jac Ser") | 73-6091660 | | |
| 93 | West Africa Service Corporation ("West Africa") | 73-1313570 | | |
| 94 | Consol Energy Inc. ("CEI") | 51-0337383 | | |
| 95 | Consol Inc. ("CI") | 25-1671742 | | |
| 96 | Consol Sales Company ("Consol Sales") | 25-1670342 | | |
| 97 | Consolidation Coal Company ("Consol") | 13-2566594 | | 624 |
| 98 | Consol Pennsylvania Coal Company ("CPC") | 25-1602386 | | 30 |
| 99 | Consolidation Coal Company of Canada ("Canada") | 98-0013773 | | |
| 100 | Consolidation Coal Company of Kentucky ("Kentucky") | 94-2524120 | | |
| 101 | Fremont Coal Company ("Fremont") | 94-2740438 | | |
| 102 | Consolidation Coal Company, Inc. (Nevada) ("Nevada") | 25-1358178 | | |
| 103 | Consolidation Coal Operating Company ("CCOC") | 25-1611502 | | |
| 104 | Fairmont Supply Company ("Fairmont") (3) | 25-1654524 | | |
| 105 | Caun-Co., Inc. ("Caun-Co") | 84-0570291 | | |
| 106 | Itmann Coal Company ("Itmann") | 54-0720291 | | 2 |
| 107 | McElroy Coal Company ("McElroy") | 25-1553551 | | |
| 108 | Quarto Mining Company ("Quarto") | 34-1048622 | | 66 |
| 109 | Reserve Coal Properties Company ("RCPC") | 25-1582519 | | |
| 110 | Twin Rivers Towing Company ("Twin Rivers") | 25-1181155 | | |
| 111 | Wolfpen Knob Development Company ("Wolfpen") | 25-1391218 | | |
| 112 | Du Pont Energy Coal Holdings, Inc. ("DUPECH") | 25-1564841 | | |
| 113 | Enlow Fork Mining Company ("EFMC") | 25-1622896 | | |
| 114 | Nineveh Coal Company ("Nineveh") | 25-1623007 | | |
| 115 | Du Pont Far East Inc. ("DUFE") | 51-0095634 | | |
| 116 | Du Pont Feedstocks Company ("DFC") | 51-0250342 | | |
| 117 | Du Pont India Ltd. ("India") | 51-0324127 | | |
| 118 | Du Pont Inter-America Chemical Company, Inc. ("DIAC") | 51-0099616 | | |
| 119 | Du Pont Japan, Ltd. ("DJL") | 51-0271804 | | |
| 120 | Du Pont Pharmaceuticals Pan American, Inc. ("DPA") | 11-1511253 | | |

*Footnotes and addresses are at page 19.

E. I. DU PONT DE NEMOURS AND COMPANY
51-0014090
1991
AFFILIATIONS SCHEDULE (FORM 851) - SUPPLEMENTAL SCHEDULE

PART I - Prepayment Credits

| Number | Subsidiary Corporation* | Employer Identification Number | Prepayment Credits: Portion of Form 7004 tax deposits | Prepayment Credits: Portion of estimated tax credits and deposits |
|---|---|---|---|---|
| 121 | Du Pont Photomasks Inc. ("DPI") | 74-2238819 | | |
| 122 | Du Pont Senegal, Inc. ("Senegal") | 51-0315957 | | |
| 123 | Du Pont Specialty Operations, Inc. ("DSO")(4) | 51-0291669 | | |
| 124 | Solid State Dielectrics, Inc. ("SSD") | 51-0265412 | | |
| 125 | Southern Mississippi Transportation Company ("SMTC") | 51-0196433 | | |
| | TOTAL PREPAYMENT CREDITS | | 98,000,000 | 362,001,884 |

*Footnotes and addresses are at page 19.

E. I. DU PONT DE NEMOURS AND COMPANY
51-0014090
1991
AFFILIATIONS SCHEDULE (FORM 851) - SUPPLEMENTAL SCHEDULE

PART II - Voting Stock Information, etc.

| No. | Subsidiary Corporation* | Did the subsidiary make any nondividend distributions? (See Instructions) Yes | No | Outstanding at Beginning of Year — Number of shares: Voting | Non-voting | Stock holdings at beginning of year — Voting: Number of shares | Percent voting power | Nonvoting: Number of shares | Per-cent | Owned by Corp. No. |
|---|---|---|---|---|---|---|---|---|---|---|
| 2 | Christiana Securities Company ("CSC") | | X | 10 | 0 | 10 | 100% | 0 | 0% | 1 |
| 3 | Conoco Coal Development Company ("CCDC") | | X | 10 | 0 | 10 | 100% | 0 | 0% | 1 |
| 4 | D C Vision, Inc. ("DCV, Inc.") | | X | 0 | 0 | 0 | 0% | 0 | 0% | 1 |
| 5 | Du Pont Asia Pacific Ltd. ("DAP") | | X | 59,399 | 0 | 59,399 | 100% | 0 | 0% | 1 |
| 6 | Du Pont Chemical and Energy Operations, Inc. ("DCEO") | | X | 100 | 180 | 100 | 100% | 180 | 100% | 1 |
| 7 | Camex, Inc. ("Camex") | | X | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 6 |
| 8 | DPGP, Inc. ("DPGP") | | X | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 6 |
| 9 | Destination Realty Inc. ("Realty") | | X | 0 | 0 | 0 | 0% | 0 | 0% | 6 |
| 10 | Du Pont Electronic Imaging Systems, Inc. ("DEIS") | | X | 2,500 | 0 | 2,500 | 100% | 0 | 0% | 6 |
| 11 | Du Pont Environmental Remediation Services Inc. ("DERS") | | X | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 6 |
| 12 | Du Pont NDT Systems, Inc. ("NDT") | | X | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 6 |
| 13 | Du Pont Separation Systems, Inc. ("DSS") | | X | 0 | 0 | 0 | 0% | 0 | 0% | 6 |
| 14 | Du Pont Specialty Imaging Media, Inc. ("DSIMI") | | X | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 6 |
| 15 | Du Pont Supercomputer, Inc. ("DSI") | | X | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 6 |
| 16 | Du Pont Tribon Composites, Inc. ("Tribon") | | X | 0 | 0 | 0 | 0% | 0 | 0% | 6 |
| 17 | Howson-Algraphy, Inc. ("Howson") | | X | 30,000 | 0 | 30,000 | 100% | 0 | 0% | 6 |
| 18 | ImagiTex, Inc. ("ImagiTex") | | X | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 6 |
| 19 | Imperial Metal and Chemical Company (Howson) ("IM&C") | | X | 3,500 | 0 | 3,500 | 100% | 0 | 0% | 6 |
| 20 | Pitt-Consol Chemical Company ("Pitt-Consol") | | X | 12,500 | 0 | 12,500 | 100% | 0 | 0% | 6 |
| 21 | Plastic Recycling Alliance, Inc. ("PRA")(1) | | X | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 6 |
| 22 | Remington Arms Company, Inc. ("RAC") | | X | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 6 |
| 23 | The Peters Cartridge Company ("PCC") | | X | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 22 |
| 24 | The Union Metallic Cartridge Company ("UMCC") | | X | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 22 |
| 25 | Safer Emergency Systems, Inc. ("Safer") | | X | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 6 |
| 26 | Du Pont China Limited ("DCL") | | X | 100,000 | 0 | 100,000 | 100% | 0 | 0% | 1 |
| 27 | Du Pont Delaware, Inc. ("DDI") | | X | 1,200 | 40 | 1,200 | 100% | 40 | 100% | 1 |
| 28 | Ceramic Dielectrics, Inc. ("CDI") | | X | 0 | 0 | 0 | 0% | 0 | 0% | 27 |

*Footnotes and addresses are at page 19.

E. I. DU PONT DE NEMOURS AND COMPANY
51-0014090
1991
AFFILIATIONS SCHEDULE (FORM 851) - SUPPLEMENTAL SCHEDULE

PART II - Voting Stock Information, etc.

| No. | Subsidiary Corporation* | Did the subsidiary make any nondividend distributions? (See instructions) Yes | No | Outstanding at Beginning of Year, Number of shares: Voting | Non-voting | Stock holdings at beginning of year, Voting: Number of shares | Percent voting power | Nonvoting: Number of shares | Per-cent | Owned by Corp. No. |
|---|---|---|---|---|---|---|---|---|---|---|
| 29 | Du Pont Chlorine, Inc. ("DCI") | | X | 1,100 | 0 | 1,100 | 100% | 0 | 0% | 27 |
| 30 | Du Pont Gulf Coast, Inc. ("DGC") | | X | 1,100 | 0 | 1,100 | 100% | 0 | 0% | 27 |
| 31 | Du Pont Methanol Company ("Methanol") | | X | 0 | 0 | 0 | 0% | 0 | 0% | 27 |
| 32 | Du Pont Energy Company ("DEC") | | X | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 1 |
| 33 | Conoco Inc. ("Conoco") | | X | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 32 |
| 34 | Brandywine Industrial Gas, Inc. ("Brandywine") | | X | 10 | 0 | 10 | 100% | 0 | 0% | 33 |
| 35 | Calcasieu Shipping Corp. ("CALCASIEU") | | X | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 33 |
| 36 | Cono-Services Inc. ("Cono-Ser") | | X | 10 | 0 | 10 | 100% | 0 | 0% | 33 |
| 37 | Conoco Asia Pacific Ltd. ("Asiapacific") | | X | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 33 |
| 38 | Conoco Australia, Limited ("Australia") | | X | 10 | 0 | 10 | 100% | 0 | 0% | 33 |
| 39 | Conoco Bardawil Inc. ("Bardawil") | | X | 10 | 0 | 10 | 100% | 0 | 0% | 33 |
| 40 | Conoco Carbon & Minerals Incorporated ("CONOCOCARMIN") | | X | 130 | 0 | 130 | 100% | 0 | 0% | 33 |
| 41 | Conoco Chile Inc. ("Chile") | | X | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 33 |
| 42 | Conoco Communications, Inc. ("Conoco Comm") | | X | 10 | 0 | 10 | 100% | 0 | 0% | 33 |
| 43 | Conoco Coral Inc. ("Coral") | | X | 10 | 0 | 10 | 100% | 0 | 0% | 33 |
| 44 | Conoco Egypt Inc. ("Egypt Inc.") | | X | 10 | 0 | 10 | 100% | 0 | 0% | 33 |
| 45 | Conoco Este Pipeline Company ("Con. Este P/L") | | X | 0 | 0 | 0 | 0% | 0 | 0% | 33 |
| 46 | Conoco Europe Gas Company ("Europe Gas") | | X | 0 | 0 | 0 | 0% | 0 | 0% | 33 |
| 47 | Conoco Geisum Inc. ("Geisum") | | X | 100 | 0 | 100 | 100% | 0 | 0% | 33 |
| 48 | Conoco Indonesia Inc. ("Indonesia") | | X | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 33 |
| 49 | Conoco International Inc. ("CII") | | X | 100 | 0 | 100 | 100% | 0 | 0% | 33 |
| 50 | Conoco Ireland Limited ("Ireland") | | X | 20 | 0 | 20 | 100% | 0 | 0% | 33 |
| 51 | Conoco Irian Jaya Company ("Irian Jaya") | | X | 10 | 0 | 10 | 100% | 0 | 0% | 33 |
| 52 | Conoco Lagia Offshore, Inc. ("Lagia") | | X | 10 | 0 | 10 | 100% | 0 | 0% | 33 |
| 53 | Conoco Middle East Ltd. ("Middle East") | | X | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 33 |
| 54 | Conoco Mont Belview Holdings, Inc. ("Mont Belview") | | X | 10 | 0 | 10 | 100% | 0 | 0% | 33 |
| 55 | Conoco Nauka Inc. ("Nauka") | | X | 10 | 0 | 10 | 100% | 0 | 0% | 33 |

*Footnotes and addresses are at page 19.

E. I. DU PONT DE NEMOURS AND COMPANY
51-0014090
1991
AFFILIATIONS SCHEDULE (FORM 851) - SUPPLEMENTAL SCHEDULE

PART II - Voting Stock Information, etc.

| No. | Subsidiary Corporation* | Did the subsidiary make any nondividend distributions? (See Instructions) Yes | No | Outstanding at Beginning of Year Number of shares Voting | Non-voting | Stock holdings at beginning of year Voting Number of shares | Percent voting power | Nonvoting Number of shares | Per-cent | Owned by Corp. No. |
|---|---|---|---|---|---|---|---|---|---|---|
| 56 | Conoco Norway, Inc. ("Norway") | | X | 100 | 0 | 100 | 100% | 0 | 0% | 33 |
| 57 | Conoco Overseas Oil Company ("Overseas Oil")(2) | | X | 10 | 0 | 10 | 100% | 0 | 0% | 33 |
| 58 | Conoco Petcoke Far East Ltd. ("PETFAREAST") | | X | 100 | 0 | 100 | 100% | 0 | 0% | 33 |
| 59 | Conoco Pipe Line Company ("CPL") | | X | 5,000 | 0 | 5,000 | 100% | 0 | 0% | 33 |
| 60 | Antelope Pipe Line Company ("Antelope") | | X | 5,000 | 0 | 5,000 | 100% | 0 | 0% | 59 |
| 61 | Continental Alaska Pipe Line Company ("Alaska PL") | | X | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 59 |
| 62 | Conoco Shale Oil Inc. ("Shale Oil") | | X | 10 | 0 | 10 | 100% | 0 | 0% | 33 |
| 63 | Conoco Specialty Products, Inc. ("Spec Prod") | | X | 10 | 0 | 10 | 100% | 0 | 0% | 33 |
| 64 | Conoco Texas Inc. ("Texas") | | X | 960 | 0 | 960 | 100% | 0 | 0% | 33 |
| 65 | Conoco Trading Company ("Trading") | | X | 100 | 0 | 100 | 100% | 0 | 0% | 33 |
| 66 | Conoco Trinidad Inc. ("CONTRINIDAD") | | X | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 33 |
| 67 | Conoco West Firan, Inc. ("West Firan") | | X | 10 | 0 | 10 | 100% | 0 | 0% | 33 |
| 68 | Consolidation Coal Sales Company ("CCSC") | | X | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 33 |
| 69 | Consol Transportation Company ("Consol Trans") | | X | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 68 |
| 70 | Otter Creek Transportation Company ("Otter Creek") | | X | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 69 |
| 71 | Value Coal Sales, Inc. ("VALUE") | | X | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 68 |
| 72 | Continental Mid Delta Petroleum Company ("Mid Delta") | | X | 10 | 0 | 10 | 100% | 0 | 0% | 33 |
| 73 | Continental Netherlands Oil Company ("Netherlands") | | X | 10 | 0 | 10 | 100% | 0 | 0% | 33 |
| 74 | Continental Oil Company ("COC") | | X | 10 | 0 | 10 | 100% | 0 | 0% | 33 |
| 75 | Continental Oil Company of Iran ("Iran") | | X | 10 | 0 | 10 | 100% | 0 | 0% | 33 |
| 76 | Continental Oil Company of Italy ("Italy") | | X | 750,000 | 0 | 750,000 | 100% | 0 | 0% | 33 |
| 77 | Continental Oil Company of Libya ("Libya") | | X | 4,000 | 0 | 4,000 | 100% | 0 | 0% | 33 |
| 78 | Continental Oil Company of Niger ("Niger") | | X | 10 | 0 | 10 | 100% | 0 | 0% | 33 |
| 79 | Continental Oil Company of Nigeria ("Nigeria") | | X | 10 | 0 | 10 | 100% | 0 | 0% | 33 |
| 80 | Continental Oil Company of Spain ("Spain") | | X | 10 | 0 | 10 | 100% | 0 | 0% | 33 |
| 81 | Continental Pipe Line Company ("Cont. PL Co") | | X | 5,000 | 0 | 5,000 | 100% | 0 | 0% | 33 |
| 82 | Douglas Oil Company of California ("Douglas") | | X | 10 | 0 | 10 | 100% | 0 | 0% | 33 |

*Footnotes and addresses are at page 19.

E. I. DU PONT DE NEMOURS AND COMPANY
51-0014090
1991
AFFILIATIONS SCHEDULE (FORM 851) - SUPPLEMENTAL SCHEDULE

PART II - Voting Stock Information, etc.

| No. | Subsidiary Corporation* | Did the subsidiary make any nondividend distributions? (See Instructions) Yes | No | Outstanding at Beginning of Year, Number of shares: Voting | Non-voting | Stock holdings at beginning of year, Voting: Number of shares | Percent voting power | Nonvoting: Number of shares | Per-cent | Owned by Corp. No. |
|---|---|---|---|---|---|---|---|---|---|---|
| 83 | Douglas Stations, Inc. ("Douglas Sta") | | X | 10 | 0 | 10 | 100% | 0 | 0% | 82 |
| 84 | Du Pont Conid S.p.A. ("Du Pont Conid") | | X | 3,930 | 0 | 3,930 | 100% | 0 | 0% | 33 |
| 85 | Dubai Marketing Company, Ltd. ("Dubai Mkt") | | X | 10 | 0 | 10 | 100% | 0 | 0% | 33 |
| 86 | Dubai Petroleum Company ("Dubai Pet") | | X | 10 | 0 | 10 | 100% | 0 | 0% | 33 |
| 87 | Kayo Oil Company ("Kayo") | | X | 10 | 0 | 10 | 100% | 0 | 0% | 33 |
| 88 | Fas-Gas Retail Services of Texas ("Fas-Gas") | | X | 5,000 | 0 | 5,000 | 100% | 0 | 0% | 87 |
| 89 | Longhorn Pipeline Company ("Longhorn") | | X | 10 | 0 | 10 | 100% | 0 | 0% | 33 |
| 90 | Louisiana Gas System Inc. ("La Gas Sys") | | X | 10 | 0 | 10 | 100% | 0 | 0% | 33 |
| 91 | San Jacinto Eastern Corporation ("San Jac East") | | X | 250 | 0 | 250 | 100% | 0 | 0% | 33 |
| 92 | San Jacinto Service Company ("San Jac Ser") | | X | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 91 |
| 93 | West Africa Service Corporation ("West Africa") | | X | 10 | 0 | 10 | 100% | 0 | 0% | 33 |
| 94 | Consol Energy Inc. ("CEI") | | X | 0 | 0 | 0 | 0% | 0 | 0% | 32 |
| 95 | Consol Inc. ("CI") | | X | 0 | 0 | 0 | 0% | 0 | 0% | 94 |
| 96 | Consol Sales Company ("Consol Sales") | | X | 0 | 0 | 0 | 0% | 0 | 0% | 95 |
| 97 | Consolidation Coal Company ("Consol") | | X | 75,000 | 0 | 75,000 | 100% | 0 | 0% | 32 |
| 98 | Consol Pennsylvania Coal Company ("CPC") | | X | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 97 |
| 99 | Consolidation Coal Company of Canada ("Canada") | | X | 7,000 | 0 | 7,000 | 100% | 0 | 0% | 97 |
| 100 | Consolidation Coal Company of Kentucky ("Kentucky") | | X | 500 | 0 | 500 | 100% | 0 | 0% | 97 |
| 101 | Fremont Coal Company ("Fremont") | | X | 200 | 0 | 200 | 100% | 0 | 0% | 100 |
| 102 | Consolidation Coal Company, Inc. (Nevada) ("Nevada") | | X | 10 | 0 | 10 | 100% | 0 | 0% | 97 |
| 103 | Consolidation Coal Operating Company ("CCOC") | | X | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 97 |
| 104 | Fairmont Supply Company ("Fairmont") (3) | | X | 5,500 | 0 | 5,500 | 100% | 0 | 0% | 97 |
| 105 | Caun-Co., Inc. ("Caun-Co") | | X | 301 | 0 | 301 | 100% | 0 | 0% | 104 |
| 106 | Itmann Coal Company ("Itmann") | | X | 30,000 | 0 | 30,000 | 100% | 0 | 0% | 97 |
| 107 | McElroy Coal Company ("McElroy") | | X | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 97 |
| 108 | Quarto Mining Company ("Quarto") | | X | 500 | 0 | 500 | 100% | 0 | 0% | 97 |
| 109 | Reserve Coal Properties Company ("RCPC") | | X | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 97 |

*Footnotes and addresses are at page 19.

E. I. DU PONT DE NEMOURS AND COMPANY
51-0014090
1991
AFFILIATIONS SCHEDULE (FORM 851) - SUPPLEMENTAL SCHEDULE

PART II - Voting Stock Information, etc.

| No. | Subsidiary Corporation* | Did the subsidiary make any nondividend distributions? (See instructions) Yes | No | Outstanding at Beginning of Year, Number of shares: Voting | Non-voting | Stock holdings at beginning of year, Voting: Number of shares | Percent voting power | Nonvoting: Number of shares | Per-cent | Owned by Corp. No. |
|---|---|---|---|---|---|---|---|---|---|---|
| 110 | Twin Rivers Towing Company ("Twin Rivers") | | X | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 97 |
| 111 | Wolfpen Knob Development Company ("Wolfpen") | | X | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 97 |
| 112 | Du Pont Energy Coal Holdings, Inc. ("DUPECH") | | X | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 32 |
| 113 | Enlow Fork Mining Company ("EFMC") | | X | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 32 |
| 114 | Nineveh Coal Company ("Nineveh") | | X | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 32 |
| 115 | Du Pont Far East Inc. ("DUFE") | | X | 3,000 | 0 | 3,000 | 100% | 0 | 0% | 1 |
| 116 | Du Pont Feedstocks Company ("DFC") | | X | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 1 |
| 117 | Du Pont India Ltd. ("India") | | X | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 1 |
| 118 | Du Pont Inter-America Chemical Company, Inc. ("DIAC") | | X | 5,000 | 0 | 5,000 | 100% | 0 | 0% | 1 |
| 119 | Du Pont Japan, Ltd. ("DJL") | | X | 1,700 | 200 | 1,700 | 100% | 200 | 100% | 1 |
| 120 | Du Pont Pharmaceuticals Pan American, Inc. ("DPA") | | X | 100 | 0 | 100 | 100% | 0 | 0% | 1 |
| 121 | Du Pont Photomasks Inc. ("DPI") | | X | 2,000 | 0 | 2,000 | 100% | 0 | 0% | 1 |
| 122 | Du Pont Senegal, Inc. ("Senegal") | | X | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 1 |
| 123 | Du Pont Specialty Operations, Inc. ("DSO")(4) | | X | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 1 |
| 124 | Solid State Dielectrics, Inc. ("SSD") | | X | 1,000 | 0 | 1,000 | 100% | 0 | 0% | 1 |
| 125 | Southern Mississippi Transportation Company ("SMTC") | | X | 10 | 0 | 10 | 100% | 0 | 0% | 1 |

*Footnotes and addresses are at page 19.

# E. I. DU PONT DE NEMOURS AND COMPANY

51-0014090

## 1991

### AFFILIATIONS SCHEDULE (FORM 851) - SUPPLEMENTAL SCHEDULE

PART III - Changes in Stock Holdings During the Year

| | | | | Changes in Stock Holdings During the Year | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | Changes | | | | Shares Held at End of Year | |
| | | Stock-holder | Trans-action | Shares Acquired | | Shares Disposed Of | | Voting Percent of | Nonvoting Percent |
| No. | Subsidiary Corporation* | (Corp. No.) | Date | Voting | Non-voting | Voting | Non-voting | Voting Power | of Shares |
| 4 | D C Vision, Inc. ("DCV, Inc.") | 1 | 08-12-91 | 2,000 | | | | 100% | |
| 9 | Destination Realty Company ("Realty") | 8 | 11-18-91 | 1,000 | | | | 100% | |
| 10 | Du Pont Electronics Imaging Systems, Inc. ("DEIS") | 8 | 03-04-91 | | | 2,500 | | 0% | |
| 13 | Du Pont Separation Systems, Inc. ("DSS") | 8 | 12-30-91 | 1,000 | | | | 100% | |
| 16 | Du Pont Tribon Composites, Inc. ("Tribon") | 8 | 11-13-91 | 1,000 | | | | 100% | |
| 17 | Howson-Algraphy, Inc. ("Howson") | 8 | 06-27-91 | | | 30,000 | | 0% | |
| 27 | Du Pont Delaware, Inc. ("DDI") | 1 | 12-31-91 | | 20 | | | | 100% |
| 28 | Ceramic Dielectrics, Inc. ("CDI") | 1 | 08-26-91 | 1,000 | | | | 100% | |
| 28 | Ceramic Dielectrics, Inc. ("CDI") | 1 | 09-19-91 | | | 1,000 | | 0% | |
| 28 | Ceramic Dielectrics, Inc. ("CDI") | 27 | 09-19-91 | 1,000 | | | | 100% | |
| 28 | Ceramic Dielectrics, Inc. ("CDI") | 27 | 09-19-91 | | | 1,000 | | 0% | |
| 31 | Du Pont Methanol Company ("Methanol") | 1 | 10-10-91 | 1,000 | | | | 100% | |
| 31 | Du Pont Methanol Company ("Methanol") | 1 | 12-12-91 | | | 1,000 | | 0% | |
| 31 | Du Pont Methanol Company ("Methanol") | 27 | 12-12-91 | 1,000 | | | | 100% | |
| 31 | Du Pont Methanol Company ("Methanol") | 27 | 12-27-91 | | | 1,000 | | 0% | |
| 32 | Du Pont Energy Company ("DEC") | 33 | 12-16-91 | 2 | | | | 100% | |
| 33 | Conoco, Inc. ("Conoco") | 32 | 06-27-91 | 1,000 | | | | 100% | |
| 45 | Conoco Este Pipeline Company ("Con. Este P/L") | 33 | 11-25-91 | 1,000 | | | | 100% | |
| 46 | Conoco Europe Gas Company ("Europe Gas") | 33 | 06-25-91 | 1,000 | | | | 100% | |
| 55 | Conoco Nauka Inc. ("Nauka") | 33 | 07-10-91 | | | 10 | | 0% | |
| 68 | Consolidation Coal Sales Company ("CCSC") | 33 | 12-16-91 | | | 1,000 | | 0% | |
| 68 | Consolidation Coal Sales Company ("CCSC") | 97 | 12-16-91 | 1,000 | | | | 100% | |
| 83 | West African Service Corporation ("West Africa") | 33 | 12-26-91 | | | 10 | | 0% | |
| 94 | Consol Energy Inc. ("CEI") | 32 | 11-11-91 | 1,000 | | | | 100% | |
| 94 | Consol Energy Inc. ("CEI") | 32 | 12-26-91 | 74,676 | | | | 100% | |
| 94 | Consol Energy Inc. ("CEI") | 32 | 12-31-91 | | | 25,676 | | 50% | |
| 94 | Consol Energy Inc. ("CEI") | 94 | 12-31-91 | 24,324 | | 24,324 | | 50% | |
| 95 | Consol Inc. ("CI") | 94 | 12-12-91 | 1,000 | | | | 100% | |
| 96 | Consol Sales Company ("Consol Sales") | 94 | 10-31-91 | 1,000 | | | | 100% | |
| 96 | Consol Sales Company ("Consol Sales") | 94 | 12-26-91 | | | 510 | | 49% | |
| 96 | Consol Sales Company ("Consol Sales") | 95 | 12-26-91 | 510 | | | | 51% | |
| 97 | Consolidation Coal Company ("Consol") | 32 | 12-26-91 | | | 75,000 | | 0% | |
| 97 | Consolidation Coal Company ("Consol") | 94 | 12-26-91 | 75,000 | | 36,250 | | 49% | |
| 97 | Consolidation Coal Company ("Consol") | 95 | 12-26-91 | 36,250 | | | | 51% | |
| 105 | Caun-Co., Inc. ("Caun-Co") | 104 | 12-30-91 | | | 301 | | 0% | |
| 112 | Du Pont Energy Coal Holdings, Inc. ("DUPECH") | 32 | 12-17-91 | | | 1,000 | | 0% | |
| 112 | Du Pont Energy Coal Holdings, Inc. ("DUPECH") | 97 | 12-17-91 | 1,000 | | | | 100% | |
| 113 | Enlow Fork Mining Company ("EFMC") | 32 | 12-26-91 | | | 1,000 | | 0% | |
| 113 | Enlow Fork Mining Company ("EFMC") | 94 | 12-26-91 | 1,000 | | 510 | | 49% | |
| 113 | Enlow Fork Mining Company ("EFMC") | 95 | 12-26-91 | 510 | | | | 51% | |
| 114 | Nineveh Coal Company ("Nineveh") | 32 | 12-26-91 | | | 1,000 | | 0% | |
| 114 | Nineveh Coal Company ("Nineveh") | 94 | 12-26-91 | 1,000 | | 510 | | 49% | |
| 114 | Nineveh Coal Company ("Nineveh") | 95 | 12-26-91 | 510 | | | | 51% | |
| 121 | Du Pont Photomasks, Inc. ("DPI") | 1 | 01-09-91 | | | 2,000 | | 0% | |
| 121 | Du Pont Photomasks, Inc. ("DPI") | 8 | 01-09-91 | 2,000 | | | | 100% | |

E. I. DU PONT DE NEMOURS AND COMPANY
51-0014090
1991
AFFILIATIONS SCHEDULE (FORM 851) - SUPPLEMENTAL SCHEDULE

PART IV - Additional Information

| No. | Subsidiary Corporation* | Answer to Question 1: Yes/No | If yes, list and describe each class of stock: | Answer to Question 2: Yes/No | Answer to Question 3: Yes/No | Answer to Question 4: Yes/No |
|---|---|---|---|---|---|---|
| 2 | Christiana Securities Company ("CSC") | N | | Y | Y | N |
| 3 | Conoco Coal Development Company ("CCDC") | N | | Y | Y | N |
| 4 | D C Vision, Inc. ("DCV, Inc.") | N | | Y | Y | N |
| 5 | Du Pont Asia Pacific Ltd. ("DAP") | N | | Y | Y | N |
| 6 | Du Pont Chemical and Energy Operations, Inc. ("DCEO") | Y | Com. & Series A Pref. | Y | Y | N |
| 7 | Camex, Inc. ("Camex") | N | | Y | Y | N |
| 8 | DPGP, Inc. ("DPGP") | N | | Y | Y | N |
| 9 | Destination Realty Inc. ("Realty") | N | | Y | Y | N |
| 10 | Du Pont Electronic Imaging Systems, Inc. ("DEIS") | N | | Y | Y | N |
| 11 | Du Pont Environmental Remediation Services Inc. ("DERS") | N | | Y | Y | N |
| 12 | Du Pont NDT Systems, Inc. ("NDT") | N | | Y | Y | N |
| 13 | Du Pont Separation Systems, Inc. ("DSS") | N | | Y | Y | N |
| 14 | Du Pont Specialty Imaging Media, Inc. ("DSIMI") | N | | Y | Y | N |
| 15 | Du Pont Supercomputer, Inc. ("DSI") | N | | Y | Y | N |
| 16 | Du Pont Tribon Composites, Inc. ("Tribon") | N | | Y | Y | N |
| 17 | Howson-Algraphy, Inc. ("Howson") | N | | Y | Y | N |
| 18 | ImagiTex, Inc. ("ImagiTex") | N | | Y | Y | N |
| 19 | Imperial Metal and Chemical Company (Howson) ("IM&C") | N | | Y | Y | N |
| 20 | Pitt-Consol Chemical Company ("Pitt-Consol") | N | | Y | Y | N |
| 21 | Plastic Recycling Alliance, Inc. ("PRA")(1) | N | | Y | Y | N |
| 22 | Remington Arms Company, Inc. ("RAC") | N | | Y | Y | N |
| 23 | The Peters Cartridge Company ("PCC") | N | | Y | Y | N |
| 24 | The Union Metallic Cartridge Company ("UMCC") | N | | Y | Y | N |
| 25 | Safer Emergency Systems, Inc. ("Safer") | N | | Y | Y | N |
| 26 | Du Pont China Limited ("DCL") | N | | Y | Y | N |
| 27 | Du Pont Delaware, Inc. ("DDI") | Y | Com. & Series A Pref. | Y | Y | N |
| 28 | Ceramic Dielectrics, Inc. ("CDI") | N | | Y | Y | N |
| 29 | Du Pont Chlorine, Inc. ("DCI") | N | | Y | Y | N |
| 30 | Du Pont Gulf Coast, Inc. ("DGC") | N | | Y | Y | N |
| 31 | Du Pont Methanol Company ("Methanol") | N | | Y | Y | N |
| 32 | Du Pont Energy Company ("DEC") | N | | Y | Y | N |
| 33 | Conoco Inc. ("Conoco") | N | | Y | Y | N |
| 34 | Brandywine Industrial Gas, Inc. ("Brandywine") | N | | Y | Y | N |
| 35 | Calcasieu Shipping Corp. ("CALCASIEU") | N | | Y | Y | N |
| 36 | Cono-Services Inc. ("Cono-Ser") | N | | Y | Y | N |
| 37 | Conoco Asia Pacific Ltd. ("Asiapacific") | N | | Y | Y | N |
| 38 | Conoco Australia, Limited ("Australia") | N | | Y | Y | N |
| 39 | Conoco Bardawil Inc. ("Bardawil") | N | | Y | Y | N |
| 40 | Conoco Carbon & Minerals Incorporated ("CONOCOCARMIN") | N | | Y | Y | N |
| 41 | Conoco Chile Inc. ("Chile") | N | | Y | Y | N |

*Footnotes and addresses are at page 19.

E. I. DU PONT DE NEMOURS AND COMPANY
51-0014090
1991
AFFILIATIONS SCHEDULE (FORM 851) - SUPPLEMENTAL SCHEDULE

PART IV - Additional Information

| No. | Subsidiary Corporation* | Answer to Question 1: Yes/No | If yes, List and describe each class of stock: | Answer to Question 2: Yes/No | Answer to Question 3: Yes/No | Answer to Question 4: Yes/No |
|---|---|---|---|---|---|---|
| 42 | Conoco Communications, Inc. ("Conoco Comm") | N | | Y | Y | N |
| 43 | Conoco Coral Inc. ("Coral") | N | | Y | Y | N |
| 44 | Conoco Egypt Inc. ("Egypt Inc.") | N | | Y | Y | N |
| 45 | Conoco Este Pipeline Company ("Con. Este P/L") | N | | Y | Y | N |
| 46 | Conoco Europe Gas Company ("Europe Gas") | N | | Y | Y | N |
| 47 | Conoco Geisum Inc. ("Geisum") | N | | Y | Y | N |
| 48 | Conoco Indonesia Inc. ("Indonesia") | N | | Y | Y | N |
| 49 | Conoco International Inc. ("CII") | N | | Y | Y | N |
| 50 | Conoco Ireland Limited ("Ireland") | N | | Y | Y | N |
| 51 | Conoco Irian Jaya Company ("Irian Jaya") | N | | Y | Y | N |
| 52 | Conoco Lagia Offshore, Inc. ("Lagia") | N | | Y | Y | N |
| 53 | Conoco Middle East Ltd. ("Middle East") | N | | Y | Y | N |
| 54 | Conoco Mont Belview Holdings, Inc. ("Mont Belview") | N | | Y | Y | N |
| 55 | Conoco Nauka Inc. ("Nauka") | N | | Y | Y | N |
| 56 | Conoco Norway, Inc. ("Norway") | N | | Y | Y | N |
| 57 | Conoco Overseas Oil Company ("Overseas Oil")(2) | N | | Y | Y | N |
| 58 | Conoco Petcoke Far East Ltd. ("PETFAREAST") | N | | Y | Y | N |
| 59 | Conoco Pipe Line Company ("CPL") | N | | Y | Y | N |
| 60 | Antelope Pipe Line Company ("Antelope") | N | | Y | Y | N |
| 61 | Continental Alaska Pipe Line Company ("Alaska PL") | N | | Y | Y | N |
| 62 | Conoco Shale Oil Inc. ("Shale Oil") | N | | Y | Y | N |
| 63 | Conoco Specialty Products, Inc. ("Spec Prod") | N | | Y | Y | N |
| 64 | Conoco Texas Inc. ("Texas") | N | | Y | Y | N |
| 65 | Conoco Trading Company ("Trading") | N | | Y | Y | N |
| 66 | Conoco Trinidad Inc. ("CONTRINIDAD") | N | | Y | Y | N |
| 67 | Conoco West Firan, Inc. ("West Firan") | N | | Y | Y | N |
| 68 | Consolidation Coal Sales Company ("CCSC") | N | | Y | Y | N |
| 69 | Consol Transportation Company ("Consol Trans") | N | | Y | Y | N |
| 70 | Otter Creek Transportation Company ("Otter Creek") | N | | Y | Y | N |
| 71 | Value Coal Sales, Inc. ("VALUE") | N | | Y | Y | N |
| 72 | Continental Mid Delta Petroleum Company ("Mid Delta") | N | | Y | Y | N |
| 73 | Continental Netherlands Oil Company ("Netherlands") | N | | Y | Y | N |
| 74 | Continental Oil Company ("COC") | N | | Y | Y | N |
| 75 | Continental Oil Company of Iran ("Iran") | N | | Y | Y | N |
| 76 | Continental Oil Company of Italy ("Italy") | N | | Y | Y | N |
| 77 | Continental Oil Company of Libya ("Libya") | N | | Y | Y | N |
| 78 | Continental Oil Company of Niger ("Niger") | N | | Y | Y | N |
| 79 | Continental Oil Company of Nigeria ("Nigeria") | N | | Y | Y | N |
| 80 | Continental Oil Company of Spain ("Spain") | N | | Y | Y | N |
| 81 | Continental Pipe Line Company ("Cont. PL Co") | N | | Y | Y | N |

*Footnotes and addresses are at page 19.

E. I. DU PONT DE NEMOURS AND COMPANY
51-0014090
1991
AFFILIATIONS SCHEDULE (FORM 851) - SUPPLEMENTAL SCHEDULE

PART IV - Additional Information

| No. | Subsidiary Corporation* | Answer to Question 1: Yes/No | If yes, List and describe each class of stock: | Answer to Question 2: Yes/No | Answer to Question 3: Yes/No | Answer to Question 4: Yes/No |
|---|---|---|---|---|---|---|
| 82 | Douglas Oil Company of California ("Douglas") | N | | Y | Y | N |
| 83 | Douglas Stations, Inc. ("Douglas Sts") | N | | Y | Y | N |
| 84 | Du Pont Conid S.p.A. ("Du Pont Conid") | N | | Y | Y | N |
| 85 | Dubai Marketing Company, Ltd. ("Dubai Mkt") | N | | Y | Y | N |
| 86 | Dubai Petroleum Company ("Dubai Pet") | N | | Y | Y | N |
| 87 | Kayo Oil Company ("Kayo") | N | | Y | Y | N |
| 88 | Fas-Gas Retail Services of Texas ("Fas-Gas") | N | | Y | Y | N |
| 89 | Longhorn Pipeline Company ("Longhorn") | N | | Y | Y | N |
| 90 | Louisiana Gas System Inc. ("La Gas Sys") | N | | Y | Y | N |
| 91 | San Jacinto Eastern Corporation ("San Jac East") | N | | Y | Y | N |
| 92 | San Jacinto Service Company ("San Jac Ser") | N | | Y | Y | N |
| 93 | West Africa Service Corporation ("West Africa") | N | | Y | Y | N |
| 94 | Consol Energy Inc. ("CEI") | N | | Y | Y | N |
| 95 | Consol Inc. ("CI") | N | | Y | Y | N |
| 96 | Consol Sales Company ("Consol Sales") | N | | Y | Y | N |
| 97 | Consolidation Coal Company ("Consol") | N | | Y | Y | N |
| 98 | Consol Pennsylvania Coal Company ("CPC") | N | | Y | Y | N |
| 99 | Consolidation Coal Company of Canada ("Canada") | N | | Y | Y | N |
| 100 | Consolidation Coal Company of Kentucky ("Kentucky") | N | | Y | Y | N |
| 101 | Fremont Coal Company ("Fremont") | N | | Y | Y | N |
| 102 | Consolidation Coal Company, Inc. (Nevada) ("Nevada") | N | | Y | Y | N |
| 103 | Consolidation Coal Operating Company ("CCOC") | N | | Y | Y | N |
| 104 | Fairmont Supply Company ("Fairmont") (3) | N | | Y | Y | N |
| 105 | Caun-Co., Inc. ("Caun-Co") | N | | Y | Y | N |
| 106 | Itmann Coal Company ("Itmann") | N | | Y | Y | N |
| 107 | McElroy Coal Company ("McElroy") | N | | Y | Y | N |
| 108 | Quarto Mining Company ("Quarto") | N | | Y | Y | N |
| 109 | Reserve Coal Properties Company ("RCPC") | N | | Y | Y | N |
| 110 | Twin Rivers Towing Company ("Twin Rivers") | N | | Y | Y | N |
| 111 | Wolfpen Knob Development Company ("Wolfpen") | N | | Y | Y | N |
| 112 | Du Pont Energy Coal Holdings, Inc. ("DUPECH") | N | | Y | Y | N |
| 113 | Enlow Fork Mining Company ("EFMC") | N | | Y | Y | N |
| 114 | Nineveh Coal Company ("Nineveh") | N | | Y | Y | N |
| 115 | Du Pont Far East Inc. ("DUFE") | N | | Y | Y | N |
| 116 | Du Pont Feedstocks Company ("DFC") | N | | Y | Y | N |
| 117 | Du Pont India Ltd. ("India") | N | | Y | Y | N |
| 118 | Du Pont Inter-America Chemical Company, Inc. ("DIAC") | N | | Y | Y | N |
| 119 | Du Pont Japan, Ltd. ("DJL") | Y | Com. & Series A Pref. | Y | Y | N |
| 120 | Du Pont Pharmaceuticals Pan American, Inc. ("DPA") | N | | Y | Y | N |
| 121 | Du Pont Photomasks Inc. ("DPI") | N | | Y | Y | N |

*Footnotes and addresses are at page 19.

E. I. DU PONT DE NEMOURS AND COMPANY
51-0014090
1991
AFFILIATIONS SCHEDULE (FORM 851) - SUPPLEMENTAL SCHEDULE

PART IV - Additional Information

| No. | Subsidiary Corporation* | Answer to Question 1: Yes/No | If yes, List and describe each class of stock: | Answer to Question 2: Yes/No | Answer to Question 3: Yes/No | Answer to Question 4: Yes/No |
|---|---|---|---|---|---|---|
| 122 | Du Pont Senegal, Inc. ("Senegal") | N | | Y | Y | N |
| 123 | Du Pont Specialty Operations, Inc. ("DSO")(4) | N | | Y | Y | N |
| 124 | Solid State Dielectrics, Inc. ("SSD") | N | | Y | Y | N |
| 125 | Southern Mississippi Transportation Company ("SMTC") | N | | Y | Y | N |

*Footnotes and addresses are at page 19.

E. I. DU PONT DE NEMOURS AND COMPANY
51-0014090
1991

AFFILIATIONS SCHEDULE (FORM 851) - SUPPLEMENTAL SCHEDULE

FOOTNOTES

(1)Name change from DPMG, Inc. 12/27/91

(2)Name changed from Continental Overseas Oil Company 2/15/91.

(3)E.I.N. changed as a result of reorganization.

(4)Changed from Du Pont Optical Storage Holding, Inc. 4/1/91.

ADDRESSES

| Corporation Number | Address |
|---|---|
| 2-16, 18, 20-32, 115-125 | 1007 Market Street, Montchanin Bldg., Rm. 11720, Wilmington, DE 19898 |
| 17 | 100 Demarest Dr., Wayne, NJ 07470 |
| 19 | 2050 Byberry Road, Philadelphia, PA 19116 |
| 33-67, 72-93 | Box 1267, Ponca City, Oklahoma 74603 |
| 68-71, 95-114 | 1800 Washington Road, Pittsburgh, PA 15241 |
| 94 | 300 Delaware Ave., Suite 567 Wilmington, DE 19801-1622 |

Form **851**
(Rev. January 1992)
Department of the Treasury
Internal Revenue Service

# Affiliations Schedule

▶ File with each consolidated income tax return

Tax year ending December 31, 19 92

OMB No. 1545-0025
Expires 11-30-94

Common parent corporation
E. I. DU PONT DE NEMOURS AND COMPANY ("DU PONT")

Employer identification number
51-0014090

Number, street, and room or suite no. (If a P.O. box, see instructions.)
1007 MARKET STREET, MONTCHANIN BLDG., RM. 11720

City or town, state, and ZIP code
WILMINGTON, DELAWARE 19898

## Part I Prepayment Credits

| No. | Name and address of corporation | Employer identification number | Prepayment Credits: Portion of Form 7004 tax deposits | Prepayment Credits: Portion of estimated tax credits and deposits |
|---|---|---|---|---|
| 1 | Common parent corporation | | | |
| | Subsidiary corporations: | | | |
| 2 | SEE ATTACHED SUPPLEMENTAL SCHEDULE, PART I, FOR COMPANIES 1 THROUGH 99 | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |
| 6 | | | | |
| 7 | | | | |
| 8 | | | | |
| 9 | | | | |
| 10 | | | | |
| | Totals (Must equal amounts shown on the consolidated tax return) . . . . ▶ | | | |

## Part II Voting Stock Information, Principal Business Activity, Etc. (See instructions.)

| No. | Principal business activity (PBA) | PBA Code No. | Did the subsidiary make any nondividend distributions? (See instructions.) Yes | No | Stock holdings at beginning of year: Number of shares | Percent of voting power | Percent of value | Owned by corporation no. |
|---|---|---|---|---|---|---|---|---|
| 1 | Common parent corporation | 2815 | | | | | | |
| | Subsidiary corporations: | | | | | | | |
| 2 | SEE ATTACHED SUPPLEMENTAL SCHEDULE, PART II, FOR COMPANIES 2 THROUGH 125 | | | | | % | % | |
| 3 | | | | | | % | % | |
| 4 | | | | | | % | % | |
| 5 | | | | | | % | % | |
| 6 | | | | | | % | % | |
| 7 | | | | | | % | % | |
| 8 | | | | | | % | % | |
| 9 | | | | | | % | % | |
| 10 | | | | | | % | % | |

For Paperwork Reduction Act Notice, see instructions. Cat. No. 16880G Form **851** (Rev. 1-92)

Attachment 1

Form 851 (Rev. 1-82) Page 2

**Part III Changes in Stock Holdings During the Year (See instructions.)**

| Corporation | | Stockholder (Corporation No.) | Change in stock holdings during the year | | | | |
|---|---|---|---|---|---|---|---|
| No. | Name | | Date | (a) Changes | | (b) Shares held after changes described in column (a) | |
| | | | | Shares acquired | Shares disposed of | Percent of voting power | Percent of value |
| | SEE ATTACHED SUPPLEMENTAL SCHEDULE PART III, FOR COMPANIES WITH | | | | | % | % |
| | CHANGES IN STOCK HOLDINGS DURING THE YEAR. | | | | | % | % |
| | | | | | | % | % |
| | | | | | | % | % |
| | | | | | | % | % |
| | | | | | | % | % |
| | | | | | | % | % |
| | | | | | | % | % |

*Note: If additional stock was issued, or if any stock was retired during the year, show the dates and amounts for these transactions.*

**If the equitable owners of any capital stock shown above were other than the holders of record, give full details.**

Form 851 (Rev. 1-92) Page 3

**Part IV Additional Information** (See instructions.)

1 During the tax year, did the corporation have more than one class of stock outstanding?

| No. | Name | Answer to Question 1 Yes | No | If yes, list and describe each class of stock. |
|---|---|---|---|---|
| | SEE ATTACHED SUPPLEMENTAL SCHEDULE, PART IV, FOR COMPANIES 2 THROUGH 99 FOR QUESTIONS 1,-2 and 3. | | | |
| | | | | |
| | | | | |
| | | | | |

2 During the tax year, was there any member of the consolidated group that reaffiliated within 60 months of disaffiliation, or was there any member of the affiliated group that was deconsolidated under Rev. Proc. 91-11, 1991-1 C.B. 470 (as modified by Rev. Proc. 91-39, 1991-27 IRB 11)?

| No. | Name | Answer to Question 2 Yes | No | If yes for any part of question 2, list and explain the circumstances. |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

3a During the tax year, was there any arrangement in existence by which one or more persons that were not members of the affiliated group could acquire any stock, or acquire any voting power without acquiring stock, in the corporation, other than a de minimis amount, from the corporation or another member of the affiliated group?

| No. | Name | Answer to Question 3a Yes | No | Item 3b (see instructions) | Item 3c (see instructions) | Item 3d (see instructions) |
|---|---|---|---|---|---|---|
| | | | | % | % | % |
| | | | | % | % | % |
| | | | | % | % | % |
| | | | | % | % | % |

| No. | Item 3e—Description of arrangements. |
|---|---|
| | |
| | |
| | |
| | |

**Please Sign Here**

Under penalties of perjury, I declare that I have examined this form, including accompanying statements, and to the best of my knowledge and belief it is true, correct, and complete for the tax year as stated.

Richard Sherry (signature) | 9/9/93 | Assistant Treasurer

Signature of officer | Date | Title

Attachment 1
Page 3

E. I. DU PONT DE NEMOURS AND COMPANY
51-0014090
1992
AFFILIATIONS SCHEDULE (FORM 851) - SUPPLEMENTAL SCHEDULE

PART I - Prepayment Credits

| Number | Subsidiary Corporation* | Employer Identi-fication Number | Prepayment Credits: Portion of Form 7004 tax deposits | Prepayment Credits: Portion of estimated tax credits and deposits |
|---|---|---|---|---|
| 1 | E. I. du Pont de Nemours and Company - Common Parent Corp. | 51-0014090 | 0 | 169,204,186 |
| 2 | Christiana Securities Company ("CSC") | 51-0255262 | | |
| 3 | Conoco Coal Development Company ("CCDC") | 73-0970301 | | |
| 4 | D C Vision, Inc. ("DCV, Inc.") | 51-0335742 | | |
| 5 | Du Pont Asia Pacific Ltd. ("DAP") | 51-0122490 | | |
| 6 | Du Pont Chemical and Energy Operations, Inc. ("DCEO") | 51-0313062 | | |
| 7 | Camex, Inc. ("Camex") | 04-2583886 | | |
| 8 | DPGP, Inc. ("DPGP") | 51-0318580 | | |
| 9 | Destination Realty Inc. ("Realty") | 51-0336010 | | |
| 10 | Du Pont Environmental Remediation Services Inc. ("DERS") | 51-0320842 | | |
| 11 | Du Pont MDT Systems, Inc. ("MDT") | 51-0313063 | | |
| 12 | Du Pont Photomasks Inc. ("DPI") | 74-2238819 | | |
| 13 | Du Pont Separation Systems, Inc. ("DSS") | 51-0338127 | | |
| 14 | Du Pont Supercomputer, Inc. ("DSI") | 51-0324098 | | |
| 15 | Du Pont Tribon Composites, Inc. ("Tribon") | 51-0338475 | | |
| 16 | ImagiTex, Inc. ("ImagiTex") | 04-2751239 | | |
| 17 | Imperial Metal and Chemical Company (Howson) ("IM&C") | 23-1989886 | | |
| 18 | InnograFix, Inc. ("InnograFix") (1) | 51-0308921 | | |
| 19 | Pitt-Consol Chemical Company ("Pitt-Consol") | 22-1570965 | | |
| 20 | Plastic Recycling Alliance, Inc. ("PRA") | 51-0320288 | | |
| 21 | Remington Arms Company, Inc. ("RAC") | 51-0246028 | | |
| 22 | The Peters Cartridge Company ("PCC") | 06-1098629 | | |
| 23 | The Union Metallic Cartridge Company ("UMCC") | 52-1218054 | | |
| 24 | Safer Emergency Systems, Inc. ("Safer") | 95-3862077 | | |
| 25 | Du Pont China Limited ("DCL") | 51-0280207 | | |
| 26 | Du Pont Delaware, Inc. ("DDI") | 51-0300285 | | |
| 27 | Connector Systems (U.S.) Inc. | 51-0342849 | | |
| 28 | Connector Systems Inc. | 51-0342851 | | |
| 29 | Du Pont Chlorine, Inc. ("DCI") | 51-0303480 | | |
| 30 | Du Pont Gulf Coast, Inc. ("DGC") | 51-0300281 | | |
| 31 | Du Pont Energy Company ("DEC") | 51-0325363 | | |
| 32 | Conoco Inc. ("Conoco") | 73-0196000 | | 2,721 |
| 33 | Brandywine Industrial Gas, Inc. ("Brandywine") | 73-1222973 | | |
| 34 | Calcasieu Shipping Corp. ("CALCASIEU") | 73-1339313 | | |
| 35 | Cono-Services Inc. ("Cono-Ser") | 73-1143039 | | |
| 36 | Conoco Asia Pacific Ltd. ("Asiapacific") | 73-1348086 | | |
| 37 | Conoco Australia, Limited ("Australia") | 73-6091776 | | |
| 38 | Conoco Bardawil Inc. ("Bardawil") | 73-0794072 | | |
| 39 | Conoco Carbon & Minerals Inc. ("CONOCOCARMIN") | 73-6091774 | | |
| 40 | Conoco Chile Inc. ("Chile") | 73-1107063 | | |

*Footnotes and addresses are at page 15.

E. I. DU PONT DE NEMOURS AND COMPANY
51-0014090
1992
AFFILIATIONS SCHEDULE (FORM 851) - SUPPLEMENTAL SCHEDULE

PART I - Prepayment Credits

| Number | Subsidiary Corporation* | Employer Identi-fication Number | Prepayment Credits: Portion of Form 7004 tax deposits | Prepayment Credits: Portion of estimated tax credits and deposits |
|---|---|---|---|---|
| 41 | Conoco Communications, Inc. ("Conoco Comm") | 73-6091772 | | |
| 42 | Conoco Coral Inc. ("Coral") | 73-1115403 | | |
| 43 | Conoco Egypt Inc. ("Egypt Inc.") | 73-1256262 | | |
| 44 | Conoco Este Pipeline Company ("Con. Este P/L") | 73-1400149 | | |
| 45 | Conoco Europe Gas Company ("Europe Gas") | 73-1386402 | | |
| 46 | Conoco Geisum Inc. ("Geisum") | 73-0927507 | | |
| 47 | Conoco Indonesia Inc. ("Indonesia") | 73-6091779 | | |
| 48 | Conoco International Inc. ("CII") | 73-6091773 | | |
| 49 | Conoco International Petroleum Company ("CI Petro") (2) | 73-6095237 | | |
| 50 | Conoco Ireland Limited ("Ireland") | 73-0752372 | | |
| 51 | Conoco Irian Jaya Company ("Irian Jaya") | 73-0775452 | | |
| 52 | Conoco Lagia Offshore, Inc. ("Lagia") | 73-0957008 | | |
| 53 | Conoco Middle East Ltd. ("Middle East") | 76-0273970 | | |
| 54 | Conoco Mont Belview Holdings, Inc. ("Mont Belview") | 73-1275522 | | |
| 55 | Conoco Norway, Inc. ("Norway") | 73-0794173 | | |
| 56 | Conoco Overseas Oil Company ("Con Overseas") | 73-1413710 | | |
| 57 | Conoco Petcoke Far East Ltd. ("PETFAREAST") | 73-6107393 | | |
| 58 | Conoco Pipe Line Company ("CPL") | 73-0196220 | | |
| 59 | Antelope Pipe Line Company ("Antelope") | 73-1314162 | | |
| 60 | Continental Alaska Pipe Line Company ("Alaska PL") | 73-1191787 | | |
| 61 | Conoco Shale Oil Inc. ("Shale Oil") | 73-1136738 | | |
| 62 | Conoco Specialty Products, Inc. ("Spec Prod") | 73-6091775 | | |
| 63 | Conoco Texas Inc. ("Texas") | 73-6091789 | | |
| 64 | Conoco Timan-Pechora Ltd. ("Timan-Pech") | 52-1808958 | | |
| 65 | Conoco Trading Company ("Trading") | 73-1322507 | | |
| 66 | Conoco Trinidad Inc. ("CONTRINIDAD") | 76-0286506 | | |
| 67 | Conoco West Firan, Inc. ("West Firan") | 73-1115404 | | |
| 68 | Continental Mid Delta Petroleum Company ("Mid Delta") | 73-6091784 | | |
| 69 | Continental Netherlands Oil Company ("Netherlands") | 73-0739559 | | |
| 70 | Continental Oil Company ("COC") | 73-0788910 | | |
| 71 | Continental Oil Company of Iran ("Iran") | 73-6091780 | | |
| 72 | Continental Oil Company of Italy ("Italy") | 73-6091782 | | |
| 73 | Continental Oil Company of Libya ("Libya") | 73-6091783 | | |
| 74 | Continental Oil Company of Niger ("Niger") | 73-0794161 | | |
| 75 | Continental Oil Company of Nigeria ("Nigeria") | 73-6109687 | | |
| 76 | Continental Oil Company of Spain ("Spain") | 73-6091788 | | |
| 77 | Continental Pipe Line Company ("Cont. PL Co") | 73-1300809 | | |
| 78 | Douglas Oil Company of California ("Douglas") | 95-2124734 | | |
| 79 | Douglas Stations, Inc. ("Douglas Sta") | 95-2371340 | | |
| 80 | Du Pont Conid S.p.A. ("Du Pont Conid") | 73-0942166 | | |

*Footnotes and addresses are at page 15.

E. I. DU PONT DE NEMOURS AND COMPANY
51-0014090
1992
AFFILIATIONS SCHEDULE (FORM 851) - SUPPLEMENTAL SCHEDULE

PART I - Prepayment Credits

| Number | Subsidiary Corporation* | Employer Identi-fication Number | Prepayment Credits: Portion of Form 7004 tax deposits | Prepayment Credits: Portion of estimated tax credits and deposits |
|---|---|---|---|---|
| 81 | Dubai Marketing Company, Ltd. ("Dubai Mkt") | 73-0775457 | | |
| 82 | Dubai Petroleum Company ("Dubai Pet") | 73-6098501 | | |
| 83 | Kayo Oil Company ("Kayo") | 62-0609963 | | |
| 84 | Fas-Gas Retail Services of Texas ("Fas-Gas") | 73-0959144 | | |
| 85 | Longhorn Pipeline Company ("Longhorn") | 73-1222981 | | |
| 86 | Louisiana Gas System Inc. ("La Gas Sys") | 73-1095713 | | |
| 87 | San Jacinto Eastern Corporation ("San Jac East") | 13-1857133 | | |
| 88 | San Jacinto Service Company ("San Jac Ser") | 73-6091660 | | |
| 89 | Du Pont Far East Inc. ("DUFE") | 51-0095634 | | |
| 90 | Du Pont Feedstocks Company ("DFC") | 51-0250342 | | |
| 91 | Du Pont India Ltd. ("India") | 51-0324127 | | |
| 92 | Du Pont Inter-America Chemical Company, Inc. ("DIAC") | 51-0099616 | | |
| 93 | Du Pont Japan, Ltd. ("DJL") | 51-0271804 | | |
| 94 | Du Pont Pharmaceuticals Pan American, Inc. ("DPA") | 11-1511253 | | |
| 95 | Du Pont Senegal, Inc. ("Senegal") | 51-0315957 | | |
| 96 | Du Pont Specialty Operations, Inc. ("DSO") | 51-0291669 | | |
| 97 | EID Business Trust ("EID Business") | 25-6404203 | | |
| 98 | Solid State Dielectrics, Inc. ("SSD") | 51-0265412 | | |
| 99 | Southern Mississippi Transportation Company ("SMTC") | 51-0196433 | | |
| | TOTAL PREPAYMENT CREDITS | | 0 | 169,206,907 |

*Footnotes and addresses are at page 15.

E. I. DU PONT DE NEMOURS AND COMPANY
51-0014090
1992
AFFILIATIONS SCHEDULE (FORM 851) - SUPPLEMENTAL SCHEDULE

PART II - Voting Stock Information, Principal Business Activity, etc.

| No. | Subsidiary Corporation* | PBA Code No. | Did the subsidiary make any nondividend distributions? (See instructions) Yes | No | Stock holdings at beginning of year: Number of shares | Percent voting power | Percent of value | Owned by corp. no. |
|---|---|---|---|---|---|---|---|---|
| 2 | Christiana Securities Company ("CSC") | Inactive | | X | 10 | 100% | 100% | 1 |
| 3 | Conoco Coal Development Company ("CCDC") | Inactive | | X | 10 | 100% | 100% | 1 |
| 4 | D C Vision, Inc. ("DCV, Inc.") | 8980 | | X | 2,000 | 100% | 100% | 1 |
| 5 | Du Pont Asia Pacific Ltd. ("DAP") | 8980 | | X | 59,399 | 100% | 100% | 1 |
| 6 | Du Pont Chemical and Energy Operations, Inc. ("DCEO") | 6749 | | X | 100 | 100% | 100% | 1 |
| 7 | Camex, Inc. ("Camex") | 3698 | | X | 1,000 | 100% | 100% | 6 |
| 8 | DPGP, Inc. ("DPGP") | 6749 | | X | 1,000 | 100% | 100% | 6 |
| 9 | Destination Realty Inc. ("Realty") | 6599 | | X | 1,000 | 100% | 100% | 6 |
| 10 | Du Pont Environmental Remediation Services Inc. ("DERS") | 8980 | | X | 1,000 | 100% | 100% | 6 |
| 11 | Du Pont NDT Systems, Inc. ("NDT") | 3698 | | X | 1,000 | 100% | 100% | 6 |
| 12 | Du Pont Photomasks Inc. ("DPI") | 3698 | | X | 2,000 | 100% | 100% | 6 |
| 13 | Du Pont Separation Systems, Inc. ("DSS") | 2815 | | X | 1,000 | 100% | 100% | 6 |
| 14 | Du Pont Supercomputer, Inc. ("DSI") | 6749 | | X | 1,000 | 100% | 100% | 6 |
| 15 | Du Pont Tribon Composites, Inc. ("Tribon") | 2815 | | X | 1,000 | 100% | 100% | 6 |
| 16 | ImagiTex, Inc. ("ImagiTex") | 3670 | | X | 1,000 | 100% | 100% | 6 |
| 17 | Imperial Metal and Chemical Company (Nowson) ("IMCC") | 2799 | | X | 3,500 | 100% | 100% | 6 |
| 18 | InnograFix, Inc. ("InnograFix") (1) | 3698 | | X | 1,000 | 100% | 100% | 6 |
| 19 | Pitt-Consol Chemical Company ("Pitt-Consol") | 2815 | | X | 12,500 | 100% | 100% | 6 |
| 20 | Plastic Recycling Alliance, Inc. ("PRA") | 3070 | | X | 1,000 | 100% | 100% | 6 |
| 21 | Remington Arms Company, Inc. ("RAC") | 3480 | | X | 1,000 | 100% | 100% | 6 |
| 22 | The Peters Cartridge Company ("PCC") | Inactive | | X | 1,000 | 100% | 100% | 21 |
| 23 | The Union Metallic Cartridge Company ("UMCC") | Inactive | | X | 1,000 | 100% | 100% | 21 |
| 24 | Safer Emergency Systems, Inc. ("Safer") | 5060 | | X | 1,000 | 100% | 100% | 6 |
| 25 | Du Pont China Limited ("DCL") | 5160 | | X | 100,000 | 100% | 100% | 1 |
| 26 | Du Pont Delaware, Inc. ("DDI") | 6749 | | X | 1,200 | 100% | 100% | 1 |
| 27 | Connector Systems (U.S.) Inc. | 3670 | | X | 0 | 0% | 0% | 26 |
| 28 | Connector Systems Inc. | 6749 | | X | 0 | 0% | 0% | 26 |

*Footnotes and addresses are at page 15.

E. I. DU PONT DE NEMOURS AND COMPANY
51-0014090
1992
AFFILIATIONS SCHEDULE (FORM 851) - SUPPLEMENTAL SCHEDULE

PART II - Voting Stock Information, Principal Business Activity, etc.

| No. | Subsidiary Corporation* | PBA Code No. | Did the subsidiary make any nondividend distributions? (See Instructions) Yes | No | Stock holdings at beginning of year: Number of shares | Percent voting power | Percent of value | Owned by corp. no. |
|---|---|---|---|---|---|---|---|---|
| 29 | Du Pont Chlorine, Inc. ("DCI") | Inactive | | X | 1,100 | 100% | 100% | 26 |
| 30 | Du Pont Gulf Coast, Inc. ("DGC") | Inactive | | X | 1,100 | 100% | 100% | 26 |
| 31 | Du Pont Energy Company ("DEC") | 6749 | | X | 1,002 | 100% | 100% | 1 |
| 32 | Conoco Inc. ("Conoco") | 2910 | | X | 2,000 | 100% | 100% | 31 |
| 33 | Brandywine Industrial Gas, Inc. ("Brandywine") | 4920 | | X | 10 | 100% | 100% | 32 |
| 34 | Calcasieu Shipping Corp. ("CALCASIEU") | 4700 | | X | 1,000 | 100% | 100% | 32 |
| 35 | Cono-Services Inc. ("Cono-Ser") | Inactive | | X | 10 | 100% | 100% | 32 |
| 36 | Conoco Asia Pacific Ltd. ("Asiapacific") | 8980 | | X | 1,000 | 100% | 100% | 32 |
| 37 | Conoco Australia, Limited ("Australia") | 1330 | | X | 10 | 100% | 100% | 32 |
| 38 | Conoco Bardawil Inc. ("Bardawil") | 1330 | | X | 10 | 100% | 100% | 32 |
| 39 | Conoco Carbon & Minerals Inc. ("CONOCOCARMIN") | 5170 | | X | 130 | 100% | 100% | 32 |
| 40 | Conoco Chile Inc. ("Chile") | 1070 | | X | 1,000 | 100% | 100% | 32 |
| 41 | Conoco Communications, Inc. ("Conoco Comm") | Inactive | | X | 10 | 100% | 100% | 32 |
| 42 | Conoco Coral Inc. ("Coral") | 1330 | | X | 10 | 100% | 100% | 32 |
| 43 | Conoco Egypt Inc. ("Egypt Inc.") | 1330 | | X | 10 | 100% | 100% | 32 |
| 44 | Conoco Este Pipeline Company ("Con. Este P/L") | 4920 | | X | 1,000 | 100% | 100% | 32 |
| 45 | Conoco Europe Gas Company ("Europe Gas") | 8980 | | X | 1,000 | 100% | 100% | 32 |
| 46 | Conoco Geisum Inc. ("Geisum") | Inactive | | X | 100 | 100% | 100% | 32 |
| 47 | Conoco Indonesia Inc. ("Indonesia") | 1330 | | X | 1,000 | 100% | 100% | 32 |
| 48 | Conoco International Inc. ("CII") | 5170 | | X | 100 | 100% | 100% | 32 |
| 49 | Conoco International Petroleum Company ("CI Petro") (2) | 1330 | | X | 10 | 100% | 100% | 32 |
| 50 | Conoco Ireland Limited ("Ireland") | 5541 | | X | 20 | 100% | 100% | 32 |
| 51 | Conoco Irian Jaya Company ("Irian Jaya") | 1330 | | X | 10 | 100% | 100% | 32 |
| 52 | Conoco Lagia Offshore, Inc. ("Lagia") | Inactive | | X | 10 | 100% | 100% | 32 |
| 53 | Conoco Middle East Ltd. ("Middle East") | 1330 | | X | 1,000 | 100% | 100% | 32 |
| 54 | Conoco Mont Belview Holdings, Inc. ("Mont Belview") | 6599 | | X | 10 | 100% | 100% | 32 |
| 55 | Conoco Norway, Inc. ("Norway") | 1330 | | X | 100 | 100% | 100% | 32 |

*Footnotes and addresses are at page 15.

E. I. DU PONT DE NEMOURS AND COMPANY
51-0014090
1992
AFFILIATIONS SCHEDULE (FORM 851) - SUPPLEMENTAL SCHEDULE

PART II - Voting Stock Information, Principal Business Activity, etc.

| No. | Subsidiary Corporation* | PBA Code No. | Did the subsidiary make any nondividend distributions? (See Instructions) Yes | No | Stock holdings at beginning of year: Number of shares | Percent voting power | Percent of value | Owned by corp. no. |
|---|---|---|---|---|---|---|---|---|
| 56 | Conoco Overseas Oil Company ("Con Overseas") | 1330 | | X | 0 | 0% | 0% | 32 |
| 57 | Conoco Petcoke Far East Ltd. ("PETFAREAST") | 8980 | | X | 100 | 100% | 100% | 32 |
| 58 | Conoco Pipe Line Company ("CPL") | 4600 | | X | 5,000 | 100% | 100% | 32 |
| 59 | Antelope Pipe Line Company ("Antelope") | 4600 | | X | 5,000 | 100% | 100% | 58 |
| 60 | Continental Alaska Pipe Line Company ("Alaska PL") | 4600 | | X | 1,000 | 100% | 100% | 58 |
| 61 | Conoco Shale Oil Inc. ("Shale Oil") | 1330 | | X | 10 | 100% | 100% | 32 |
| 62 | Conoco Specialty Products, Inc. ("Spec Prod") | 2815 | | X | 10 | 100% | 100% | 32 |
| 63 | Conoco Texas Inc. ("Texas") | 1330 | | X | 960 | 100% | 100% | 32 |
| 64 | Conoco Timan-Pechora Ltd. ("Timan-Pech") | 1330 | | X | 0 | 0% | 0% | 32 |
| 65 | Conoco Trading Company ("Trading") | 5170 | | X | 100 | 100% | 100% | 32 |
| 66 | Conoco Trinidad Inc. ("CONTRINIDAD") | 1330 | | X | 1,000 | 100% | 100% | 32 |
| 67 | Conoco West Firan, Inc. ("West Firan") | 1330 | | X | 10 | 100% | 100% | 32 |
| 68 | Continental Mid Delta Petroleum Company ("Mid Delta") | Inactive | | X | 10 | 100% | 100% | 32 |
| 69 | Continental Netherlands Oil Company ("Netherlands") | 1330 | | X | 10 | 100% | 100% | 32 |
| 70 | Continental Oil Company ("COC") | Inactive | | X | 10 | 100% | 100% | 32 |
| 71 | Continental Oil Company of Iran ("Iran") | Inactive | | X | 10 | 100% | 100% | 32 |
| 72 | Continental Oil Company of Italy ("Italy") | 5170 | | X | 750,000 | 100% | 100% | 32 |
| 73 | Continental Oil Company of Libya ("Libya") | Inactive | | X | 4,000 | 100% | 100% | 32 |
| 74 | Continental Oil Company of Niger ("Niger") | Inactive | | X | 10 | 100% | 100% | 32 |
| 75 | Continental Oil Company of Nigeria ("Nigeria") | Inactive | | X | 10 | 100% | 100% | 32 |
| 76 | Continental Oil Company of Spain ("Spain") | Inactive | | X | 10 | 100% | 100% | 32 |
| 77 | Continental Pipe Line Company ("Cont. PL Co") | 4600 | | X | 5,000 | 100% | 100% | 32 |
| 78 | Douglas Oil Company of California ("Douglas") | 2190 | | X | 10 | 100% | 100% | 32 |
| 79 | Douglas Stations, Inc. ("Douglas Sta") | 6516 | | X | 10 | 100% | 100% | 78 |
| 80 | Du Pont Conid S.p.A. ("Du Pont Conid") | 2815 | | X | 3,930 | 100% | 100% | 32 |
| 81 | Dubai Marketing Company, Ltd. ("Dubai Mkt") | 4700 | | X | 10 | 100% | 100% | 32 |
| 82 | Dubai Petroleum Company ("Dubai Pet") | 1330 | | X | 10 | 100% | 100% | 32 |

*Footnotes and addresses are at page 15.

E. I. DU PONT DE NEMOURS AND COMPANY
51-0014090
1992
AFFILIATIONS SCHEDULE (FORM 851) - SUPPLEMENTAL SCHEDULE

PART II - Voting Stock Information, Principal Business Activity, etc.

| No. | Subsidiary Corporation* | PBA Code No. | Did the subsidiary make any nondividend distributions? (See instructions) Yes | No | Stock holdings at beginning of year: Number of shares | Percent voting power | Percent of value | Owned by corp. no. |
|---|---|---|---|---|---|---|---|---|
| 83 | Keyo Oil Company ("Keyo") | 5541 | | X | 10 | 100% | 100% | 32 |
| 84 | Fes-Gas Retail Services of Texas ("Fes-Gas") | 5995 | | X | 5,000 | 100% | 100% | 83 |
| 85 | Longhorn Pipeline Company ("Longhorn") | 4920 | | X | 10 | 100% | 100% | 32 |
| 86 | Louisiana Gas System Inc. ("La Gas Sys") | 1330 | | X | 10 | 100% | 100% | 32 |
| 87 | San Jacinto Eastern Corporation ("San Jac East") | Inactive | | X | 250 | 100% | 100% | 32 |
| 88 | San Jacinto Service Company ("San Jac Ser") | Inactive | | X | 1,000 | 100% | 100% | 87 |
| 89 | Du Pont Far East Inc. ("DUFE") | 5160 | | X | 3,000 | 100% | 100% | 1 |
| 90 | Du Pont Feedstocks Company ("DFC") | 6749 | | X | 1,000 | 100% | 100% | 1 |
| 91 | Du Pont India Ltd. ("India") | Inactive | | X | 1,000 | 100% | 100% | 1 |
| 92 | Du Pont Inter-America Chemical Company, Inc. ("DIAC") | Inactive | | X | 5,000 | 100% | 100% | 1 |
| 93 | Du Pont Japan, Ltd. ("DJL") | 2815 | | X | 1,700 | 100% | 100% | 1 |
| 94 | Du Pont Pharmaceuticals Pan American, Inc. ("DPA") | 5129 | | X | 100 | 100% | 100% | 1 |
| 95 | Du Pont Senegal, Inc. ("Senegal") | 1498 | | X | 1,000 | 100% | 100% | 1 |
| 96 | Du Pont Specialty Operations, Inc. ("DSO") | 6749 | | X | 1,000 | 100% | 100% | 1 |
| 97 | EID Business Trust ("EID Business") | 7389 | | X | 0 | 0% | 0% | 1 |
| 98 | Solid State Dielectrics, Inc. ("SSD") | Inactive | | X | 1,000 | 100% | 100% | 1 |
| 99 | Southern Mississippi Transportation Company ("SMTC") | Inactive | | X | 10 | 100% | 100% | 1 |

*Footnotes and addresses are at page 15.

# E. I. DU PONT DE NEMOURS AND COMPANY

51-0014090

1992

AFFILIATIONS SCHEDULE (FORM 851) -- SUPPLEMENTAL SCHEDULE

PART III -- Changes in Stock Holdings During the Year

| | | | | Changes in Stock Holdings During the Year | | | |
|---|---|---|---|---|---|---|---|
| | | | | (a) Changes | | (b) Shares held after changes described in column (a) | |
| No. | Subsidiary Corporation* | Stock-holder (Corp. No.) | Date | Shares Acquired | Shares Disposed Of | % of Voting Power | % of Value |
| 4 | D C Vision, Inc. | 8 | 04-20-92 | 50 | | 50% | 50% |
| 13 | Du Pont Separation Systems, Inc. ("DSS") | 8 | 02-26-92 | 100 | | 100% | 100% |
| 20 | Plastic Recycling Alliance, Inc. | 8 | 07-21-92 | | 1,000 | 0% | 0% |
| 27 | Connector Systems (U.S.) Inc. | 26 | 06-30-92 | 1,000 | | 100% | 100% |
| 28 | Connector Systems Inc. | 26 | 06-30-92 | 1,000 | | 100% | 100% |
| 56 | Conoco Overseas Oil Company ("Con Overseas") | 32 | 10-08-92 | 1,000 | | 100% | 100% |
| 59 | Antelope Pipe Line Company ("Antelope") | 58 | 03-30-92 | | 5,000 | 0% | 0% |
| 64 | Conoco Timan-Pechora Ltd. ("Timan-Pech") | 32 | 12-03-92 | 1,000 | | 100% | 100% |
| 98 | EID Business Trust ("EID Business") | 1 | 12-17-92 | 1 | | 100% | 100% |

E. I. DU PONT DE NEMOURS AND COMPANY
51-0014090
1992
AFFILIATIONS SCHEDULE (FORM 851) - SUPPLEMENTAL SCHEDULE

PART IV - Additional Information

| No. | Subsidiary Corporation* | Answer to Question 1: Yes/No | If yes, List and describe each class of stock: | Answer to Question 2: Yes/No | Answer to Question 3: Yes/No |
|---|---|---|---|---|---|
| 2 | Christiana Securities Company ("CSC") | N | | N | N |
| 3 | Conoco Coal Development Company ("CCDC") | N | | N | N |
| 4 | D C Vision, Inc. ("DCV, Inc.") | N | | N | N |
| 5 | Du Pont Asia Pacific Ltd. ("DAP") | N | | N | N |
| 6 | Du Pont Chemical and Energy Operations, Inc. ("DCEO") | Y | Com. & Series A Pref. | N | N |
| 7 | Camex, Inc. ("Camex") | N | | N | N |
| 8 | DPGP, Inc. ("DPGP") | N | | N | N |
| 9 | Destination Realty Inc. ("Realty") | N | | N | N |
| 10 | Du Pont Environmental Remediation Services Inc. ("DERS") | N | | N | N |
| 11 | Du Pont NDT Systems, Inc. ("NDT") | N | | N | N |
| 12 | Du Pont Photomasks Inc. ("DPI") | N | | N | N |
| 13 | Du Pont Separation Systems, Inc. ("DSS") | N | | N | N |
| 14 | Du Pont Supercomputer, Inc. ("DSI") | N | | N | N |
| 15 | Du Pont Tribon Composites, Inc. ("Tribon") | N | | N | N |
| 16 | ImagiTex, Inc. ("ImagiTex") | N | | N | N |
| 17 | Imperial Metal and Chemical Company (Nowson) ("IM&C") | N | | N | N |
| 18 | InnograFix, Inc. ("InnograFix") (1) | N | | N | N |
| 19 | Pitt-Consol Chemical Company ("Pitt-Consol") | N | | N | N |
| 20 | Plastic Recycling Alliance, Inc. ("PRA") | N | | N | N |
| 21 | Remington Arms Company, Inc. ("RAC") | N | | N | N |
| 22 | The Peters Cartridge Company ("PCC") | N | | N | N |
| 23 | The Union Metallic Cartridge Company ("UMCC") | N | | N | N |
| 24 | Safer Emergency Systems, Inc. ("Safer") | N | | N | N |
| 25 | Du Pont China Limited ("DCL") | N | | N | N |
| 26 | Du Pont Delaware, Inc. ("DDI") | Y | Com. & Series A Pref. | N | N |
| 27 | Connector Systems (U.S.) Inc. | N | | N | N |
| 28 | Connector Systems Inc. | N | | N | N |
| 29 | Du Pont Chlorine, Inc. ("DCI") | N | | N | N |
| 30 | Du Pont Gulf Coast, Inc. ("DGC") | N | | N | N |
| 31 | Du Pont Energy Company ("DEC") | N | | N | N |
| 32 | Conoco Inc. ("Conoco") | N | | N | N |
| 33 | Brandywine Industrial Gas, Inc. ("Brandywine") | N | | N | N |
| 34 | Calcasieu Shipping Corp. ("CALCASIEU") | N | | N | N |
| 35 | Cono-Services Inc. ("Cono-Ser") | N | | N | N |
| 36 | Conoco Asia Pacific Ltd. ("Asiapacific") | N | | N | N |
| 37 | Conoco Australia, Limited ("Australia") | N | | N | N |
| 38 | Conoco Bardawil Inc. ("Bardawil") | N | | N | N |
| 39 | Conoco Carbon & Minerals Inc. ("CONOCOCARMIN") | N | | N | N |
| 40 | Conoco Chile Inc. ("Chile") | N | | N | N |
| 41 | Conoco Communications, Inc. ("Conoco Comm") | N | | N | N |

*Footnotes and addresses are at page 15.

E. I. DU PONT DE NEMOURS AND COMPANY
51-0014090
1992
AFFILIATIONS SCHEDULE (FORM 851) - SUPPLEMENTAL SCHEDULE

PART IV - Additional Information

| No. | Subsidiary Corporation* | Answer to Question 1: Yes/No | If yes, List and describe each class of stock: | Answer to Question 2: Yes/No | Answer to Question 3: Yes/No |
|---|---|---|---|---|---|
| 42 | Conoco Coral Inc. ("Coral") | N | | N | N |
| 43 | Conoco Egypt Inc. ("Egypt Inc.") | N | | N | N |
| 44 | Conoco Este Pipeline Company ("Con. Este P/L") | N | | N | N |
| 45 | Conoco Europe Gas Company ("Europe Gas") | N | | N | N |
| 46 | Conoco Geisum Inc. ("Geisum") | N | | N | N |
| 47 | Conoco Indonesia Inc. ("Indonesia") | N | | N | N |
| 48 | Conoco International Inc. ("CII") | N | | N | N |
| 49 | Conoco International Petroleum Company ("CI Petro") (2) | N | | N | N |
| 50 | Conoco Ireland Limited ("Ireland") | N | | N | N |
| 51 | Conoco Irian Jaya Company ("Irian Jaya") | N | | N | N |
| 52 | Conoco Lagia Offshore, Inc. ("Lagia") | N | | N | N |
| 53 | Conoco Middle East Ltd. ("Middle East") | N | | N | N |
| 54 | Conoco Mont Belview Holdings, Inc. ("Mont Belview") | N | | N | N |
| 55 | Conoco Norway, Inc. ("Norway") | N | | N | N |
| 56 | Conoco Overseas Oil Company ("Con Overseas") | N | | N | N |
| 57 | Conoco Petcoke Far East Ltd. ("PETFAREAST") | N | | N | N |
| 58 | Conoco Pipe Line Company ("CPL") | N | | N | N |
| 59 | Antelope Pipe Line Company ("Antelope") | N | | N | N |
| 60 | Continental Alaska Pipe Line Company ("Alaska PL") | N | | N | N |
| 61 | Conoco Shale Oil Inc. ("Shale Oil") | N | | N | N |
| 62 | Conoco Specialty Products, Inc. ("Spec Prod") | N | | N | N |
| 63 | Conoco Texas Inc. ("Texas") | N | | N | N |
| 64 | Conoco Timan-Pechora Ltd. ("Timan-Pech") | N | | N | N |
| 65 | Conoco Trading Company ("Trading") | N | | N | N |
| 66 | Conoco Trinidad Inc. ("CONTRINIDAD") | N | | N | N |
| 67 | Conoco West Firan, Inc. ("West Firan") | N | | N | N |
| 68 | Continental Mid Delta Petroleum Company ("Mid Delta") | N | | N | N |
| 69 | Continental Netherlands Oil Company ("Netherlands") | N | | N | N |
| 70 | Continental Oil Company ("COC") | N | | N | N |
| 71 | Continental Oil Company of Iran ("Iran") | N | | N | N |
| 72 | Continental Oil Company of Italy ("Italy") | N | | N | N |
| 73 | Continental Oil Company of Libya ("Libya") | N | | N | N |
| 74 | Continental Oil Company of Niger ("Niger") | N | | N | N |
| 75 | Continental Oil Company of Nigeria ("Nigeria") | N | | N | N |
| 76 | Continental Oil Company of Spain ("Spain") | N | | N | N |
| 77 | Continental Pipe Line Company ("Cont. PL Co") | N | | N | N |
| 78 | Douglas Oil Company of California ("Douglas") | N | | N | N |
| 79 | Douglas Stations, Inc. ("Douglas Sta") | N | | N | N |
| 80 | Du Pont Conid S.p.A. ("Du Pont Conid") | N | | N | N |
| 81 | Dubai Marketing Company, Ltd. ("Dubai Mkt") | N | | N | N |

*Footnotes and addresses are at page 15.

E. I. DU PONT DE NEMOURS AND COMPANY
51-0014090
1992
AFFILIATIONS SCHEDULE (FORM 851) - SUPPLEMENTAL SCHEDULE

PART IV - Additional Information

| No. | Subsidiary Corporation* | Answer to Question 1: Yes/No | If yes, List and describe each class of stock: | Answer to Question 2: Yes/No | Answer to Question 3: Yes/No |
|---|---|---|---|---|---|
| 82 | Dubai Petroleum Company ("Dubai Pet") | N | | N | N |
| 83 | Kayo Oil Company ("Kayo") | N | | N | N |
| 84 | Fas-Gas Retail Services of Texas ("Fas-Gas") | N | | N | N |
| 85 | Longhorn Pipeline Company ("Longhorn") | N | | N | N |
| 86 | Louisiana Gas System Inc. ("La Gas Sys") | N | | N | N |
| 87 | San Jacinto Eastern Corporation ("San Jac East") | N | | N | N |
| 88 | San Jacinto Service Company ("San Jac Ser") | N | | N | N |
| 89 | Du Pont Far East Inc. ("DUFE") | N | | N | N |
| 90 | Du Pont Feedstocks Company ("DFC") | N | | N | N |
| 91 | Du Pont India Ltd. ("India") | N | | N | N |
| 92 | Du Pont Inter-America Chemical Company, Inc. ("DIAC") | N | | N | N |
| 93 | Du Pont Japan, Ltd. ("DJL") | Y | Com. & Series A Pref. | N | N |
| 94 | Du Pont Pharmaceuticals Pan American, Inc. ("DPA") | N | | N | N |
| 95 | Du Pont Senegal, Inc. ("Senegal") | N | | N | N |
| 96 | Du Pont Specialty Operations, Inc. ("DSO") | N | | N | N |
| 97 | EID Business Trust ("EID Business") | N | | N | N |
| 98 | Solid State Dielectrics, Inc. ("SSD") | N | | N | N |
| 99 | Southern Mississippi Transportation Company ("SMTC") | N | | N | N |

*Footnotes and addresses are at page 15.

E. I. DU PONT DE NEMOURS AND COMPANY
51-0014090
1992

AFFILIATIONS SCHEDULE (FORM 851) - SUPPLEMENTAL SCHEDULE

FOOTNOTES

(1) Changed from Du Pont Specialty Imaging Media Inc. 2/28/92.

(2) Changed from Conoco Overseas Oil Company 10/8/92.

ADDRESSES

| Corporation Number | Address |
|---|---|
| 2-16, 18-31, 89-99 | 1007 Market Street, Montchanin Bldg., Rm. 11720, Wilmington, DE 19898 |
| 17 | 2050 Byberry Road, Philadelphia, PA 19116 |
| 32-88 | Box 1267, Ponca City, Oklahoma 74603 |

Department of the Treasury-Internal Revenue Service

Form 870-AD (rev. 04/1992)

# Offer to Waive Restrictions on Assessment and Collection of Tax Deficiency and to Accept Overassessment

| Symbols: | Name of Taxpayer: | SSN or EIN: |
|---|---|---|
| AP:L:AP:WA:JWC | E I Dupont De Nemours & Co | 51-0014090 |

Under the provisions of section 6213(d) of the Internal Revenue Code of 1986 (the Code), or corresponding provisions of prior internal revenue laws, the undersigned offers to waive the restrictions provided in section 6213(a) of the Code or corresponding provisions of prior internal revenue laws, and to consent to the assessment and collection of the following deficiencies and additions to tax, if any, with interest as provided by law. The undersigned offers also to accept the following overassessments, if any, as correct. Any waiver or acceptance of an overassessment is subject to any terms and conditions stated below and on the second page of this form.

**Deficiencies (Overassessments) and Additions to Tax**

| Year Ended | Kind of Tax | Tax | | | | |
|---|---|---|---|---|---|---|
| 12/31/1990 | Income | 3,829,067 | | | | |
| 12/31/1991 | Income | 5,253,115 | | | | |
| 12/31/1992 | Income | 3,352,488 | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

Except for interest as provided by law, no penalties, additions to tax, or additional amounts will be asserted. For Additional Provisions see the back of this Form.

(See second page for signature instructions)

| Signature of Taxpayer: | Date: |
|---|---|
| Signature of Taxpayer: | Date: |
| Signature of Taxpayer's Representative: | Date: |

Corporate Name:
E I Dupont De Nemours & Co

By Corporate Officer: M. G. McClure  Title Vice President - Taxes  Date: 1/6/03

| For Internal Revenue Use Only | Date Accepted for Commissioner: 2/4/03 | Signature: Brian O. Hanlon |
|---|---|---|
| | Office: Washington, DC | Title: Appeals Team Manager |

This offer must be accepted for the Commissioner of Internal Revenue and will take effect on the date it is accepted. Unless and until it is accepted, it will have no force or effect. If offer is accepted, the case will not be reopened by the Commissioner unless there was:

- fraud, malfeasance, concealment or misrepresentation of a material fact
- an important mistake in mathematical calculation
- a deficiency or overassessment resulting from adjustments made under Subchapters C and D of Chapter 63 concerning the tax treatment of partnership and subchapter S items determined at the partnership and corporate level
- an excessive tentative allowance of a carryback provided by law

No claim for refund or credit will be filed or prosecuted by the taxpayer for the years stated on this form, other than for amounts attributed to carrybacks provided by law.

The proper filing of this offer, when accepted, will expedite assessment and billing (or overassessment, credit or refund) by adjusting the tax liability. This offer, when executed and timely submitted, will be considered a claim for refund for the above overassessment(s), if any. This offer may be executed by the taxpayer's attorney, certified public accountant, or agent provided this is specifically authorized by a power of attorney which, if not previously filed, must accompany this form. If this offer is signed by a person acting in a fiduciary capacity (for example: an executor, administrator, or a trustee) Form 56, Notice Concerning Fiduciary Relationship, must accompany this form, unless previously filed.

If this offer is executed for a year for which a joint return was filed, it must be signed by both spouses unless one spouse, acting under a power of attorney, signs as agent for the other.

If this offer is executed by a corporation, it must be signed with the corporate name followed by the signature and title of the officer(s) authorized to sign. If the offer is accepted, as a condition of acceptance, any signature by or for a corporate officer will be considered a representation by that person and the corporation, to induce reliance, that such signature is binding under law for the corporation to be assessed the deficiencies or receive credit or refund under this agreement. If the corporation later contests the signature as being unauthorized on its behalf, the person who signed may be subject to criminal penalties for representing that he or she had authority to sign this agreement on behalf of the corporation.

<u>Additional Provisions</u>

The settlement of any issue in the taxable years that are subject to this Form 870-AD does not constitute the adoption or establishment of a method of accounting with respect to such issue by the Taxpayer but is solely for purposes of the settlement of that issue in the taxable years that are subject to this Form 870-AD.

All amounts of tax and interest due the Taxpayer hereunder for the taxable year 1992 shall be first applied to the deficiencies (including interest) for the taxable years 1990 and 1991, and any excess shall be applied to the Taxpayer's 1993 tax account as a payment of tax, and not as a deposit in the nature of ...h bond, pursuant to section 4.03 of Rev. Proc. 84-58.

...Commissioner agrees that, in computing interest under sections 6501 and 6511 of the Internal Revenue Code of 1986 ("Code"), offsetting and annual interest netting (Notice 96-18) and global interest netting (Code section 6621(d)) (collectively, "interest netting") will be applied to the fullest extent possible.

The Commissioner agrees that, notwithstanding any other provision of this Form 870-AD, nothing herein shall be construed to limit the right of Taxpayer to file and prosecute claims for refund with respect to carrybacks from taxable years ending after 1992

The Taxpayer reserves the right to file claims for refund or credit (amended returns) or prosecute, settle with the Commissioner or litigate in any forum any matters with respect to claims for refund or credit (amended returns) for the taxable years that are the subject of this Form 870-AD, in addition to other years which are not the subject of this Form 870-AD (and such other years as may be required by the carryovers and carrybacks resulting from deductions and credits in such years) based on the following grounds:

1. that it is entitled to amortization or other deductions in 1990, 1991 and 1992 with respect to intangible assets acquired in connection with the purchase of the Mt. Clemens operations of Ford and/or to decrease gross income from paint sales to Ford;
2. that it is entitled to depreciation deductions of $640,664 in 1990, $431,222 in 1991 and $ 319,584 in 1992 related to capitalized expense audit adjustments at its Seaford Plant;
3. that it is entitled to deductions of $8,524,756 in 1990, $13,478,594 in 1991 and $1,869,391 in 1992 for a lawsuit settlement related to its Ponca City Refinery;
4. that it is entitled to Enhanced Oil Recovery Credits of $454,283 in 1992 for the Shell-operated Denver unit.
5. any matters, on any grounds, based on errors by the Commissioner with respect to the computation of interest under sections 6501 and 6511 of the Internal Revenue Code, including without limitation errors resulting from credit of an overpayment of estimated tax and interest netting with respect to any taxable years as to which such netting may lawfully be applied as permitted under Code section 6621(d).

This offer of waiver of restrictions is not to be construed as a claim for refund or credit, formal or informal, concerning the matters for which the right to file claim is reserved.

BJH 3/12/03

Form 870-AD-c (Rev. 4/1992)

Form **1120X** (Rev. December 2001)
Department of the Treasury
Internal Revenue Service

# Amended U.S. Corporation Income Tax Return

OMB No. 1545-0132

For tax year ending ▶ 12/31/90 (Enter month and year.)

Please Type or Print

Name: E. I. DuPont de Nemours and Company, Inc.

Employer identification number: 51 : 0014090

Number, street, and room or suite no. (If a P.O. box, see instructions.): 1007 Market Street

City or town, state, and ZIP code: Wilmington, DE 19898

Telephone number (optional) ( )

Enter name and address used on original return (If same as above, write "Same.")

Internal Revenue Service Center where original return was filed ▶ Philadelphia, PA

## Fill in Applicable Items and Use Part II To Explain Any Changes

**Part I** Income and Deductions (see instructions)

| | | | (a) As originally reported or as previously adjusted | (b) Net change—increase or (decrease)—explain in Part II | (c) Correct amount |
|---|---|---|---|---|---|
| 1 | Total income (Form 1120 or 1120-A, line 11) | 1 | | | |
| 2 | Total deductions (total of lines 27 and 29c, Form 1120, or lines 23 and 25c, Form 1120-A) | 2 | | | |
| 3 | Taxable income. Subtract line 2 from line 1 | 3 | 2,872,303,700 | (25,035,321) | 2,847,268,379 |
| | See attached schedules for detail | | | | |
| 4 | Tax (Form 1120, line 31, or Form 1120-A, line 27) | 4 | 566,502,247 | (5,037,143) | 561,465,104 |

Payments and Credits (see instructions)

| | | | | | |
|---|---|---|---|---|---|
| 5a | Overpayment in prior year allowed as a credit | 5a | | | |
| b | Estimated tax payments | b | | | |
| c | Refund applied for on Form 4466 | c | | | |
| d | Subtract line 5c from the sum of lines 5a and 5b | d | | | |
| e | Tax deposited with Form 7004 | e | | | |
| f | Credit from Form 2439 | f | | | |
| g | Credit for Federal tax on fuels | g | | | |

| | | | |
|---|---|---|---|
| 6 | Tax deposited or paid with (or after) the filing of the original return | 6 | 566,502,247 |
| | Tax per return or as previously adjusted | | |
| 7 | Add lines 5d through 6, column (c) | 7 | 566,502,247 |
| 8 | Overpayment, if any, as shown on original return or as later adjusted | 8 | |
| 9 | Subtract line 8 from line 7 | 9 | 566,502,247 |

INTERNAL REVENUE SERVICE WILMINGTON DE TAC
OCT 27 2003
PROOF OF DELIVERY ONLY THIS IS NOT AN OFFICIAL RECEIPT

Tax Due or Overpayment (see instructions)

| | | | |
|---|---|---|---|
| 10 | Tax due. Subtract line 9 from line 4, column (c). If paying by check, make it payable to the "United States Treasury." ▶ | 10 | |
| 11 | Overpayment. Subtract line 4, column (c), from line 9 ▶ | 11 | 5,037,143 |
| 12 | Enter the amount of line 11 you want: Credited to 20__ estimated tax ▶ Refunded ▶ | 12 | 5,037,143 |

**Sign Here**

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

▶ M. S. McClure (signature) Signature of officer | 10/27/03 Date | ▶ VP. Taxes Title

**Paid Preparer's Use Only**

Preparer's signature ▶ | Date | Check if self-employed ☐ | Preparer's SSN or PTIN

Firm's name (or yours if self-employed), address, and ZIP code ▶ | EIN | Phone no. ( )

**Part II** **Explanation of Changes to Items in Part I** (Enter the line number from page 1 for the items you are changing, and give the reason for each change. Show any computation in detail. Also, see **What To Attach** on page 3 of the instructions.)

If the change is due to a net operating loss carryback, a capital loss carryback, or a general business credit carryback, see **Carryback Claims** on page 3, and check here . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

**See attached schedules reflecting the recomputation of tax.**

**See attached memorandum for discussion of issues in Taxpayer's claim.**

## FEDERAL INCOME TAX CHRONOLOGY
## DETAILED AUDIT BASIS CALCULATION

### ADJUSTED INCOME TAX CALCULATION
### E.I. DUPONT DE NEMOURS CONSOLIDATED

| | 1990 | 1991 | 1992 |
|---|---|---|---|
| **TAX CALCULATION PER 1120X DATED 10/27/03** | | | |
| **Taxable Income Per 1120X:** | | | |
| Ordinary Income Before NOL | 2,826,191,191 | 1,725,469,278 | 838,807,219 |
| NOL | (992,930) | (992,930) | (774,460) |
| Ordinary Income | 2,825,198,261 | 1,724,476,348 | 838,032,759 |
| 1231 Capital Gain | - | 149,662,612 | - |
| 1221 Capital Gain (ST) | (2,850,763) | 18,776,107 | - |
| 1221 Capital Gain (LT) | 25,106,758 | 632,009,802 | 47,613,866 |
| Total Capital Gain | 22,255,995 | 800,448,521 | 47,613,866 |
| TEFRA Partnership Adjustments | | | |
| Corrected Deduction for Environmental Tax | (185,877) | (195,061) | (53,192) |
| Total Taxable Income Per Form 1120X | 2,847,268,379 | 2,524,729,808 | 885,593,433 |
| Tax @ | (34%) | (34%) | (34%) |
| Ordinary | 960,504,210 | 586,255,638 | 284,913,053 |
| 1231 | - | 50,885,288 | - |
| ST Capital Gain | N/A | N/A | N/A |
| Total Capital Gain | 7,567,038 | 221,267,209 | 16,188,714 |
| Total | 968,071,248 | 858,408,135 | 301,101,767 |
| Foreign Tax Credit | (538,861,661) | (349,770,503) | (271,130,050) |
| Alternative Fuel Credit | - | (25,469,502) | - |
| Research Credit | N/A | N/A | N/A |
| WIN Credit/Orphan Drug | | | |
| **General Business Credit:** | | | |
| -Investment Tax Credit | (271,400) | - | (5,563,100) |
| -Jobs Credit | (132,398) | (102,021) | (33,484) |
| -Alcohol Used as Fuel | | | (335,472) |
| -Research Credit | (26,364,981) | (14,560,434) | (6,503,694) |
| -Low Income Housing | (98,162) | (154,884) | (163,669) |
| -Enhanced Oil Recovery | N/A | (508,961) | (1,762,127) |
| -Employer Crdt SS & Medicare tax | | N/A | N/A |
| -GBC carryover credits | | N/A | N/A |
| -ESOP Credit | N/A | N/A | N/A |
| Total General Business Credit | (26,866,941) | (15,326,300) | (14,361,546) |
| General Business Credit Limitation Test | - | (54,537,495) | - |
| Unused General Business Credit | 26,866,941 | - | 14,361,546 |
| GBC After Sec. 58-9 Reduction | | | |
| GBC Carryforward/Carryback Utilized | | (1,762,127) | |
| Current Year General Business Credit | - | (17,088,427) | - |
| Minimum Tax Credit | - | (11,979,566) | - |
| Investment Credit Recapture | 455,731 | - | - |
| Minimum Tax | 126,512,345 | - | 86,563,413 |
| Environmental Tax | 5,287,440 | 4,091,980 | 1,763,511 |
| Total Tax Per Form 1120X | 561,465,104 | 458,192,117 | 118,298,634 |
| Form 870-AD Assessment (All Issues) | 566,502,247 | 464,182,698 | 121,842,501 |
| Amount Due (Refund) from Claim | (5,037,143) | (5,990,581) | (3,543,867) |

# FEDERAL INCOME TAX CHRONOLOGY
# DETAILED AUDIT BASIS CALCULATION

## ADJUSTED MINIMUM TAX CALCULATION (YEARS 1990-1992)
## E.I. DUPONT DE NEMOURS CONSOLIDATED

| | 1990 | 1991 | 1992 |
|---|---|---|---|
| ALTERNATIVE MINIMUM TAX - FORM 1120X | | | |
| Taxable Income Before NOL | 2,848,261,309 | 2,525,722,738 | 886,367,893 |
| Total Adjustments | 614,319,914 | 685,432,925 | 457,883,898 |
| Total Preferences | 99,324,845 | 90,055,535 | 8,035,434 |
| Preadjustment AMTI | 3,561,906,068 | 3,301,211,198 | 1,352,287,225 |
| Adjusted Current Earnings | 4,683,248,087 | 3,443,451,337 | 1,509,009,972 |
| Excess of ACE over Preadjustment AMTI | 1,121,342,019 | 142,240,139 | 156,722,747 |
| ACE Adjustment | 841,006,514 | 106,680,104 | 117,542,060 |
| AMT NOL | (992,930) | (992,830) | (920,861) |
| Alternative Minimum Taxable Income | 4,401,919,652 | 3,406,898,372 | 1,468,908,424 |
| AMTI * 20% | 880,383,930 | 681,379,674 | 293,781,685 |
| AMT FTC | (324,661,998) | (22[illegible]79,537) | (177,246,555) |
| Tentative Minimum Tax | 555,721,832 | 454,100,137 | 116,535,130 |
| Regular Tax Before all Credits Except FTC | 429,209,587 | 508,637,632 | 29,971,717 |
| AMT | 126,512,345 | 0 | 86,563,413 |
| | | | |
| Current Year AMT | 126,512,345 | 0 | 86,563,413 |
| Unused Alternative Fuel Credit | 6,938,113 | 0 | 41,803,364 |
| RAR Minimum Tax Credit Generated - Current Yr | 133,450,458 | 0 | 128,366,777 |
| Minimum Tax Credit Available - From Prior Yr. | 0 | 133,450,458 | 121,470,892 |
| Minimum Tax Credit Utilized | 0 | (11,979,566) | 0 |
| Minimum Tax Credit Carryforward | 133,450,458 | 121,470,892 | 249,837,669 |

# Attachment to 1120X
# E.I. DuPont de Nemours & Subsidiaries
## Analysis of Unagreed Issues
## 1990 - 1992

| | | 1990 | 1991 | 1992 |
|---|---|---|---|---|
| | Total Tax Assessed per 870-AD Signed by IRS 2/4/03 | 566,502,247 | 464,182,698 | 121,842,501 |
| A | Tax Effect - Ford Paint Contract | (3,180,000) | (3,180,000) | (3,180,000) |
| B | Tax Effect - Seaford Depreciation | (128,133) | (86,244) | (63,917) |
| C | Tax Effect - Legal Settlement | (1,704,951) | (2,695,719) | (373,878) |
| D | Tax Effect - EOR Credit (Sec 43 (d)(1) Adj.) * | | | 90,857 |
| E | Tax Effect - Reduction in Environmental Tax Deduction | 6,016 | 7,154 | 4,232 |
| | Additional Tax as Adjusted | 561,495,179 | 458,227,889 | 118,319,795 |
| | Increase/(Decrease) in Environmental Tax | (30,079) | (35,772) | (21,162) |
| | Total Tax Per Form 1120X | 561,465,100 | 458,192,117 | 118,298,633 |
| | *Net Tax/(Refund) Due* | *(5,037,147)* | *(5,990,581)* | *(3,543,868)* |

| | | 1990 | 1991 | 1992 |
|---|---|---|---|---|
| | Unagreed Issue - Ford Paint Contract Depreciation | (15,900,000) | (15,900,000) | (15,900,000) |
| | AMT Rate | 20% | 20% | 20% |
| | Tax Effect of Unagreed Issue | (3,180,000) | (3,180,000) | (3,180,000) |
| | Unagreed Issue - Seaford Plant Depreciation | (640,664) | (431,222) | (319,584) |
| | AMT Rate | 20% | 20% | 20% |
| B | Tax Effect of Unagreed Issue | (128,133) | (86,244) | (63,917) |
| | Unagreed Issue - Legal Settlement | (8,524,756) | (13,478,594) | (1,869,391) |
| | AMT Rate | 20% | 20% | 20% |
| C | Tax Effect of Unagreed Issue | (1,704,951) | (2,695,719) | (373,878) |
| | Unagreed Issue - EOR Credit (Sec. 43 (d)(1) Adj.) * | - | - | 454,283 |
| | AMT Rate | 20% | 20% | 20% |
| D | Tax Effect of Unagreed Issue | - | - | 90,857 |
| | Reduction in Environmental Tax Deduction | 30,079 | 35,772 | 21,162 |
| | AMT Rate | 20% | 20% | 20% |
| E | Tax Effect of Unagreed Issue | 6,016 | 7,154 | 4,232 |

* Taxpayer is subject to the Alternative Minimum tax in 1990 and 1992. The additional EOR credit is carried back to 1991 and reduces the amount of AMT credit utilized for that year. There is no impact on tax liability in 1992 from the additional EOR credit other than the impact caused by the Sec. 43(d)(1) adjustment. The claim does however increase the amount of AMT credit which can be utilized in future tax years.

Department of the Treasury-Internal Revenue Service

Form 870-AD
(rev. 04/1992)

# Offer to Waive Restrictions on Assessment and Collection of Tax Deficiency and to Accept Overassessment

| Symbols: | Name of Taxpayer: | SSN or EIN: |
|---|---|---|
| AP:L:AP:WA:JWC | E I Dupont De Nemours & Co | 51-0014090 |

Under the provisions of section 6213(d) of the Internal Revenue Code of 1986 (the Code), or corresponding provisions of prior internal revenue laws, the undersigned offers to waive the restrictions provided in section 6213(a) of the Code or corresponding provisions of prior internal revenue laws, and to consent to the assessment and collection of the following deficiencies and additions to tax, if any, with interest as provided by law. The undersigned offers also to accept the following overassessments, if any, as correct. Any waiver or acceptance of an overassessment is subject to any terms and conditions stated below and on the second page of this form.

**Deficiencies (Overassessments) and Additions to Tax**

| Year Ended | Kind of Tax | Tax | | | | |
|---|---|---|---|---|---|---|
| 12/31/1990 | Income | 3,829,067 | | | | |
| 12/31/1991 | Income | 5,253,115 | | | | |
| 12/31/1992 | Income | 3,352,488 | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

Except for interest as provided by law, no penalties, additions to tax, or additional amounts will be asserted. For Additional Provisions see the back of this Form.

(See second page for signature instructions)

| | |
|---|---|
| Signature of Taxpayer: | Date: |
| Signature of Taxpayer: | Date: |
| Signature of Taxpayer's Representative: | Date: |

Corporate Name:
E I Dupont De Nemours & Co

| By Corporate Officer: M. G. McClure | Title Vice President - Taxes | Date: 1/6/03 |
|---|---|---|

| For Internal Revenue Use Only | Date Accepted for Commissioner: 2/4/03 | Signature: Brian O Hanlon |
|---|---|---|
| | Office: Washington, DC | Title: Appeals Team Manager |

This offer must be accepted for the Commissioner of Internal Revenue and will take effect on the date it is accepted. Unless and until it is accepted, it will have no force or effect. If offer is accepted, the case will not be reopened by the Commissioner unless there was:

- fraud, malfeasance, concealment or misrepresentation of a material fact
- an important mistake in mathematical calculation
- a deficiency or overassessment resulting from adjustments made under Subchapters C and D of Chapter 63 concerning the tax treatment of partnership and subchapter S items determined at the partnership and corporate level
- an excessive tentative allowance of a carryback provided by law

No claim for refund or credit will be filed or prosecuted by the taxpayer for the years stated on this form, other than for amounts attributed to carrybacks provided by law.

The proper filing of this offer, when accepted, will expedite assessment and billing (or overassessment, credit or refund) by adjusting the tax liability. This offer, when executed and timely submitted, will be considered a claim for refund for the above overassessment(s), if any. This offer may be executed by the taxpayer's attorney, certified public accountant, or agent provided this is specifically authorized by a power of attorney which, if not previously filed, must accompany this form. If this offer is signed by a person acting in a fiduciary capacity (for example: an executor, administrator, or a trustee) Form 56, Notice Concerning Fiduciary Relationship, must accompany this form, unless previously filed.

If this offer is executed for a year for which a joint return was filed, it must be signed by both spouses unless one spouse, acting under a power of attorney, signs as agent for the other.

If this offer is executed by a corporation, it must be signed with the corporate name followed by the signature and title of the officer(s) authorized to sign. If the offer is accepted, as a condition of acceptance, any signature by or for a corporate officer will be considered a representation by that person and the corporation, to induce reliance, that such signature is binding under law for the corporation to be assessed the deficiencies or receive credit or refund under this agreement. If the corporation later contests the signature as being unauthorized on its behalf, the person who signed may be subject to criminal penalties for representing that he or she had authority to sign this agreement on behalf of the corporation.

## Additional Provisions

The settlement of any issue in the taxable years that are subject to this Form 870-AD does not constitute the adoption or establishment of a method of accounting with respect to such issue by the Taxpayer but is solely for purposes of the settlement of that issue in the taxable years that are subject to this Form 870-AD.

All amounts of tax and interest due the Taxpayer hereunder for the taxable year 1992 shall be first applied to the deficiencies (including interest) for the taxable years 1990 and 1991, and any excess shall be applied to the Taxpayer's 1993 tax account as a payment of tax, and not as a deposit in the nature of ...sh bond, pursuant to section 4.03 of Rev. Proc. 84-58.

...Commissioner agrees that, in computing interest under sections 6501 and 6511 of the Internal Revenue Code of 1986 ("Code"), offsetting and annual interest netting (Notice 96-18) and global interest netting (Code section 6621(d)) (collectively, "interest netting") will be applied to the fullest extent possible.

The Commissioner agrees that, notwithstanding any other provision of this Form 870-AD, nothing herein shall be construed to limit the right of Taxpayer to file and prosecute claims for refund with respect to carrybacks from taxable years ending after 1992

The Taxpayer reserves the right to file claims for refund or credit (amended returns) or prosecute, settle with the Commissioner or litigate in any forum any matters with respect to claims for refund or credit (amended returns) for the taxable years that are the subject of this Form 870-AD, in addition to other years which are not the subject of this Form 870-AD (and such other years as may be required by the carryovers and carrybacks resulting from deductions and credits in such years) based on the following grounds:

1. that it is entitled to amortization or other deductions in 1990, 1991 and 1992 with respect to intangible assets acquired in connection with the purchase of the Mt. Clemens operations of Ford and/or to decrease gross income from paint sales to Ford;
2. that it is entitled to depreciation deductions of $640,664 in 1990, $431,222 in 1991 and $ 319,584 in 1992 related to capitalized expense audit adjustments at its Seaford Plant;
3. that it is entitled to deductions of $8,524,756 in 1990, $13,478,594 in 1991 and $1,869,391 in 1992 for a lawsuit settlement related to its Ponca City Refinery;
4. that it is entitled to Enhanced Oil Recovery Credits of $454,283 in 1992 for the Shell-operated Denver unit.
5. any matters, on any grounds, based on errors by the Commissioner with respect to the computation of interest under sections 6501 and 6511 of the Internal Revenue Code, including without limitation errors resulting from credit of an overpayment of estimated tax and interest netting with respect to any taxable years as to which such netting may lawfully be applied as permitted under Code section 6621(d).

This offer of waiver of restrictions is not to be construed as a claim for refund or credit, formal or informal, concerning the matters for which the right to file claim is reserved.

BJH 3/12/03

Form 872 (Rev. January 2001)

Department of the Treasury - Internal Revenue Service

# Consent to Extend the Time to Assess Tax

AP:LMSB:AP:WA:JWC

Taxpayer Identification Number

51-0014090

E I Dupont De Nemours and Co
(Name(s))

taxpayer(s) of 1007 Market Street Dpnt Bld D-13000, Wilmington, Delaware 19898
(Number, Street, City or Town, State, Zip Code)

and the Commissioner of Internal Revenue consent and agree to the following:

(1) The amount of any Federal Income tax due on any return(s) made by or for the above taxpayer(s) for the period(s) ended December 31, 1990 , December 31, 1991 , and December 31, 1992 may be assessed at any time on or before April 30, 2003. However, if a notice of deficiency in tax for any such period(s) is sent to the taxpayer(s) on or before that date, then the time for assessing the tax will be further extended by the number of days the assessment was previously prohibited, plus 60 days.

(2) The taxpayer(s) may file a claim for credit or refund and the Service may credit or refund the tax within 6 months after this agreement ends.

MAKING THIS CONSENT WILL NOT DEPRIVE THE TAXPAYER(S) OF ANY APPEAL RIGHTS TO WHICH THEY WOULD OTHERWISE BE ENTITLED.

YOUR SIGNATURE HERE ____________ (Date signed)

SPOUSE'S SIGNATURE ____________ (Date signed)

TAXPAYER'S REPRESENTATIVE SIGN HERE ____________ (Date signed)

CORPORATE NAME E I Dupont De Nemours and Co

CORPORATE OFFICER(S) SIGN HERE M. G. McClure, VP-Taxes (Title) 5/6/02 (Date signed)

____________ (Title) (Date signed)

INTERNAL REVENUE SERVICE SIGNATURE AND TITLE

Andrew E. Blanche Jr.
(Division Executive Name - see instructions)

Director, Appeals LMSB Operating Unit
(Division Executive Title - see instructions)

John Shaeller, Appeals Officer, 5/15/02
(Authorized Official Signature and Title - see instructions) (Date signed)

(Signature instructions are on the back of this form)

Form 872-c (Rev. 1/2001)

### III. Deductions Related to Lawsuit Settlement at Conoco's Ponca City Refinery

In August 1989 a class action lawsuit was filed against Conoco Inc. ("Conoco"). At that time and during the years of these claims, Conoco was an affiliated corporation that filed Federal income tax returns in consolidation with DuPont. The lawsuit alleged that emissions and discharges from Conoco's Ponca City Oklahoma refinery had damaged the Plaintiffs' health and property. The Plaintiffs in the litigation were those people who had either lived or owned property in the Circle Drive area along the east boundary of the refinery at any time after August of 1966. As reflected in the Amended Complaint, the Plaintiffs sought the following:

> "compensatory and punitive monetary damages based on injury to property and property interests, including business interests, and upon the threat of future health problems suffered by the Plaintiffs and the class as a result of toxic chemical emissions, discharges, and/or leakages and the threat of future emissions, discharges and/or leakages from the Ponca City Refinery (the "Refinery") owned by CONOCO INC. ... The Plaintiffs and the class are also entitled to damages for future medical monitoring necessitated by exposures to the toxic chemical emissions."

As detailed in the Amended Complaint, in addition to property damages, the Plaintiffs' asserted claims for nuisance damages and health damages. Nuisance damages included:

> "loss of quality of life, loss of enjoyment and use of property, loss of business interests, loss by way of destruction and/or diminution of value of property and loss of business opportunity"

Health damages included:

> "the threat of future health problems to be suffered by the Plaintiffs and other class members as a result of their exposure to toxic chemical emissions"

Conoco and the Plaintiffs agreed to settle the litigation before actually proceeding to trial in the matter. The Settlement Agreement was approved by the United States District Court in March of 1990.

Pursuant to the Settlement Agreement, Conoco paid $4,850,000 into a settlement fund to be shared among Plaintiffs who had lived and/or owned property in the Circle Drive area at any time from August 1966 to the date of the settlement. In addition, those Plaintiffs who owned property in the Circle Drive area at the time of the settlement could choose to sell their property to Conoco in the manner prescribed by the Settlement Agreement.

A total of 8,606 people filed the necessary paper work with the court to establish their eligibility and shared in the settlement fund. Note that there were 371 properties in the Circle Drive area owned by people who chose to participate in the settlement fund. Of these, 365 chose to sell their property to Conoco and 6 did not. The 8,606 who participated in the settlement fund were bound by the release contained in the body of the settlement agreement, while those who sold their property also executed separate written releases. Both groups released any claims they might have (including personal injury and property damage), other than for actual future medical or lost wages.

It was possible for a property owner to choose to sell his property but to choose not to participate in the settlement fund. In that event the property owner would only receive the court-determined value for his property and would not receive any of the bonuses detailed below. Any property owner so electing would

have retained his rights to pursue claims for personal injury and released only his property damage claims. No property owners chose this alternative settlement.

There were 76 people who notified the court that they did not wish to participate in the settlement fund. None of these 76 was also a property owner. These 76 people retained the ability to pursue any claims they might have had against Conoco. There was 1 additional person who chose not to file the necessary paper work to participate in the settlement fund or to sell the property he owned. In total, this meant that 365 of the 372 property owners chose to sell their property to Conoco pursuant to the terms of the Settlement Agreement.

The Settlement Agreement provided that the sales price for the properties would be the fair market value assuming residential use and the presence of no hydrocarbon or hydrocarbon constituents in the ground, groundwater or on the surface from any source. Occupants or lessees could receive a payment of $6,000 per property to cover moving costs and "household disruption". In addition, property owners who had owned their property continuously from November 21, 1989 until the date of the Settlement Agreement could generally receive the following additional amounts:

- A 45% premium over the fair market value of their property determined pursuant to the court ordered appraisals.
- A $5,000 payment for participating in the settlement.
- A payment of up to $15,000 under a formula for business interruption where applicable.

- A payment of $5,500 for early sign up for the settlement.
- A payment of $750 to cover miscellaneous costs.

Conoco incurred certain costs in the period 1990 through 1992 related to the settlement of this litigation. Those costs are detailed as follows:

| | 1990 | 1991 | 1992 |
|---|---|---|---|
| Payments to Settlement Fund | 4,850,000 | 0 | 0 |
| Payments to property owners* | 1,574,423 | 11,356,530 | 846,254 |
| Legal and other costs | 2,077,700 | 1,544,261 | 293,249 |
| Land clearance costs | 22,633 | 577,803 | 729,888 |
| Total | 8,524,756 | 13,478,594 | 1,869,391 |

*These were amounts paid to the property owners in excess of the true fair market value of the properties purchased and were paid to the property owners in settlement of their claims against Conoco. Conoco capitalized an amount equal to the true fair market value of the properties ($200,000) and that amount is not included in these totals.

The above settlement costs constitute ordinary and necessary expenses paid or incurred in carrying on Conoco's trade or business and as such are properly deductible pursuant to Section 162 of the Internal Revenue Code of 1986. See United States v. Gilmore, 372 U.S. 39 (1963). These costs were originally deducted by Conoco on its tax return as filed and were capitalized as a result of the Internal Revenue Service audit of Conoco's federal income tax returns for these years. Conoco is now filing with DuPont amended tax returns for the tax years 1990, 1991 and 1992 in order to properly claim these costs as deductible expenses. For further discussion, see pages from Conoco's written protest previously filed with IRS Appeals (Exhibit 20).

## IV. Enhanced Oil Recovery Credits

After filing its tax return for 1992, Conoco became aware that it had omitted revised information received from the operator of an oil property in which Conoco owned an interest. This revised information indicated that the oil property had additional expenditures qualifying

Form 870-AD
(rev. 04/1992)
Page 1 of 3

Department of the Treasury-Internal Revenue Service

# Offer to Waive Restrictions on Assessment and Collection of Tax Deficiency and to Accept Overassessment

| Symbols: | Name of Taxpayer: | SSN or EIN: |
|---|---|---|
| AP:AO:PA:PHI:RFW | E. I. DUPONT DE NEMOURS & COMPANY | 51-0014090 |

Under the provisions of section 6213(d) of the Internal Revenue Code of 1986 (the Code), or corresponding provisions of prior internal revenue laws, the undersigned offers to waive the restrictions provided in section 6213(a) of the Code or corresponding provisions of prior internal revenue laws, and to consent to the assessment and collection of the following deficiencies and additions to tax, if any, with interest as provided by law. The undersigned offers also to accept the following overassessments, if any, as correct. Any waiver or acceptance of an overassessment is subject to any terms and conditions stated below and on the second page of this form.

**Deficiencies (Overassessments) and Additions to Tax**

| Year Ended | Kind of Tax | Tax | | | | |
|---|---|---|---|---|---|---|
| 12/31/1990 | Income | ($4,056,039.00) | | | | |
| 12/31/1991 | Income | ($4,053,558.00) | | | | |
| 12/31/1992 | Income | $3,623,586.00 | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

**Except for interest as provided by law, no penalties, additions to tax, or additional amounts will be asserted. For additional provisions see back of this Form and third page marked Additional Provisions.**

(See second page for signature instructions)

| Signature of Taxpayer: | Date: |
|---|---|
| Signature of Taxpayer: | Date: |
| Signature of Taxpayer's Representative: | Date: |

Corporate Name:
E. I. DUPONT DE NEMOURS & COMPANY

By Corporate Officer: M. S. McClane Title VP Taxes Date: 8/10/06

| For Internal Revenue Use Only | Date Accepted for Commissioner: 9-25-2006 | Signature: Reginald F White |
|---|---|---|
| | Office: Philadelphia | Title: Appeals Team ~~Manager~~ CASE Leader |

This offer must be accepted for the Commissioner of Internal Revenue and will take effect on the date it is accepted. Unless and until it is accepted, it will have no force or effect. If offer is accepted, the case will not be reopened by the Commissioner unless there was:

- fraud, malfeasance, concealment or misrepresentation of a material fact
- an important mistake in mathematical calculation
- a deficiency or overassessment resulting from adjustments made under Subchapters C and D of Chapter 63 concerning the tax treatment of partnership and subchapter S items determined at the partnership and corporate level
- an excessive tentative allowance of a carryback provided by law

No claim for refund or credit will be filed or prosecuted by the taxpayer for the years stated on this form, other than for amounts attributed to carrybacks provided by law.

The proper filing of this offer, when accepted, will expedite assessment and billing (or overassessment, credit or refund) by adjusting the tax liability. This offer, when executed and timely submitted, will be considered a claim for refund for the above overassessment(s), if any. This offer may be executed by the taxpayer's attorney, certified public accountant, or agent provided this is specifically authorized by a power of attorney which, if not previously filed, must accompany this form. If this offer is signed by a person acting in a fiduciary capacity (for example: an executor, administrator, or a trustee) Form 56, Notice Concerning Fiduciary Relationship, must accompany this form, unless previously filed.

If this offer is executed for a year for which a joint return was filed, it must be signed by both spouses unless one spouse, acting under a power of attorney, signs as agent for the other.

If this offer is executed by a corporation, it must be signed with the corporate name followed by the signature and title of the officer(s) authorized to sign. If the offer is accepted, as a condition of acceptance, any signature by or for a corporate officer will be considered a representation by that person and the corporation, to induce reliance, that such signature is binding under law for the corporation to be assessed the deficiencies or receive credit or refund under this agreement. If the corporation later contests the signature as being unauthorized on its behalf, the person who signed may be subject to criminal penalties for representing that he or she had authority to sign this agreement on behalf of the corporation.

SEE ADDITIONAL PROVISIONS ON PAGE 3 of 3

E.I. DUPONT DE NEMOURS & COMPANY
Periods; 12/31/90 to 12/31/92
From 870-AD Page: 3 of 3

## Additional Provisions

The settlement of any issue in the taxable years that are subject to this Form 870-AD does not constitute the adoption or establishment of a method of accounting with respect to such issue by the Taxpayer but is solely for purposes of the settlement of that issue in the taxable years that are subject to this Form 870-AD.

The Commissioner agrees that, in computing interest under sections 6501 and 6511 of the Internal Revenue Code of 1986 ("Code"), offsetting and annual interest netting (Notice 96-18) and global interest netting (Code section 6621(d)) (collectively, "interest netting") will be applied to the fullest extent possible.

The Commissioner agrees that, notwithstanding any other provision of this Form 870-AD, nothing herein shall be construed to limit the right of Taxpayer to file and prosecute claims for refund with respect to carrybacks from taxable years ending after 1992.

The Taxpayer reserves the right to file claims for refund or credit (amended returns) or prosecute, settle with the Commissioner or litigate in any forum any matters with respect to claims for refund or credit (amended returns) for the taxable years that are the subject of this Form 870-AD, in addition to other years which are not the subject of this Form 870-AD (and such other years as may be required by the carryovers and carrybacks resulting from deductions and credits in such years) based on the following grounds:

1. that it is entitled to deductions of $8,524,756 in 1990, $13,478,594 in 1991 and $1,869,391 in 1992 for a lawsuit settlement related to its Ponca City Refinery;

2. any matters, on any grounds, based on errors by the Commissioner with respect to the computation of interest under sections 6501 and 6511 of the Internal Revenue Code, including without limitation errors resulting from credit of an overpayment of estimated tax and interest netting with respect to any taxable years as to which such netting may lawfully be applied as permitted under Code section 6621(d).

This offer of waiver of restrictions is not to be construed as a claim for refund or credit, formal or informal, concerning the matters for which the right to file claim is reserved.

Form **1120X** (Rev. December 2001)
Department of the Treasury Internal Revenue Service

# Amended U.S. Corporation Income Tax Return

OMB No. 1545-0132

For tax year ending ▶ 12/31/91 (Enter month and year.)

Please Type or Print

Name: E. I. DuPont de Nemours and Company, Inc.

Employer identification number: 51 : 0014090

Number, street, and room or suite no. (If a P.O. box, see instructions.): 1007 Market Street

City or town, state, and ZIP code: Wilmington, DE 19898

Telephone number (optional): ( )

Enter name and address used on original return (If same as above, write "Same.")

Internal Revenue Service Center where original return was filed ▶ Philadelphia, PA

## Fill in Applicable Items and Use Part II To Explain Any Changes

**Part I** Income and Deductions (see instructions)

| | | (a) As originally reported or as previously adjusted | (b) Net change—increase or (decrease)—explain in Part II | (c) Correct amount |
|---|---|---|---|---|
| 1 Total income (Form 1120 or 1120-A, line 11) | 1 | | | |
| 2 Total deductions (total of lines 27 and 29c, Form 1120, or lines 23 and 25c, Form 1120-A) | 2 | | | |
| 3 Taxable income. Subtract line 2 from line 1 | 3 | 2,554,503,852 | (29,774,044) | 2,524,729,808 |
| See attached schedules for detail<br>4 Tax (Form 1120, line 31, or Form 1120-A, line 27) | 4 | 464,182,698 | (5,990,581) | 458,192,117 |

Payments and Credits (see instructions)

| | | | | |
|---|---|---|---|---|
| 5a Overpayment in prior year allowed as a credit | 5a | | | |
| b Estimated tax payments | b | | | |
| c Refund applied for on Form 4466 | c | | | |
| d Subtract line 5c from the sum of lines 5a and 5b | d | | | |
| e Tax deposited with Form 7004 | e | | | |
| f Credit from Form 2439 | f | | | |
| g Credit for Federal tax on fuels | g | | | |

INTERNAL REVENUE SERVICE WILMINGTON DE TAC
OCT 27 [illegible]
PROOF OF DELIVERY ONLY THIS IS NOT AN OFFICIAL RECEIPT

| | | |
|---|---|---|
| 6 Tax deposited or paid with (or after) the filing of the original return<br>Tax per return or as previously adjusted | 6 | 464,182,698 |
| 7 Add lines 5d through 6, column (c) | 7 | 464,182,698 |
| 8 Overpayment, if any, as shown on original return or as later adjusted | 8 | |
| 9 Subtract line 8 from line 7 | 9 | 464,182,698 |

Tax Due or Overpayment (see instructions)

| | | |
|---|---|---|
| 10 Tax due. Subtract line 9 from line 4, column (c). If paying by check, make it payable to the "United States Treasury." ▶ | 10 | |
| 11 Overpayment. Subtract line 4, column (c), from line 9 ▶ | 11 | 5,990,581 |
| 12 Enter the amount of line 11 you want: Credited to 20__ estimated tax ▶ Refunded ▶ | 12 | 5,990,581 |

**Sign Here**

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

▶ M. G. McClung — Signature of officer | 10/27/03 — Date | ▶ VP-Taxes — Title

**Paid Preparer's Use Only**

Preparer's signature ▶ | Date | Check if self-employed ☐ | Preparer's SSN or PTIN

Firm's name (or yours if self-employed), address, and ZIP code ▶ | EIN | Phone no. ( )

**Part II** **Explanation of Changes to Items in Part I** (Enter the line number from page 1 for the items you are changing, and give the reason for each change. Show any computation in detail. Also, see **What To Attach** on page 3 of the instructions.)

If the change is due to a net operating loss carryback, a capital loss carryback, or a general business credit carryback, see **Carryback Claims** on page 3, and check here . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

**See attached schedules reflecting the recomputation of tax.**

**See attached memorandum for discussion of issues in Taxpayer's claim.**

# FEDERAL INCOME TAX CHRONOLOGY
# DETAILED AUDIT BASIS CALCULATION

## ADJUSTED INCOME TAX CALCULATION
## E.I. DUPONT DE NEMOURS CONSOLIDATED

| | 1990 | 1991 | 1992 |
|---|---|---|---|
| **TAX CALCULATION PER 1120X DATED 10/27/03** | | | |
| **Taxable Income Per 1120X:** | | | |
| Ordinary Income Before NOL | 2,826,191,191 | 1,725,469,278 | 838,807,219 |
| NOL | (992,930) | (992,930) | (774,460) |
| Ordinary Income | 2,825,198,261 | 1,724,476,348 | 838,032,759 |
| 1231 Capital Gain | - | 149,662,612 | - |
| 1221 Capital Gain (ST) | (2,850,763) | 18,776,107 | - |
| 1221 Capital Gain (LT) | 25,106,758 | 632,009,802 | 47,613,866 |
| Total Capital Gain | 22,255,995 | 800,448,521 | 47,613,866 |
| TEFRA Partnership Adjustments | | | |
| Corrected Deduction for Environmental Tax | (185,877) | (195,061) | (53,192) |
| Total Taxable Income Per Form 1120X | 2,847,268,379 | 2,524,729,808 | 885,593,433 |
| | | | |
| Tax @ | (34%) | (34%) | (34%) |
| Ordinary | 960,504,210 | 586,255,638 | 284,913,053 |
| 1231 | - | 50,885,288 | - |
| ST Capital Gain | N/A | N/A | N/A |
| Total Capital Gain | 7,567,038 | 221,267,209 | 16,188,714 |
| Total | 968,071,248 | 858,408,135 | 301,101,767 |
| | | | |
| Foreign Tax Credit | (538,861,661) | (349,770,503) | (271,130,050) |
| Alternative Fuel Credit | - | (25,469,502) | - |
| Research Credit | N/A | N/A | N/A |
| WIN Credit/Orphan Drug | | | |
| General Business Credit: | | | |
| -Investment Tax Credit | (271,400) | - | (5,563,100) |
| -Jobs Credit | (132,398) | (102,021) | (33,484) |
| -Alcohol Used as Fuel | | | (335,472) |
| -Research Credit | (26,364,981) | (14,560,434) | (6,503,694) |
| -Low Income Housing | (98,162) | (154,884) | (163,669) |
| -Enhanced Oil Recovery | N/A | (508,961) | (1,762,127) |
| -Employer Crdt SS & Medicare tax | | N/A | N/A |
| -GBC carryover credits | | N/A | N/A |
| -ESOP Credit | N/A | N/A | N/A |
| Total General Business Credit | (26,866,941) | (15,326,300) | (14,361,546) |
| General Business Credit Limitation Test | - | (54,537,495) | - |
| Unused General Business Credit | 26,866,941 | - | 14,361,546 |
| GBC After Sec. 58-9 Reduction | | | |
| GBC Carryforward/Carryback Utilized | | (1,762,127) | |
| Current Year General Business Credit | - | (17,088,427) | - |
| Minimum Tax Credit | - | (11,979,566) | - |
| Investment Credit Recapture | 455,731 | - | - |
| Minimum Tax | 126,512,345 | - | 86,563,413 |
| Environmental Tax | 5,287,440 | 4,091,980 | 1,763,511 |
| | | | |
| Total Tax Per Form 1120X | 561,465,104 | 458,192,117 | 118,298,634 |
| | | | |
| Form 870-AD Assessment (All Issues) | 566,502,247 | 464,182,698 | 121,842,501 |
| Amount Due (Refund) from Claim | (5,037,143) | (5,990,581) | (3,543,867) |

**FEDERAL INCOME TAX CHRONOLOGY**
**DETAILED AUDIT BASIS CALCULATION**

**ADJUSTED MINIMUM TAX CALCULATION (YEARS 1990-1992)**
**E.I. DUPONT DE NEMOURS CONSOLIDATED**

| | 1990 | 1991 | 1992 |
|---|---|---|---|
| ALTERNATIVE MINIMUM TAX - FORM 1120X | | | |
| Taxable Income Before NOL | 2,848,261,309 | 2,525,722,738 | 886,367,893 |
| Total Adjustments | 614,319,914 | 685,432,925 | 457,883,898 |
| Total Preferences | 99,324,845 | 90,055,535 | 8,035,434 |
| Preadjustment AMTI | 3,561,906,068 | 3,301,211,198 | 1,352,287,225 |
| Adjusted Current Earnings | 4,683,248,087 | 3,443,451,337 | 1,509,009,972 |
| Excess of ACE over Preadjustment AMTI | 1,121,342,019 | 142,240,139 | 156,722,747 |
| ACE Adjustment | 841,006,514 | 106,680,104 | 117,542,060 |
| AMT NOL | (992,930) | (992,930) | (920,861) |
| Alternative Minimum Taxable Income | 4,401,919,652 | 3,405,898,372 | 1,468,908,424 |
| AMTI * 20% | 880,383,930 | 681,379,674 | 293,781,685 |
| AMT FTC | (324,661,998) | (227,279,537) | (177,246,555) |
| Tentative Minimum Tax | 555,721,932 | 454,100,137 | 116,535,130 |
| Regular Tax Before all Credits Except FTC | 429,209,587 | 508,637,632 | 29,971,717 |
| AMT | 126,512,345 | 0 | 86,563,413 |
| | | | |
| Current Year AMT | 126,512,345 | 0 | 86,563,413 |
| Unused Alternative Fuel Credit | 6,938,113 | 0 | 41,803,364 |
| RAR Minimum Tax Credit Generated - Current Yr | 133,450,458 | 0 | 128,366,777 |
| Minimum Tax Credit Available - From Prior Yr. | 0 | 133,450,458 | 121,470,892 |
| Minimum Tax Credit Utilized | 0 | (11,979,566) | 0 |
| Minimum Tax Credit Carryforward | 133,450,458 | 121,470,892 | 249,837,669 |

# Attachment to 1120X
## E.I. DuPont de Nemours & Subsidiaries
## Analysis of Unagreed Issues
## 1990 - 1992

| | | 1990 | 1991 | 1992 |
|---|---|---|---|---|
| | Total Tax Assessed per 870-AD Signed by IRS 2/4/03 | 566,502,247 | 464,182,698 | 121,842,501 |
| A | Tax Effect - Ford Paint Contract | (3,180,000) | (3,180,000) | (3,180,000) |
| B | Tax Effect - Seaford Depreciation | (128,133) | (86,244) | (63,917) |
| C | Tax Effect - Legal Settlement | (1,704,951) | (2,695,719) | (373,878) |
| D | Tax Effect - EOR Credit (Sec 43 (d)(1) Adj.) * | | | 90,857 |
| E | Tax Effect - Reduction in Environmental Tax Deduction | 6,016 | 7,154 | 4,232 |
| | Additional Tax as Adjusted | 561,495,179 | 458,227,889 | 118,319,795 |
| | Increase/(Decrease) in Environmental Tax | (30,079) | (35,772) | (21,162) |
| | Total Tax Per Form 1120X | 561,465,100 | 458,192,117 | 118,298,633 |
| | *Net Tax/(Refund) Due* | *(5,037,147)* | *(5,990,581)* | *(3,543,868)* |

| | | 1990 | 1991 | 1992 |
|---|---|---|---|---|
| | Unagreed Issue - Ford Paint Contract Depreciation | (15,900,000) | (15,900,000) | (15,900,000) |
| | AMT Rate | 20% | 20% | 20% |
| | Tax Effect of Unagreed Issue | (3,180,000) | (3,180,000) | (3,180,000) |
| | Unagreed Issue - Seaford Plant Depreciation | (640,664) | (431,222) | (319,584) |
| | AMT Rate | 20% | 20% | 20% |
| B | Tax Effect of Unagreed Issue | (128,133) | (86,244) | (63,917) |
| | Unagreed Issue - Legal Settlement | (8,524,756) | (13,478,594) | (1,869,391) |
| | AMT Rate | 20% | 20% | 20% |
| C | Tax Effect of Unagreed Issue | (1,704,951) | (2,695,719) | (373,878) |
| | Unagreed Issue - EOR Credit (Sec. 43 (d)(1) Adj.) * | - | - | 454,283 |
| | AMT Rate | 20% | 20% | 20% |
| D | Tax Effect of Unagreed Issue | - | - | 90,857 |
| | Reduction in Environmental Tax Deduction | 30,079 | 35,772 | 21,162 |
| | AMT Rate | 20% | 20% | 20% |
| E | Tax Effect of Unagreed Issue | 6,016 | 7,154 | 4,232 |

* Taxpayer is subject to the Alternative Minimum tax in 1990 and 1992. The additional EOR credit is carried back to 1991 and reduces the amount of AMT credit utilized for that year. There is no impact on tax liability in 1992 from the additional EOR credit other than the impact caused by the Sec. 43(d)(1) adjustment. The claim does however increase the amount of AMT credit which can be utilized in future tax years.

Department of the Treasury-Internal Revenue Service

Form 870-AD (rev. 04/1992)

# Offer to Waive Restrictions on Assessment and Collection of Tax Deficiency and to Accept Overassessment

| Symbols: | Name of Taxpayer: | SSN or EIN: |
|---|---|---|
| AP:WA:JWC | E I Dupont De Nemours & Co | 51-0014090 |

Under the provisions of section 6213(d) of the Internal Revenue Code of 1986 (the Code), or corresponding provisions of prior internal revenue laws, the undersigned offers to waive the restrictions provided in section 6213(a) of the Code or corresponding provisions of prior internal revenue laws, and to consent to the assessment and collection of the following deficiencies and additions to tax, if any, with interest as provided by law. The undersigned offers also to accept the following overassessments, if any, as correct. Any waiver or acceptance of an overassessment is subject to any terms and conditions stated below and on the second page of this form.

**Deficiencies (Overassessments) and Additions to Tax**

| Year Ended | Kind of Tax | Tax | | | | |
|---|---|---|---|---|---|---|
| 12/31/1990 | Income | 3,829,067 | | | | |
| 12/31/1991 | Income | 5,253,115 | | | | |
| 12/31/1992 | Income | 3,352,488 | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

Except for interest as provided by law, no penalties, additions to tax, or additional amounts will be asserted. For Additional Provisions see the back of this Form.

(See second page for signature instructions)

| | |
|---|---|
| Signature of Taxpayer: | Date: |
| Signature of Taxpayer: | Date: |
| Signature of Taxpayer's Representative: | Date: |
| Corporate Name: E I Dupont De Nemours & Co | |
| By Corporate Officer: M. G. McClure Title Vice President - Taxes | Date: 1/6/03 |

| For Internal Revenue Use Only | Date Accepted for Commissioner: 2/4/03 | Signature: Brian O. Harlan |
|---|---|---|
| | Office: Washington, DC | Title: Appeals Team Manager |

This offer must be accepted for the Commissioner of Internal Revenue and will take effect on the date it is accepted. Unless and until it is accepted, it will have no force or effect. If offer is accepted, the case will not be reopened by the Commissioner unless there was:

- fraud, malfeasance, concealment or misrepresentation of a material fact
- an important mistake in mathematical calculation
- a deficiency or overassessment resulting from adjustments made under Subchapters C and D of Chapter 63 concerning the tax treatment of partnership and subchapter S items determined at the partnership and corporate level
- an excessive tentative allowance of a carryback provided by law

No claim for refund or credit will be filed or prosecuted by the taxpayer for the years stated on this form, other than for amounts attributed to carrybacks provided by law.

The proper filing of this offer, when accepted, will expedite assessment and billing (or overassessment, credit or refund) by adjusting the tax liability. This offer, when executed and timely submitted, will be considered a claim for refund for the above overassessment(s), if any. This offer may be executed by the taxpayer's attorney, certified public accountant, or agent provided this is specifically authorized by a power of attorney which, if not previously filed, must accompany this form. If this offer is signed by a person acting in a fiduciary capacity (for example: an executor, administrator, or a trustee) Form 56, Notice Concerning Fiduciary Relationship, must accompany this form, unless previously filed.

If this offer is executed for a year for which a joint return was filed, it must be signed by both spouses unless one spouse, acting under a power of attorney, signs as agent for the other.

If this offer is executed by a corporation, it must be signed with the corporate name followed by the signature and title of the officer(s) authorized to sign. If the offer is accepted, as a condition of acceptance, any signature by or for a corporate officer will be considered a representation by that person and the corporation, to induce reliance, that such signature is binding under law for the corporation to be assessed the deficiencies or receive credit or refund under this agreement. If the corporation later contests the signature as being unauthorized on its behalf, the person who signed may be subject to criminal penalties for representing that he or she had authority to sign this agreement on behalf of the corporation.

Additional Provisions

The settlement of any issue in the taxable years that are subject to this Form 870-AD does not constitute the adoption or establishment of a method of accounting with respect to such issue by the Taxpayer but is solely for purposes of the settlement of that issue in the taxable years that are subject to this Form 870-AD.

All amounts of tax and interest due the Taxpayer hereunder for the taxable year 1992 shall be first applied to the deficiencies (including interest) for the taxable years 1990 and 1991, and any excess shall be applied to the Taxpayer's 1993 tax account as a payment of tax, and not as a deposit in the nature of a cash bond, pursuant to section 4.03 of Rev. Proc. 84-58.

The Commissioner agrees that, in computing interest under sections 6601 and 6611 of the Internal Revenue Code of 1986 ("Code"), offsetting and annual interest netting (Notice 96-18) and global interest netting (Code section 6621(d)) (collectively, "interest netting") will be applied to the fullest extent possible.

The Commissioner agrees that, notwithstanding any other provision of this Form 870-AD, nothing herein shall be construed to limit the right of Taxpayer to file and prosecute claims for refund with respect to carrybacks from taxable years ending after 1992

The Taxpayer reserves the right to file claims for refund or credit (amended returns) or prosecute, settle with the Commissioner or litigate in any forum any matters with respect to claims for refund or credit (amended returns) for the taxable years that are the subject of this Form 870-AD, in addition to other years which are not the subject of this Form 870-AD (and such other years as may be required by the carryovers and carrybacks resulting from deductions and credits in such years) based on the following grounds:

1. that it is entitled to amortization or other deductions in 1990, 1991 and 1992 with respect to intangible assets acquired in connection with the purchase of the Mt. Clemens operations of Ford and/or to decrease gross income from paint sales to Ford;
2. that it is entitled to depreciation deductions of $640,564 in 1990, $431,222 in 1991 and $ 319,584 in 1992 related to capitalized expense audit adjustments at its Seaford Plant;
3. that it is entitled to deductions of $8,524,756 in 1990, $13 478,594 in 1991 and $1,869,391 in 1992 for a lawsuit settlement related to its Ponca City Refinery;
4. that it is entitled to Enhanced Oil Recovery Credits of $454,283 in 1992 for the Shell-operated Denver unit.
5. any matters, on any grounds, based on errors by the Commissioner with respect to the computation of interest under sections 6601 and 6611 of the Internal Revenue Code, including without limitation errors resulting from credit of an overpayment of estimated tax and interest netting with respect to any taxable years as to which such netting may lawfully be applied as permitted under Code section 6621(d).

This offer of waiver of restrictions is not to be construed as a claim for refund or credit, formal or informal, concerning the matters for which the right to file claim is reserved.

BJH 3/12/03

Form 872 (Rev. January 2001)

# Consent to Extend the Time to Assess Tax

AP:LMSB:AP:WA:JWC

Taxpayer Identification Number

51-0014090

E I Dupont De Nemours and Co
(Name(s))

taxpayer(s) of 1007 Market Street Dpnt Bld D-13000, Wilmington, Delaware 19898
(Number, Street, City or Town, State, Zip Code)

and the Commissioner of Internal Revenue consent and agree to the following:

(1) The amount of any Federal Income tax due on any return(s) made by or for the above taxpayer(s) for the period(s) ended December 31, 1990, December 31, 1991, and December 31, 1992 may be assessed at any time on or before April 30, 2003. However, if a notice of deficiency in tax for any such period(s) is sent to the taxpayer(s) on or before that date, then the time for assessing the tax will be further extended by the number of days the assessment was previously prohibited, plus 60 days.

(2) The taxpayer(s) may file a claim for credit or refund and the Service may credit or refund the tax within 6 months after this agreement ends.

MAKING THIS CONSENT WILL NOT DEPRIVE THE TAXPAYER(S) OF ANY APPEAL RIGHTS TO WHICH THEY WOULD OTHERWISE BE ENTITLED.

YOUR SIGNATURE HERE ____________________ (Date signed)

SPOUSE'S SIGNATURE ____________________ (Date signed)

TAXPAYER'S REPRESENTATIVE SIGN HERE ____________________ (Date signed)

CORPORATE NAME E I Dupont De Nemours and Co

CORPORATE OFFICER(S) SIGN HERE

M. G. McClung, VP-Taxes (Title) 5/6/02 (Date signed)

____________________ (Title) (Date signed)

INTERNAL REVENUE SERVICE SIGNATURE AND TITLE

Andrew E. Blanche Jr.
(Division Executive Name - see instructions)

Director, Appeals LMSB Operating Unit
(Division Executive Title - see instructions)

[signature], Appeals Officer, 5/15/02
(Authorized Official Signature and Title - see instructions) (Date signed)

(Instructions are on the back of this form)

Form 872-c (Rev. 1/2001)

Form **1120X** (Rev. December 2001) Department of the Treasury Internal Revenue Service

# Amended U.S. Corporation Income Tax Return

OMB No. 1545-0132

For tax year ending 12/31/92 (Enter month and year.)

Please Type or Print

Name: E. I. DuPont de Nemours and Company, Inc.

Employer identification number: 51 0014090

Number, street, and room or suite no. (If a P.O. box, see instructions.): 1007 Market Street

City or town, state, and ZIP code: Wilmington, DE 19898

Telephone number (optional) ( )

Enter name and address used on original return (If same as above, write "Same.")

Internal Revenue Service Center where original return was filed ▶ Philadelphia, PA

## Fill in Applicable Items and Use Part II To Explain Any Changes

**Part I** Income and Deductions (see instructions)

| | | | (a) As originally reported or as previously adjusted | (b) Net change—increase or (decrease)—explain in Part II | (c) Correct amount |
|---|---|---|---|---|---|
| 1 | Total income (Form 1120 or 1120-A, line 11) | 1 | | | |
| 2 | Total deductions (total of lines 27 and 29c, Form 1120, or lines 23 and 25c, Form 1120-A) | 2 | | | |
| 3 | Taxable income. Subtract line 2 from line 1 | 3 | 903,206,963 | (17,613,530) | 885,593,433 |
| 4 | See attached schedules for detail<br>Tax (Form 1120, line 31, or Form 1120-A, line 27) | 4 | 121,842,501 | (3,543,867) | 118,298,634 |

**Payments and Credits** (see instructions)

| | | | |
|---|---|---|---|
| 5a | Overpayment in prior year allowed as a credit | 5a | |
| b | Estimated tax payments | b | |
| c | Refund applied for on Form 4466 | c | |
| d | Subtract line 5c from the sum of lines 5a and 5b | d | |
| e | Tax deposited with Form 7004 | e | |
| f | Credit from Form 2439 | f | |
| g | Credit for Federal tax on fuels | g | |
| 6 | Tax deposited or paid with (or after) the filing of the original return<br>Tax per return or as previously adjusted | 6 | 121,842,501 |
| 7 | Add lines 5d through 6, column (c) | 7 | 121,842,501 |
| 8 | Overpayment, if any, as shown on original return or as later adjusted | 8 | |
| 9 | Subtract line 8 from line 7 | 9 | 121,842,501 |

INTERNAL REVENUE SERVICE WILMINGTON DE TAC OCT 27 2003 PROOF OF DELIVERY ONLY THIS IS NOT AN OFFICIAL RECEIPT

**Tax Due or Overpayment** (see instructions)

| | | | |
|---|---|---|---|
| 10 | **Tax due.** Subtract line 9 from line 4, column (c). If paying by check, make it payable to the "United States Treasury." ▶ | 10 | |
| 11 | **Overpayment.** Subtract line 4, column (c), from line 9 ▶ | 11 | 3,543,867 |
| 12 | Enter the amount of line 11 you want: **Credited to 20___ estimated tax ▶** **Refunded ▶** | 12 | 3,543,867 |

**Sign Here**

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

▶ M. G. McClure Signature of officer — Date 10/27/03 — ▶ VP-Taxes Title

**Paid Preparer's Use Only**

Preparer's signature ▶ — Date — Check if self-employed ☐ — Preparer's SSN or PTIN

Firm's name (or yours if self-employed), address, and ZIP code ▶ — EIN — Phone no. ( )

**Part II** **Explanation of Changes to Items in Part I** (Enter the line number from page 1 for the items you are changing, and give the reason for each change. Show any computation in detail. Also, see **What To Attach** on page 3 of the instructions.)

If the change is due to a net operating loss carryback, a capital loss carryback, or a general business credit carryback, see **Carryback Claims** on page 3, and check here . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

**See attached schedules reflecting the recomputation of tax.**

**See attached memorandum for discussion of issues in Taxpayer's claim.**

# Attachment to 1120X
## E.I. DuPont de Nemours & Subsidiaries
## Analysis of Unagreed Issues
## 1990 - 1992

| | | 1990 | 1991 | 1992 |
|---|---|---|---|---|
| | Total Tax Assessed per 870-AD Signed by IRS 2/4/03 | 566,502,247 | 464,182,698 | 121,842,501 |
| A | Tax Effect - Ford Paint Contract | (3,180,000) | (3,180,000) | (3,180,000) |
| B | Tax Effect - Seaford Depreciation | (128,133) | (86,244) | (63,917) |
| C | Tax Effect - Legal Settlement | (1,704,951) | (2,695,719) | (373,878) |
| D | Tax Effect - EOR Credit (Sec 43 (d)(1) Adj.) * | | | 90,857 |
| E | Tax Effect - Reduction in Environmental Tax Deduction | 6,016 | 7,154 | 4,232 |
| | Additional Tax as Adjusted | 561,495,179 | 458,227,889 | 118,319,795 |
| | Increase/(Decrease) in Environmental Tax | (30,079) | (35,772) | (21,162) |
| | Total Tax Per Form 1120X | 561,465,100 | 458,192,117 | 118,298,633 |
| | *Net Tax/(Refund) Due* | *(5,037,147)* | *(5,990,581)* | *(3,543,868)* |

| | | 1990 | 1991 | 1992 |
|---|---|---|---|---|
| | Unagreed Issue - Ford Paint Contract Depreciation | (15,900,000) | (15,900,000) | (15,900,000) |
| | AMT Rate | 20% | 20% | 20% |
| A | Tax Effect of Unagreed Issue | (3,180,000) | (3,180,000) | (3,180,000) |
| | Unagreed Issue - Seaford Plant Depreciation | (640,664) | (431,222) | (319,584) |
| | AMT Rate | 20% | 20% | 20% |
| B | Tax Effect of Unagreed Issue | (128,133) | (86,244) | (63,917) |
| | Unagreed Issue - Legal Settlement | (8,524,756) | (13,478,594) | (1,869,391) |
| | AMT Rate | 20% | 20% | 20% |
| C | Tax Effect of Unagreed Issue | (1,704,951) | (2,695,719) | (373,878) |
| | Unagreed Issue - EOR Credit (Sec. 43 (d)(1) Adj.) * | - | - | 454,283 |
| | AMT Rate | 20% | 20% | 20% |
| D | Tax Effect of Unagreed Issue | - | - | 90,857 |
| | Reduction in Environmental Tax Deduction | 30,079 | 35,772 | 21,162 |
| | AMT Rate | 20% | 20% | 20% |
| E | Tax Effect of Unagreed Issue | 6,016 | 7,154 | 4,232 |

* Taxpayer is subject to the Alternative Minimum tax of IRC Sec. 55. The additional EOR credit is carried back to 1991 and reduces the amount of AMT credit utilized for that year. There is no impact on tax liability from the additional EOR credit other than the impact caused by the Sec. 43(d)(1) adjustment.

# FEDERAL INCOME TAX CHRONOLOGY
# DETAILED AUDIT BASIS CALCULATION

## ADJUSTED INCOME TAX CALCULATION
## E.I. DUPONT DE NEMOURS CONSOLIDATED

| | 1990 | 1991 | 1992 |
|---|---|---|---|
| **TAX CALCULATION PER 1120X DATED 10/27/03** | | | |
| **Taxable Income Per 1120X:** | | | |
| Ordinary Income Before NOL | 2,826,191,191 | 1,725,469,278 | 838,807,219 |
| NOL | (992,930) | (992,930) | (774,460) |
| Ordinary Income | 2,825,198,261 | 1,724,476,348 | 838,032,759 |
| 1231 Capital Gain | - | 149,662,612 | - |
| 1221 Capital Gain (ST) | (2,850,763) | 18,776,107 | - |
| 1221 Capital Gain (LT) | 25,106,758 | 632,009,802 | 47,613,866 |
| Total Capital Gain | 22,255,995 | 800,448,521 | 47,613,866 |
| TEFRA Partnership Adjustments | | | |
| Corrected Deduction for Environmental Tax | (185,877) | (195,061) | (53,192) |
| Total Taxable Income Per Form 1120X | 2,847,268,379 | 2,524,729,808 | 885,593,433 |
| Tax @ | (34%) | (34%) | (34%) |
| Ordinary | 960,504,210 | 586,255,638 | 284,913,053 |
| 1231 | - | 50,885,288 | - |
| ST Capital Gain | N/A | N/A | N/A |
| Total Capital Gain | 7,567,038 | 221,267,209 | 16,188,714 |
| Total | 968,071,248 | 858,408,135 | 301,101,767 |
| Foreign Tax Credit | (538,861,661) | (349,770,503) | (271,130,050) |
| Alternative Fuel Credit | - | (25,469,502) | - |
| Research Credit | N/A | N/A | N/A |
| WIN Credit/Orphan Drug | | | |
| General Business Credit: | | | |
| -Investment Tax Credit | (271,400) | - | (5,563,100) |
| -Jobs Credit | (132,398) | (102,021) | (33,484) |
| -Alcohol Used as Fuel | | | (335,472) |
| -Research Credit | (26,364,981) | (14,560,434) | (6,503,694) |
| -Low Income Housing | (98,162) | (154,884) | (163,669) |
| -Enhanced Oil Recovery | N/A | (508,961) | (1,762,127) |
| -Employer Crdt SS & Medicare tax | | N/A | N/A |
| -GBC carryover credits | | N/A | N/A |
| -ESOP Credit | N/A | N/A | N/A |
| Total General Business Credit | (26,866,941) | (15,326,300) | (14,361,546) |
| General Business Credit Limitation Test | - | (54,537,495) | - |
| Unused General Business Credit | 26,866,941 | - | 14,361,546 |
| GBC After Sec. 58-9 Reduction | | | |
| GBC Carryforward/Carryback Utilized | | (1,762,127) | |
| Current Year General Business Credit | - | (17,088,427) | - |
| Minimum Tax Credit | - | (11,979,566) | - |
| Investment Credit Recapture | 455,731 | - | - |
| Minimum Tax | 126,512,345 | - | 86,563,413 |
| Environmental Tax | 5,287,440 | 4,091,980 | 1,763,511 |
| Total Tax Per Form 1120X | 561,465,104 | 458,192,117 | 118,298,634 |
| Form 870-AD Assessment (All Issues) | 566,502,247 | 464,182,698 | 121,842,501 |
| Amount Due (Refund) from Claim | (5,037,143) | (5,990,581) | (3,543,867) |

# FEDERAL INCOME TAX CHRONOLOGY
# DETAILED AUDIT BASIS CALCULATION

## ADJUSTED MINIMUM TAX CALCULATION (YEARS 1990-1992)
## E.I. DUPONT DE NEMOURS CONSOLIDATED

| | 1990 | 1991 | 1992 |
|---|---|---|---|
| ALTERNATIVE MINIMUM TAX - FORM 1120X | | | |
| Taxable Income Before NOL | 2,848,261,309 | 2,525,722,738 | 886,367,893 |
| Total Adjustments | 614,319,914 | 685,432,925 | 457,883,898 |
| Total Preferences | 99,324,845 | 90,055,535 | 8,035,434 |
| Preadjustment AMTI | 3,561,906,068 | 3,301,211,198 | 1,352,287,225 |
| Adjusted Current Earnings | 4,683,248,087 | 3,443,451,337 | 1,509,009,972 |
| Excess of ACE over Preadjustment AMTI | 1,121,342,019 | 142,240,139 | 156,722,747 |
| ACE Adjustment | 841,006,514 | 106,680,104 | 117,542,060 |
| AMT NOL | (992,930) | (992,930) | (920,861) |
| Alternative Minimum Taxable Income | 4,401,919,652 | 3,406,898,372 | 1,468,908,424 |
| AMTI * 20% | 880,383,930 | 681,379,674 | 293,781,685 |
| AMT FTC | (324,661,998) | (227,279,537) | (177,246,555) |
| Tentative Minimum Tax | 555,721,932 | 454,100,137 | 116,535,130 |
| Regular Tax Before all Credits Except FTC | 429,209,587 | 508,637,632 | 29,971,717 |
| AMT | 126,512,345 | 0 | 86,563,413 |
| | | | |
| Current Year AMT | 126,512,345 | 0 | 86,563,413 |
| Unused Alternative Fuel Credit | 6,938,113 | 0 | 41,803,364 |
| RAR Minimum Tax Credit Generated - Current Yr | 133,450,458 | 0 | 128,366,777 |
| Minimum Tax Credit Available - From Prior Yr. | 0 | 133,450,458 | 121,470,892 |
| Minimum Tax Credit Utilized | 0 | (11,979,566) | 0 |
| Minimum Tax Credit Carryforward | 133,450,458 | 121,470,892 | 249,837,669 |

# Attachment to 1120X
# E.I. DuPont de Nemours & Subsidiaries
## Analysis of Unagreed Issues
## 1990 - 1992

| | | 1990 | 1991 | 1992 |
|---|---|---|---|---|
| | Total Tax Assessed per 870-AD Signed by IRS 2/4/03 | 566,502,247 | 464,182,698 | 121,842,501 |
| A | Tax Effect - Ford Paint Contract | (3,180,000) | (3,180,000) | (3,180,000) |
| B | Tax Effect - Seaford Depreciation | (128,133) | (86,244) | (63,917) |
| C | Tax Effect - Legal Settlement | (1,704,951) | (2,695,719) | (373,878) |
| D | Tax Effect - EOR Credit (Sec 43 (d)(1) Adj.) * | | | 90,857 |
| E | Tax Effect - Reduction in Environmental Tax Deduction | 6,016 | 7,154 | 4,232 |
| | Additional Tax as Adjusted | 561,495,179 | 458,227,889 | 118,319,795 |
| | Increase/(Decrease) in Environmental Tax | (30,079) | (35,772) | (21,162) |
| | Total Tax Per Form 1120X | 561,465,100 | 458,192,117 | 118,298,633 |
| | *Net Tax/(Refund) Due* | *(5,037,147)* | *(5,990,581)* | *(3,543,868)* |

| | | 1990 | 1991 | 1992 |
|---|---|---|---|---|
| | Unagreed Issue - Ford Paint Contract Depreciation | (15,900,000) | (15,900,000) | (15,900,000) |
| | AMT Rate | 20% | 20% | 20% |
| | Tax Effect of Unagreed Issue | (3,180,000) | (3,180,000) | (3,180,000) |
| | Unagreed Issue - Seaford Plant Depreciation | (640,664) | (431,222) | (319,584) |
| | AMT Rate | 20% | 20% | 20% |
| B | Tax Effect of Unagreed Issue | (128,133) | (86,244) | (63,917) |
| | Unagreed Issue - Legal Settlement | (8,524,756) | (13,478,594) | (1,869,391) |
| | AMT Rate | 20% | 20% | 20% |
| C | Tax Effect of Unagreed Issue | (1,704,951) | (2,695,719) | (373,878) |
| | Unagreed Issue - EOR Credit (Sec. 43 (d)(1) Adj.) * | - | - | 454,283 |
| | AMT Rate | 20% | 20% | 20% |
| D | Tax Effect of Unagreed Issue | - | - | 90,857 |
| | Reduction in Environmental Tax Deduction | 30,079 | 35,772 | 21,162 |
| | AMT Rate | 20% | 20% | 20% |
| E | Tax Effect of Unagreed Issue | 6,016 | 7,154 | 4,232 |

* Taxpayer is subject to the Alternative Minimum tax in 1990 and 1992. The additional EOR credit is carried back to 1991 and reduces the amount of AMT credit utilized for that year. There is no impact on tax liability in 1992 from the additional EOR credit other than the impact caused by the Sec. 43(d)(1) adjustment. The claim does however increase the amount of AMT credit which can be utilized in future tax years.

Department of the Treasury-Internal Revenue Service

Form 870-AD (rev. 04/1992)

# Offer to Waive Restrictions on Assessment and Collection of Tax Deficiency and to Accept Overassessment

| Symbols: | Name of Taxpayer: | SSN or EIN: |
|---|---|---|
| A:..:AP:WA:JWC | E I Dupont De Nemours & Co | 51-0014090 |

Under the provisions of section 6213(d) of the Internal Revenue Code of 1986 (the Code), or corresponding provisions of prior internal revenue laws, the undersigned offers to waive the restrictions provided in section 6213(a) of the Code or corresponding provisions of prior internal revenue laws, and to consent to the assessment and collection of the following deficiencies and additions to tax, if any, with interest as provided by law. The undersigned offers also to accept the following overassessments, if any, as correct. Any waiver or acceptance of an overassessment is subject to any terms and conditions stated below and on the second page of this form.

**Deficiencies (Overassessments) and Additions to Tax**

| Year Ended | Kind of Tax | Tax | | | | |
|---|---|---|---|---|---|---|
| 12/31/1990 | Income | 3,829,067 | | | | |
| 12/31/1991 | Income | 5,253,115 | | | | |
| 12/31/1992 | Income | 3,352,488 | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

Except for interest as provided by law, no penalties, additions to tax, or additional amounts will be asserted. For Additional Provisions see the back of this Form.

(See second page for signature instructions)

| | |
|---|---|
| Signature of Taxpayer: | Date: |
| Signature of Taxpayer: | Date: |
| Signature of Taxpayer's Representative: | Date: |
| Corporate Name: E I Dupont De Nemours & Co | |
| By Corporate Officer: M. G. McClure Title Vice President - Taxes | Date: 1/6/03 |

| For Internal Revenue Use Only | Date Accepted for Commissioner: 2/4/03 | Signature: Brian O Hanlon |
|---|---|---|
| | Office: Washington, DC | Title: Appeals Team Manager |

This offer must be accepted for the Commissioner of Internal Revenue and will take effect on the date it is accepted. Unless and until it is accepted, it will have no force or effect. If offer is accepted, the case will not be reopened by the Commissioner unless there was:

- fraud, malfeasance, concealment or misrepresentation of a material fact
- an important mistake in mathematical calculation
- a deficiency or overassessment resulting from adjustments made under Subchapters C and D of Chapter 63 concerning the tax treatment of partnership and subchapter S items determined at the partnership and corporate level
- an excessive tentative allowance of a carryback provided by law

No claim for refund or credit will be filed or prosecuted by the taxpayer for the years stated on this form, other than for amounts attributed to carrybacks provided by law.

The proper filing of this offer, when accepted, will expedite assessment and billing (or overassessment, credit or refund) by adjusting the tax liability. This offer, when executed and timely submitted, will be considered a claim for refund for the above overassessment(s), if any. This offer may be executed by the taxpayer's attorney, certified public accountant, or agent provided this is specifically authorized by a power of attorney which, if not previously filed, must accompany this form. If this offer is signed by a person acting in a fiduciary capacity (for example: an executor, administrator, or a trustee) Form 56, Notice Concerning Fiduciary Relationship, must accompany this form, unless previously filed.

If this offer is executed for a year for which a joint return was filed, it must be signed by both spouses unless one spouse, acting under a power of attorney, signs as agent for the other.

If this offer is executed by a corporation, it must be signed with the corporate name followed by the signature and title of the officer(s) authorized to sign. If the offer is accepted, as a condition of acceptance, any signature by or for a corporate officer will be considered a representation by that person and the corporation, to induce reliance, that such signature is binding under law for the corporation to be assessed the deficiencies or receive credit or refund under this agreement. If the corporation later contests the signature as being unauthorized on its behalf, the person who signed may be subject to criminal penalties for representing that he or she had authority to sign this agreement on behalf of the corporation.

## Additional Provisions

The settlement of any issue in the taxable years that are subject to this Form 870-AD does not constitute the adoption or establishment of a method of accounting with respect to such issue by the Taxpayer but is solely for purposes of the settlement of that issue in the taxable years that are subject to this Form 870-AD.

All amounts of tax and interest due the Taxpayer hereunder for the taxable year 1992 shall be first applied to the deficiencies (including interest) for the taxable years 1990 and 1991, and any excess shall be applied to the Taxpayer's 1993 tax account as a payment of tax, and not as a deposit in the nature of a cash bond, pursuant to section 4.03 of Rev. Proc. 84-58.

Commissioner agrees that, in computing interest under sections 6601 and 6611 of the Internal Revenue Code of 1986 ("Code"), offsetting and annual interest netting (Notice 96-18) and global interest netting (Code section 6621(d)) (collectively, "interest netting") will be applied to the fullest extent possible.

The Commissioner agrees that, notwithstanding any other provision of this Form 870-AD, nothing herein shall be construed to limit the right of Taxpayer to file and prosecute claims for refund with respect to carrybacks from taxable years ending after 1992

The Taxpayer reserves the right to file claims for refund or credit (amended returns) or prosecute, settle with the Commissioner or litigate in any forum any matters with respect to claims for refund or credit (amended returns) for the taxable years that are the subject of this Form 870-AD, in addition to other years which are not the subject of this Form 870-AD (and such other years as may be required by the carryovers and carrybacks resulting from deductions and credits in such years) based on the following grounds:

1. that it is entitled to amortization or other deductions in 1990, 1991 and 1992 with respect to intangible assets acquired in connection with the purchase of the Mt. Clemens operations of Ford and/or to decrease gross income from paint sales to Ford;

2. that it is entitled to depreciation deductions of $640,664 in 1990, $431,222 in 1991 and $ 319,584 in 1992 related to capitalized expense audit adjustments at its Seaford Plant;

3. that it is entitled to deductions of $8,524,756 in 1990, $13,473,594 in 1991 and $1,869,391 in 1992 for a lawsuit settlement related to its Ponca City Refinery;

4. that it is entitled to Enhanced Oil Recovery Credits of $454,283 in 1992 for the Shell-operated Denver unit.

5. any matters, on any grounds, based on errors by the Commissioner with respect to the computation of interest under sections 6601 and 6611 of the Internal Revenue Code, including without limitation errors resulting from credit of an overpayment of estimated tax and interest netting with respect to any taxable years as to which such netting may lawfully be applied as permitted under Code section 6621(d).

This offer of waiver of restrictions is not to be construed as a claim for refund or credit, formal or informal, concerning the matters for which the right to file claim is reserved.

BDH 3/12/03

Form 870-AD-c (Rev. 4/1992)

Department of the Treasury - Internal Revenue Service

Form 872
(Rev. January 2001)

# Consent to Extend the Time to Assess Tax

AP:LMSB:AP:WA:JWC

Taxpayer Identification Number

51-0014090

E I Dupont De Nemours and Co
*(Name(s))*

taxpayer(s) of 1007 Market Street Dpnt Bld D-13000, Wilmington, Delaware 19898
*(Number, Street, City or Town, State, Zip Code)*

and the Commissioner of Internal Revenue consent and agree to the following:

(1) The amount of any Federal Income tax due on any return(s) made by or for the above taxpayer(s) for the period(s) ended December 31, 1990, December 31, 1991, and December 31, 1992 may be assessed at any time on or before April 30, 2003. However, if a notice of deficiency in tax for any such period(s) is sent to the taxpayer(s) on or before that date, then the time for assessing the tax will be further extended by the number of days the assessment was previously prohibited, plus 60 days.

(2) The taxpayer(s) may file a claim for credit or refund and the Service may credit or refund the tax within 6 months after this agreement ends.

MAKING THIS CONSENT WILL NOT DEPRIVE THE TAXPAYER(S) OF ANY APPEAL RIGHTS TO WHICH THEY WOULD OTHERWISE BE ENTITLED.

YOUR SIGNATURE HERE ______________________ *(Date signed)*

SPOUSE'S SIGNATURE ______________________ *(Date signed)*

TAXPAYER'S REPRESENTATIVE SIGN HERE ______________________ *(Date signed)*

CORPORATE NAME E I Dupont De Nemours and Co

CORPORATE OFFICER(S) SIGN HERE

M. G. McClena, VP-Taxes *(Title)* 5/6/02 *(Date signed)*

______________________ *(Title)* *(Date signed)*

INTERNAL REVENUE SERVICE SIGNATURE AND TITLE

Andrew E. Blanche Jr. Director, Appeals LMSB Operating Unit
*(Division Executive Name - see instructions)* *(Division Executive Title - see instructions)*

John Shandle, Appeals Officer, 5/15/02
*(Authorized Official Signature and Title - see instructions)* *(Date signed)*

(The instructions are on the back of this form)

Form 872-c (Rev. 1/2001)