IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-879 T

(Judge Bruggink)

E.I. DUPONT DE NEMOURS AND COMPANY, INC.,
AND AFFILIATED CORPORATIONS,

Plaintiffs

v.

UNITED STATES,

Defendant

# JOINT PRELIMINARY STATUS REPORT

Pursuant to RCFC Appendix A, paragraph 4, the parties submit the following Joint Preliminary Status Report.

A. Jurisdiction. At the present time, the parties have not identified any problems with this Court's jurisdiction over the issues in the complaint in the above-captioned case.

B. Consolidation or transfer. The parties are unaware at the present time of any basis for consolidation or transfer of this case.

C. Bifurcation of trial. The parties believe that the trial of this case should not be bifurcated, and that the evidence concerning both liability and damages should be presented at one trial. The parties also believe, however, that the matter of the amount of any "damages" to

which plaintiff may be found to be entitled (*i.e.*, the computation of any overpayment) should be resolved after the "liability" issues (see section (h), *infra*) have been decided, and that the parties' pretrial submissions (and initial post-trial submissions, if any) should therefore not address computational matters. The parties will exchange information related to damages in discovery and work to determine whether the quantum of any damages to which plaintiffs would be entitled can be determined by stipulation. However, after the Court has resolved the liability issues, and if the parties are unable to agree on the computation, then the parties will propose procedures whereby the Court can resolve computational issues on the basis of the evidence previously submitted at trial.

D. <u>Deferral</u>. The parties know of no reason for deferral of proceedings at this time.

E. <u>Remand or suspension</u>. The parties do not believe that remand or suspension is appropriate at this time.

F. <u>Additional parties</u>. The parties are unaware of any additional parties to be joined.

G. <u>Dispositive motions</u>. At the present time, the parties do not anticipate filing any dispositive motions. However, once discovery is completed, the parties will be in a better position to determine whether this case can be disposed of by means of summary judgment.

H. <u>Issues</u>. The issue in a tax refund case is whether the plaintiffs can establish an overpayment of taxes with respect to the taxable periods before the court. *See Lewis v. Reynolds*, 284 U.S. 281 (1932); *Dysart v. United States,* 169 Ct. Cl. 276, 340 F. 2d 624 (1965). More specifically the issue involved in this case is the following:

Whether the amounts the plaintiffs paid in 1990, 1991, and 1992, as a result of a March, 1990, settlement of a class action lawsuit related to operation of a refinery in Ponca City,

Oklahoma, were ordinary and necessary business expenses which can be deducted in full in the years in which the payments were made, or, whether those payments were capital expenses and not fully deductible in the years in issue.

I. Settlement. At the present time the parties are unable to determine whether this case can be settled. The parties submit that additional information must be obtained in discovery before such a determination can be made. The parties propose that they will complete any settlement discussions on or before the date set forth for the completion of discovery, and, on or before that date, the parties will submit to the Court a status report concerning the status of possible settlement.

J. Trial. At the present time the parties believe that a trial will be necessary. The parties propose that on or before the date set forth for the completion of discovery they will submit to the Court a status report concerning the further proceedings required to resolve this case.

K. Special issues regarding electronic case management needs. The parties are unaware of any issues regarding electronic case management needs at this time.

L. Other information. The parties are unaware of any other matters of which this Court should be advised at this time.

PROPOSED DISCOVERY PLAN. Pursuant to RCFC Appendix ¶ 5, the parties submit the following Discovery Plan:

a. That discovery in the above-captioned case be completed within 180 days from the date of the Court's Order establishing the discovery period.

b. That on or before the date set by the Court for completion of discovery, the parties submit to the Court a Joint Status Report discussing the status of settlement and the necessity of further proceedings.

Respectfully submitted,

05/13/07
DATE

s.Stephen D. Gardner
STEPHEN D. GARDNER
Cooley Godward Kronish LLP
1114 Avenue of the Americas
New York, New York 10036
(212) 479-6130

Counsel for Plaintiffs

05/13.07
DATE

s/Benjamin C. King,Jr
BENJAMIN C. KING, JR.
Attorney of Record
Justice Department (Tax)
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6506

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

05/13/07
DATE

s/Steven I. Frahm
Of Counsel

Counsel for Defendant